1  John J. Nelson (SBN 317598)
   **MILBERG COLEMAN BRYSON**
2  **PHILLIPS GROSSMAN, PLLC**
   401 W Broadway, Suite 1760
3  San Diego, California 92101
   Tel.: (858) 209-6941
4  jnelson@milberg.com

5

6  *Attorneys for Plaintiff Prutsman*

7
                        **UNITED STATES DISTRICT COURT**
8                       **NOTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  JOHN PRUTSMAN, on behalf of himself and on behalf of all others similarly situated, | Case No.: 3:23-cv-01131 |
| 10 | **PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |
| 11  Plaintiff, v. | |
| 12  NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC., | |
| 13 | |
| 14  Defendant. | **CLASS ACTION** |

16  Plaintiff John Prutsman, individually and on behalf of all others similarly situated, by and

17  through his undersigned counsel, hereby moves pursuant to Local Rule 3-12 for a determination

18  that the Court relate *Sunny Lai v. Nonstop Administration and Insurance Services, Inc.,* Case No.

19  3:23-cv-01323-LB (N.D. Cal., filed March 21, 2023) ("*Lai*") to the first filed action, *John*

20  *Prutsman v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-01131 (N.D.

21  Cal., filed March 14, 2023) ("*Prutsman*").

22  **I.   BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS**

23  Local Rule 3-12(a) states that an action is related to another when:

24  (1)   The actions concern substantially the same parties, property, transaction, or event; and

25
26  (2)   It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

27
28

---
-1-
PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED

Both criteria are met here. First, the *Prutsman,* and *Lai* actions concern substantially the same parties, transaction, or event:

1. Plaintiffs in both *Prutsman* and *Lai* assert claims against a common Defendant, Nonstop Administration and Insurance Services, Inc. ("Defendant").

2. Plaintiffs in both *Prutsman* and *Lai* allege that they are victims of a data security breach first detected by Defendant on or about December 22, 2022 and which lead to the compromise of their protected health information ("PHI") and personally identifiable information ("PII"). Plaintiffs each bring claims based on allegations regarding this data security breach (compare *Prutsman*, ECF No. 1 ¶¶ 2-4 ("*Prutsman* Compl.") with *Lai*, ECF No. 1 ¶¶ 1-3 ("*Lai* Compl.")).

3. The actions seek to hold Defendant liable for the security incident, based on allegations concerning Defendant's data security practices with respect to Plaintiffs' PHI/PII. (compare *Prutsman* Compl., ¶¶ 4, 9 with *Lai* Compl., ¶¶ 6-9).

4. The actions also seek the same or overlapping relief. (compare *Prutsman* Compl., pp. 21-29 with *Lai* Compl., pp. 20-29).

5. The putative classes in each case also overlap: Plaintiffs both seek to represent a nationwide class of persons whose data was allegedly compromised as a result of Defendant's failure to maintain adequate data security. (compare *Prutsman* Compl., ECF No. 1 ¶ 82 with *Lai* Compl., pp. 20-29 ("*Lai* Compl.")).[1]

Cases are routinely related in similar circumstances pursuant to this Court's local rules. *See, e.g., Power Integrations, Inc. v. Chan-Woong Park*, No. 16-CV-02366-BLF, 2019 WL 119969, at *1 (N.D. Cal. Jan. 7, 2019) (relating cases involving the same parties and overlapping UCL claims); *Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *1–2 (N.D. Cal. Aug. 22, 2019) (relating cases with overlapping claims and parties).

---

[1] Plaintiff Lai also seeks to represent a subclass of California residents. (*See Lai* Compl. ¶ 29).

Second, due to their similarity, if not treated as related, the cases are likely to require substantial duplication of effort and expense and present a potential danger of inconsistent rulings regarding the same issues of law.

Relating the *Prutsman* and *Lai* cases will allow a single judicial officer to more efficiently guide all actions towards resolution. Otherwise, the parties and Court would expend resources engaging in parallel and overlapping adjudication of the same issues. Because these actions are connected, the ultimate outcome in each matter will affect all parties. A single judge presiding over the actions will not only avoid duplication of both labor and expense but will also maximize the potential for the cases to be resolved expeditiously.

As stated above, pursuant to Civil Local Rule 3-12, the Court should relate *Lai* to the lowest-numbered case, *Prutsman*.

## II.  LOCAL RULE 7-11 COMPLIANCE

Pursuant to Local Rule 7-11, counsel for *Prutsman* has obtained a stipulation to this administrative motion from counsel for *Lai* and Defendant has not yet made an appearance in either matter.

DATED: March 29, 2023                         Respectfully Submitted,

*/s/ John J. Nelson*
John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
401 W Broadway, Suite 1760
San Diego, California 92101
Tel.: (858) 209-6941
jnelson@milberg.com

*Attorney for Plaintiff Prutsman and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ John J. Nelson*
John J. Nelson, Esq