**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORRINE WARREN, SUNNY LAI, and DAVID KLEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC., inclusive,<br><br>Defendant.<br><br>vs.<br><br>JOHN DOE and CONOR BRIANFITZPATRICK, a/k/a "Pompompurin"<br><br>Third-Party Defendants | Case No. 3:23-cv-01131-RFL<br><br>**CLASS ACTION**<br><br>**PROPOSED STIPULATED PROTECTIVE ORDER** |

1. <u>A. PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality and Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Confidentiality and Protective Order

1

does not entitle them to file confidential information under seal; Civil L.R.79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.  GOOD CAUSE STATEMENT

This action is likely to involve valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. One or both parties anticipate asserting that such confidential and proprietary materials and information consist of, among other things, (a) trade secrets; (b) proprietary business information of a competitively sensitive nature; (c) information about data security systems that could reasonably lead to circumvention or misuse; (d) information implicating an individual's legitimate expectation of privacy under applicable law, including personal financial information or information otherwise protected under Privacy Rules; or (e), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decision, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a confidentiality and protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith believe that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.  DEFINITIONS

2.1   Action:  this pending suit, *John Prutsman, et al v. Nonstop Administration and Insurance Services, et al,* Case No. 3:23-cv-01131-RFL (N.D. Cal.).

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that quality for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     "HIGHLY CONFIDENTIAL" Information or Items:  CONFIDENTIAL, non-public information that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure should be further limited as set forth in Section 7.3 below in order to protect the privacy or confidentiality interests described above and/or to avoid significant commercial or competitive disadvantage to the Designating Party.

2.5     Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Disclosure of Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     In-House Counsel:  attorneys who are employees of a Party to this Action (or corporate parent or relevant affiliate) and who have responsibilities related to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulated Confidentiality and Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However,

the protections conferred by this Stipulated Confidentiality and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In addition, this Order shall not limit a Party or Non-Party's ability to use its own Protected Material for any purpose. Any use of Protected Material at trial shall be governed by a separate order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality designations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgement herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Confidentiality and Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. However, where it is administratively unfeasible or unduly burdensome to designate only portions of material, documents, items, or communications that contain confidential

information, a Designating Party may designate the entirety of a document or communication to facilitate production.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Confidentiality and Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter the "Confidential Legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the materials it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Confidentiality and Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in deposition, that the Designating Party identify, within thirty (30) days after receipt of the final transcript, any portion of such deposition, involving protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(d) for testimony or argument given in pretrial or other proceedings, that the Designating Party request, on the record, that the Court permit a motion to seal the courtroom for portions of the proceeding, and that the Designating Party further identify, within thirty (30) days after receipt of the final transcript, the portion(s) of such hearing or other proceeding involving protected testimony.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     General Principles.  A party may object to an opposing party's designation of certain information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice to the Designating Party. The written notice must identify the information to which the objection is made. The parties will attempt first to resolve such dispute in good faith and on an informal basis.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules of the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Stipulated Confidentiality and Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Confidentiality and Protective Order.

    7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b) where the Receiving Party is Defendant, the officers, directors, and employees (including, but not limited to, In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) where the Receiving Party is Plaintiff, Plaintiff himself after signing the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Stipulated Confidentiality and Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reports and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided the witness and attorney for the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. For avoidance of doubt, no material designated as "CONFIDENTIAL" may be shown to any witness on the basis of this subparagraph 7.2(h) who is not an employee of a party to this Action unless either (i) the witness and his or her attorney have signed Exhibit A, and such disclosure is reasonably necessary; or (ii) the Designating Party agrees. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Confidentiality and Protective Order.

(i) in preparation for their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary and who sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(j) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.</u>  All references herein to subparagraphs refers to the subparagraphs in Section 7.2. HIGHLY CONFIDENTIAL information shall be subject to the same restrictions as CONFIDENTIAL information, except that HIGHLY CONFIDENTIAL information may not, absent agreement in writing by the Designating Party or as ordered by the Court, be disclosed to any persons in subparagraph (h) and (i), or to any person in subparagraph (d) if they have within the twelve (12) months prior to the disclosure worked for (as an employee or consultant/contractor) any real estate company whom Defendant has, solely for purposes of this Action, represented are competitors of Defendant. Notwithstanding the foregoing, any disclosure of HIGHLY CONFIDENTIAL information to persons in subparagraph (b) or subparagraph (c) may only occur in the presence of Outside Counsel, whether in person or remotely via video conference or otherwise, and such persons shall not be permitted to retain a copy of documents containing such HIGHLY CONFIDENTIAL information.

7.4    Without limiting Section 12.1 in any manner, either party may, at any time, seek modification of the provisions relating to the scope of disclosures under Sections 7.2 and 7.3 if warranted by the then existing circumstances relating to discovery. Any request for modification shall be preceded by meet and confer between the Parties. The request for modification shall not require changed circumstances, shall be considered on its own merits based on the Court's determination of the appropriateness of the proposed provisions, and the fact that the Parties originally stipulated to any provision that a Party now seeks to modify shall not be used as an independent basis for denying the request.

A.    In the event that a Party seeks a modification that would limit disclosure, the Designating Party shall, as part of meet and confer in connection with such request, provide the relevant Protected Material to the Receiving Party's Outside Counsel of Record with notification of the intent to modify Sections 7.2 and/or 7.3.

B. In the event that a party seeks modification that would expand the persons to whom a document may be disclosed, such party shall, as part of meet and confer in connection with such request, identify examples of the relevant Protected Material to the other party with notification of the intent to modify Sections 7.2 and/or 7.3. Notwithstanding the commencement of such meet and confer, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on a requested modification or approves a stipulated modification. After commencing meet and confer, a party may without prejudice elect not to submit the request to the Court at that time.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Confidentiality and Protective Order. Such notification shall include a copy of this Stipulated Confidentiality and Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issues, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear

11

the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Stipulated Confidentiality and Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Confidentiality and Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Confidentiality and Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is

subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality and Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Confidentiality and Protective Order, and (d) request such person(s) to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(b) Nothing in this Stipulated Confidentiality and Protective Order shall be construed to limit a Party's right to disclose to any person or use its own information or documents including its own Protected Material for any purpose.

12. MISCELLANEOUS

12.1   Right To Further Relief. Nothing in this Stipulated Confidentiality and Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right To Assert Other Objections.</u> By stipulating to the entry of this Stipulated Confidentiality and Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Confidentiality and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Right To Extend Deadlines.</u> Nothing in this Stipulated Confidentiality and Protective Order prevents the Parties from modifying the deadlines contained herein as needed to avoid unnecessary motions or disputes or for other reasons to promote efficient litigation of the Action provided the modification is in writing between the parties and does not affect the Court's schedule.

12.4  <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil L.R.79-5 Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Where the filing party is not the Designating Party, the Designating Party shall have three Court days to supplement any application as deemed necessary and appropriate by providing a supplemental declaration consistent with Local Rule 79-5. In such an application, the filing party is not the Designating Party will fulfill his/its obligations under the Rules by stating in the declaration for good cause that the document/information in question has been designated as CONFIDENTIAL by the opposing party and that this Stipulated Confidentiality and Protective Order allows the Designating Party fourteen (14) days to supplement the application to establish good cause. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.  <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the

Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Confidentiality and Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 12, 2024   /s/ Scott E. Cole
Scott E. Cole
Cole & Van Note
55 12th Street, Suite 2100
Oakland, California  94607
Phone: 510-891-9800
sec@colevannote.com

 /s/ Gary Klinger
Gary Klinger (*pro hac vice*)
Milberg Coleman Bryson Phillips Grossman PLLCR
221 W Monroe Street, Suite 2100
Chicago, Il  60606
Phone: 866-252-0878
gklinger@milberg.com
*Attorneys for Plaintiffs*

DATED:  January 12, 2024   /s/ Jill H. Fertel
Jill H. Fertel (*pro hac vice*)
Ernest F. Koschineg (*pro hac vice*)

15

|   |   |
|---|---|
| 1 | Antima Chakraborty (*pro hac vice*) |
| 2 | Cipriani & Werner PC |
|   | 450 Sentry Parkway, Suite 700 |
| 3 | Blue Bell, PA  19422 |
|   | Phone: 610-567-0700 |
| 4 | jfertel@c-wlaw.com |

Roger G. Perkins
Clark Hill LLP
600 W Broadway, Suite 600
San Diego, CA  92101
Phone 619-819-2432
rperkins@clarkhill.com
*Attorneys for Defendant*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**DATED:** _____                                   _____ **J.**