Scott Edward Cole, Esq. (S.B. #160744)
Laura Van Note Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  sec@colevannote.com
Email:  lvn@colevannote.com

Gary M. Klinger, Esq. (*Pro hac vice*)
John Nelson, Esq. (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
221 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email:  gklinger@milberg.com
Email:  jnelson@milberg.com

*Plaintiffs' Interim Co-Lead Class Counsel*

*Additional Counsel Listed on the Signature Page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORRINE WARREN, SUNNY LAI, and DAVID KLEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC., inclusive,<br><br>Defendant.<br><br>vs.<br><br>JOHN DOE | Case No. 3:23-cv-01131-RFL<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Judge Hon. Rita Lin** |

| | |
|---|---|
| 1 | and CONOR BRIANFITZPATRICK, : |
|   | a/k/a "Pompompurin" : |
| 2 | : |
| 3 | Third-Party Defendants : |
|   | : |
| 4 | _____ |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Northern District of California Civil Local Rule 16-9, Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Sunny Lai, Corinne Warren and David Klein (collectively, "Plaintiffs") and Defendant Nonstop Administration and Insurance Services, Inc. ("Defendant") jointly submit this Case Management Statement and discovery plan in advance of this Court issuing a new Case Management Order, per the new assignment to the Honorable Rita Lin. *Pro se* Third Party Defendant Conor Brian Fitzpatrick ("Third Party Defendant") was re-arrested on or about January 2, 2024 for violating the conditions of his supervised release. Accordingly, Third Party Defendant could not be consulted for purposes of this Joint Case Management Statement.

The Parties filed a Joint Case Management Statement on December 11, 2023 (ECF No. 67). On December 15, 2023 a Clerk's Notice was issued setting a Case Management Conference for January 24, 2024, and directing the Parties to file a Joint Case Management Statement that includes "(1) a joint proposed schedule through class certification, with the hearing on the class certification motion in December 2024; (2) a discovery cutoff; and (3) a proposed form of ADR and deadline for completing ADR" (ECF No. 69). The Parties submit this Joint Case Management Statement in conformity with the Clerk's Notice re-setting the Case Management Conference. Per the discussion of counsel, the Parties respectfully request the Court instate the joint scheduling deadlines articulated in the Joint Case Management Statement filed on December 11, 2023 (ECF No. 67).

### I. JURISDICTION AND SERVICE

**JOINT POSITION**

The Parties contend that jurisdiction is proper under 28 U.S.C. §1332(d) and 28 U.S.C. § 1367. The Parties also contend that the Court's exercise of personal jurisdiction over Defendant is proper, as Defendant maintains its principal place of business within this District. Supplemental

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367. Venue is proper in this Court under 28 U.S.C. § 1391 and Local Rule 3-2(c). No issues exist regarding personal jurisdiction or venue. By Order of Court, Plaintiffs filed a Consolidated Class Action Complaint ("CAC") on May 25, 2023.

## II.   FACTS

### PLAINTIFFS' POSITION

Defendant Nonstop is a privately held employee health insurance and benefits broker and as a necessary part of its regular business activities, Defendant collects and maintains sensitive consumer information, including personally identifiable information ("PII") and protected health information ("PHI"). On December 22, 2022, Defendant learned that a third party had accessed the network in which it stored the PII and PHI of consumers nationwide and exfiltrated the data stored within (the "Data Breach"). The information compromised in the Data Breach included names, dates of birth, physical and email addresses, telephone numbers, Social Security numbers, medical treatment/diagnosis information and health insurance providers, and claims and billing information (the "Private Information"). Following the Data Breach, a hacking forum reported that 45,532 lines of data stolen from Defendant were posted online by cybercriminals to demonstrate they had successfully exfiltrated data from Defendant's network. Plaintiffs were among the individuals whose data was accessed in the Data Breach. Plaintiffs began receiving notice of the Data Breach beginning in February and March of 2023.

Plaintiffs allege that Defendant was aware of the threat of cyberattacks designed to gain access to personal information, yet it failed to properly implement and maintain adequate data security policies and procedures. Plaintiffs further allege that, Defendant had a duty under common law and state and federal statutes to implement reasonable safeguards but failed to adhere to that duty, and that Defendant failed to promptly and adequately notice Plaintiffs and Class Members of the Data Breach. Plaintiffs allege that as a result of the Data Breach, they experienced fraudulent transactions, attempts by cybercriminals to open accounts using their information, drops in their credit score, lost time mitigating the consequences of the Data Breach, their Private Information being published on the dark web, and a corresponding invasion of their privacy and property rights.

**DEFENDANT'S POSITION**

On December 22, 2022, Nonstop Administration and Insurance Services ("Nonstop") received an anonymous email from a threat actor. The unknown actor claimed that he had gained access to Nonstop's information systems and stolen an unspecified amount of data. Nonstop immediately launched an investigation with the assistance of counsel and independent digital forensic specialists. Nonstop's investigation of the breach and subsequent review of data was completed on January 30, 2023. On February 3, 2023, Nonstop announced the breach on its website. On the same date, Nonstop notified all relevant employer groups of the breach. Individual consumers were notified on February 15, 2023.

At the time of the breach, Nonstop had comprehensive security policies and procedures. All sensitive information was encrypted at rest and subject to endpoint detection and response with full audit logs. Nonstop also participated in annual audits; the most recent of which occurred in June of 2022. The audit made recommendations for improvements, the only recommendation of which possibly relates to Nonstop is more frequent rotation of keys. Nonstop was in the process of implementing all recommendations at the time of the breach. Since the occurrence of the breach, Nonstop has further enhanced its security. Nonstop has retired its previous NSE production environment. Nonstop has rotated its database, cloud services, and access keys and forced password resets for internal Google access. Nonstop has implemented active security monitoring across all relevant accounts and networks. Nonstop has further created a new NSE administrative environment in a separate AWS account and implemented a Web Application Firewall on said environment and limited access exclusively to its corporate VPN; this VPN may only be accessed on company-owned machines. Nonstop uses new frameworks for securing application secrets and is rewriting applications to use password-less frameworks for database access. Moreover, Nonstop is refactoring document storage to preserve encryption at rest as well as during transport.

**III.   LEGAL ISSUES**

**PLAINTIFFS' POSITION**

Plaintiffs believe the key legal issues include:

- Whether Defendant had a legal duty to Plaintiffs and the Class to exercise due care in collecting, storing, using and/or safeguarding their PHI/PII;
- Whether Defendant knew or should have known of the susceptibility of its data security systems to a data breach;
- Whether Defendant's security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;
- Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;
- Whether Defendant failed to comply with its own policies, applicable laws regulations, and industry standards relating to data security;
- Whether Defendant adequately, promptly and accurately informed Plaintiffs and Class Members that their PHI/PII had been compromised;
- How and when Defendant actually learned of the Data Breach;
- Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PHI/PII of Plaintiffs and Class Members;
- Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur; and
- Whether Defendant engaged in unfair, unlawful or deceptive practices by failing to safeguard the PHI/PII of Plaintiffs and Class Members.

**DEFENDANT'S POSITION**

Nonstop denies any and all allegations in the CAC, as at all relevant times, Nonstop had reasonable security measures in place and was a victim of a criminal act by a threat actor, who is awaiting sentencing for his actions. Defendant Conor Brian Fitzpatrick has been joined as a Defendant in this matter on November 22, 2023. Service was successfully effectuated on his on November 23, 2023.

At all times, to the extent that Nonstop owed any statutory, contractual, or common law duties to Plaintiffs, Nonstop acted in accordance with all such duties. At the time of the purported

1   breach, Nonstop employed reasonable security policies, procedures, and controls in accordance
2   with industry standards. Plaintiffs will further be unable to prove any discernible damages
3   proximately caused by any act or omission of Nonstop. Finally, the security policies and controls
4   put in place at Nonstop subsequent to the subject incident are far above and beyond industry
5   standards and common practices.
6      **Each Party reserves the right to supplement this list**.
7   IV.  MOTIONS
8      On March 29, 2023, Plaintiffs John Prutsman and Sonny Lai filed an Administrative
9   Motion to Consider Whether Cases Should Be Related and stipulated to relate *John Prutsman v.*
10  *Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-01131 (filed March 13,
11  2023) ("*Prutsman*") and *Sunny Lai v. Nonstop Administration and Insurance Services, Inc.*, Case
12  No. 3:23-cv-01323-LB (filed March 21, 2023) ("*Lai*"). Plaintiffs Prutsman and Lai also jointly
13  moved the Court for an Order consolidating the cases and appointing as interim lead counsel Gary
14  M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and Scott Edward Cole of Cole
15  & Van Note. ECF No. 11. On May 4, 2023, the Court granted the motion to consolidate and
16  appointed lead counsel and ordered *Lai* and *Warren* consolidated into *Prutsman*, the first filed
17  case. ECF Nos. 25-26.
18     On May 9, 2023, the Parties stipulated that Plaintiffs would file a Consolidated and
19  Amended Complaint no later than May 25, 2023 and Defendant would file any response thereto
20  on or before June 15, 2023. ECF No. 27. The Parties further agreed that, if warranted, Plaintiffs
21  would respond in opposition by July 20, 2023, and oral argument would be heard on July 27, 2023.
22  ECF No. 27. Plaintiffs filed their Consolidated and Amended Complaint on May 25, 2023 and
23  Defendant filed its Motion to Dismiss the Complaint on June 15, 2023. ECF Nos. 38-39. Plaintiffs
24  responded with their Opposition filed on July 6, 2023. ECF No. 41
25     On July 7, 2023, Defendant filed a Notice of Removal for *Nicholson v. Nonstop*
26  *Administration and Insurance Services*. ECF. 42. Additionally, Defendant filed its Reply in
27  Support of the Motion to Dismiss on July 13, 2023. ECF. 43
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  As discussed below, the parties will meet and confer about electronically stored
2  information ("ESI"), including the appropriate scope of preservation for ESI, and will submit a
3  stipulation on the subject.

**PLAINTIFFS' POSITION**

Plaintiff anticipates filing a Motion for Class Certification after the completion of necessary fact and expert discovery.

**DEFENDANT'S POSITION**

Defendant anticipates filing a Motion for Summary Judgment after the completion of necessary fact and expert discovery. Defendant anticipates filing a *Daubert* Motion in the anticipation that Plaintiffs will proffer an expert or experts. Nonstop further anticipates that it will oppose Plaintiffs' Motion for Class Certification.

**V.   AMENDMENT OF PLEADINGS**

Defendant reserves the right to add additional parties as additional defendants, should investigation and discovery reveal new information.

**VI.   EVIDENCE PRESERVATION**

The Parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and, as set forth below, have met and conferred on the issue, understand their obligations regarding preservation of evidence and are complying with them. The Parties have retained relevant documents and evidence in their possession, custody or control, including, *inter alia*, documentary evidence. The Parties have been further advised to instruct any third-party vendors, consultants and/or representatives to preserve evidence. The Parties will continue to meet and confer about production of ESI to the extent necessary.

**VII.  DISCLOSURES**

The Parties have exchanged Initial Disclosures.

**VIII. DISCOVERY**

Plaintiffs served Nonstop with Interrogatories and Request for Production of Documents. Defendant Nonstop timely responded and produced discovery responses. Defendant Nonstop intends to serve all putative Plaintiffs with Interrogatories and Request for Production of

Documents. The Parties intend to continue to engage in discovery, upon execution of a Protective Order, and upon approval of said Protective Order by this Court.

**PLAINTIFFS' POSITION**

Plaintiffs believe that a longer discovery phase than that contemplated by the Court's Standing Order for Civil Cases is warranted here as data breach cases involve intensive expert investigation and iterative discovery efforts. Plaintiffs anticipate that the scope of discovery will include (i) the nature and scope of the Data Breach, (ii) efforts to prevent or contain the Data Breach or similar cyber intrusions, (iii) how the Data Breach occurred, (iv) persons and entities who could have prevented the Data Breach and Defendant's data security practices and training regimen, (v) the investigation of and response to the Data Breach, (vi) the victims of the Data Breach and (vii) the distribution of Data Breach victims' Private Information on the dark web and other criminal marketplaces.

**DEFENDANT'S POSITION**

Discovery has commenced. Defendant requests a longer discovery phase than that contemplated by the Court's Standing Order for Civil Cases is warranted here as data breach cases involve intensive expert investigation and iterative discovery efforts. Defendant anticipates that the scope of discovery will include (i) the nature and scope of the Data Breach, (ii) efforts to prevent or contain the Data Breach or similar cyber intrusions, (iii) how the Data Breach occurred, (iv) Defendant's reasonable data security practices and training regimen, (v) the investigation of and response to the Data Breach, (vi) the victims of the Data Breach, including any and all purported damages alleged, including, but not limited to steps taken to monitor personal information, medical history and records of anxiety and stress before and subsequently cause by the breach and (vii) expert reports and depositions as to negligence, causation, and damages.

At this time, the Parties believe the default discovery limitations under the Federal Rules of Civil Procedure suffice but reserve the right to request additional discovery as needed.

The Parties will meet and confer over the form of a proposed stipulated protective order and proposed stipulated ESI protocol. The Parties do not anticipate any disputed issues involving ESI but will meet and confer should the production of electronic data, or the method of such

production, become issues. Parties agree to meet and confer about rolling discovery of ESI, over the course of discovery.

## IX. CLASS ACTIONS

### PLAINTIFFS' POSITION

Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a nationwide class of similarly situated individuals. Plaintiffs also seek to represent state subclasses on behalf of residents of Alaska, California, Colorado and New York. Plaintiffs intend to seek class certification after the completion of necessary fact and expert discovery.

### DEFENDANT'S POSITION

Nonstop intends to oppose class certification at the appropriate time. The Parties have proposed a schedule for briefing class certification below in Section 16.

The Parties have reviewed and are familiar with this District's Procedural Guidance for Class Action Settlements.

## X. RELATED CASES

None at this time.

## XI. RELIEF

### PLAINTIFFS' POSITION

Plaintiffs, on behalf of themselves and the Class and Subclasses, seek declaratory and injunctive relief to protect the Private Information that remains in the hands of Defendant following the Data Breach, statutory damages under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, *et. seq.*; Alaska Personal Information Protection Act, Alaska Stat. §§ 45.48.010, *et seq*; Alaska Consumer Protection Act, Alaska Stat. §§ 45.50.471, *et seq*; Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.*; and New York General Business Law, N.Y. Gen. Bus. Law §§ 349, *et seq.*, and damages flowing from Defendant's alleged negligence, breach of implied contract, breach of fiduciary duty, and invasion of privacy. The precise calculation of damages is subject to expert testimony and investigation.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**DEFENDANT'S POSITION**

Defendant believes that Plaintiffs will be unable to prove statutory damages under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, *et. seq.*; Alaska Personal Information Protection Act, Alaska Stat. §§ 45.48.010, *et seq*; Alaska Consumer Protection Act, Alaska Stat. §§ 45.50.471, *et seq*; Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.*; and New York General Business Law, N.Y. Gen. Bus. Law §§ 349, *et seq.*, and damages. Further, Defendant acted reasonably at all times, and thus, Plaintiff will be unable to prove negligence. Plaintiffs did not suffer any damages. Plaintiffs cannot show any breach of contract or fiduciary duty, as Defendant was never a fiduciary. Finally, Plaintiffs will be unable to show any intentional act on the part of Defendant. A Joinder Complaint has been filed against the threat actor responsible for the criminal act. Nonstop was a victim of Conor Brian Fitzpatrick.

**XII.   SETTLEMENT AND ADR**

The Parties will meet and confer in compliance with Civil Local Rule 16-8 and ADR Local Rule 3-5. In the event the Parties agree that ADR is appropriate, the Parties will select private ADR and promptly inform the Court. The Parties shall complete private mediation and file a report thereof no later than May 31, 2024.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties did not consent to referral to a magistrate for all purposes.

**XIV.   OTHER REFERENCES**

At this time, the Parties do not believe the case to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   NARROWING OF ISSUES**

At this time, the Parties have not identified any issues that can be narrowed by agreement or motion but remain open to meeting and conferring regarding the potential narrowing of issues once this case proceeds beyond the pleading stage.

**XVI.   EXPEDITED TRIAL PROCEDURE**

At this time, the Parties do not believe the case is suitable for expedited trial.

## XVII. SCHEDULING

**JOINT POSITION**

| Event | Proposed Deadline |
|---|---|
| Deadline to amend/add parties | February 20, 2024 |
| Class Primary Expert Disclosures | February 12, 2024 |
| Class Rebuttal Expert Disclosures | April 1, 2024 |
| Last day to complete ADR and file report thereof | May 31, 2024 |
| Last day to file class *Daubert* motions | July 24, 2024 |
| Last day to file Motion for Class Certification | September 1, 2024 |
| Opposition to Motion for Class Certification | November 1, 2024 |
| Reply in Support of Motion for Class Certification | December 1, 2024 |
| Hearing on Motion for Class Certification | December 19, 2024 |
| Simultaneous Merits Expert Disclosures | February 7, 2025 |
| Discovery cutoff | March 28, 2025 |
| Last day to hear file Motions for Summary Judgment and Merits *Daubert* Motions | May 15, 2025 |
| Last day to file Oppositions to Dispositive and Merits *Daubert* motions | June 16, 2025 |
| Last day to file replies to Dispositive and Merits *Daubert* motions | August 8, 2025 |
| Final Pretrial Conference | September 11, 2025 |
| Trial | September 22, 2025 |

## XVIII. TRIAL

**JOINT POSITION**

The Parties request trial by jury. At this time, the Parties anticipate approximately ten days of trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties will file a "Certification of Interested Entities or Persons" prior to the case management conference, reporting no such interested parties other than those named.

**XX. PROFESSIONAL CONDUCT**

All attorneys of record are familiar with the District's Guidelines for Professional Conduct.

**XXI. OTHER**

The Parties respectfully request the Court instate the joint scheduling deadlines articulated in the Joint Case Management Statement filed on December 11, 2023 (ECF No. 67).

Dated: January 17, 2024        **COLE & VAN NOTE**

By: *s/ Scott Edward Cole*
Scott Edward Cole, Esq.

Dated: January 17, 2024        **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: *s/ John Nelson*
John Nelson, Esq.

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated: January 17, 2024        **CIPRIANI & WERNER PC**

By: *s/ Jill H. Fertel*
Jill H. Fertel, Esq.

*Counsel for Defendant*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*Additional Counsel for Plaintiffs and Putative Class*

| | |
|---|---|
| M. Anderson Berry (SBN 262879) | Brittany Resch (*Pro Hac Vice*) |
| Gregory Haroutunian (SBN 330263) | Raina Challeen Borrelli (*Pro Hac Vice*) |
| **CLAYEO C. ARNOLD,** | **TURKE & STRAUSS LLP** |
| **A PROFESSIONALCORP** | 613 Williamson Street, Suite 201 |
| 865 Howe Avenue | Madison, WI 53703 |
| Sacramento, CA 95825 | Telephone: (608) 237-1775 |
| Telephone: (916) 239-4778 | Facsimile: (608) 509-4423 |
| Facsimile: (916) 924-1829 | Email: brittanyr@turkestrauss.com |
| Email: aberry@justice4you.com | Email: raina@turkestrauss.com |
| Email: gharoutunian@justice4you.com | |

Terence R. Coates
(*Pro Hac Vice* Forthcoming)
Dylan J. Gould (*Pro Hac Vice* Forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax:    (513) 665-0219
Email: tcoates@msdlegal.com
Email: dgould@msdlegal.com

**ATTESTATION**

I, Scott Edward Cole, hereby attest, pursuant to N.D. Cal. Civil Local Rule 5-1(h)(3), that concurrence to the filing of this document has been obtained from each signatory.

*s/ Scott Edward Cole*
Scott Edward Cole, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF and on counsel in the related cases to their respective emails per the below service list.

*s/ Scott Edward Cole*
Scott Edward Cole, Esq.