# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Corrine Warren, Sunny Lai, and David Klein ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant Nonstop Administration and Insurance Services, Inc. ("Defendant" or "Nonstop") (collectively, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement"), subject to Court approval. As detailed below, this Settlement Agreement releases and forever discharges and bars all claims asserted (or that could have been asserted) in the class action lawsuit captioned, *Prutsman et al. v. Nonstop Administration and Insurance Services, Inc.*, No. 3:23-cv-011131-RFL, currently pending in the United States District Court for the Northern District of California and any related actions.

## I.   RECITALS

**WHEREAS**, on May 25, 2023, Plaintiffs filed their consolidated and amended putative class action Complaint for damages, injunctive, and equitable relief against Nonstop in the United States District Court for the Northern District of California, asserting causes of action for (1) Negligence, (2) Breach of Implied Contract, (3) Breach of Fiduciary Duty, (4) Declaratory Judgement, (5) violation of the Alaska Consumer Protection Act, Alaska Stat. §§ 45.50.471, *et seq*., (6) violation of the Alaska Personal Information Protection Act, Alaska Stat. §§ 45.48.010, *et seq*., (7) Invasion of Privacy, (8) violation of the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, *et. seq*. ("CCPA"), (9) violation of the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56, *et seq*. (10) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.; (11) violation of the California Customer Records Act ("CCRA"), Cal. Civ. Code § 1798.80, *et seq.*, (12) violation of the Colorado Security Breach Notification Act, Colo. Rev. Stat. § 6-1-716, *et seq*., (13) violation of the Colorado Consumer Protection Act,  Colo. Rev. Stat. § 6-1-101, *et seq*., (14) violation of the New York Information Security Breach and Notification Act, N.Y. Gen. Bus. Law § 899-aa, and (15) violation of New York General Business Law,  N.Y. Gen. Bus. Law § 349, *et seq*.;

1.   **WHEREAS,** the Parties participated in a mediation on June 6, 2024 on the causes of action (1) Violation of the California Consumer Protection Act; (2) <u>Violation of the Confidentiality of Medical Information Act; (3) Violation of the California Customer Records Act; (4) Breach of Implied Contract; (5) Negligence; and (6) Declaratory Judgment, the remaining counts having been dismissed upon a Motion to Dismiss.</u> ;

**WHEREAS**, in the consolidated amened class action Complaint (the "Complaint"), Class Representatives seek to certify the following classes affected by the Data Breach:

**Nationwide Class:**
"All individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022."

**Alaska Subclass:**

"All individuals within the State of Alaska whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022."

**California Subclass:**
"All individuals within the State of California whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022."

**Colorado Subclass:**
"All individuals within the State of Colorado whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022."

**New York Subclass:**
"All individuals within the State of New York whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022."

**WHEREAS**, Nonstop denies liability, and Plaintiffs and Nonstop recognize the outcome of the Action and the claims asserted in the Complaint are uncertain, and that pursuing the Action to judgment would entail substantial cost, risk, and delay;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Action and participated in a mediation with Bennett G. Picker of Stradley Ronon, concerning the issues raised by Plaintiffs in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS**, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Class Representatives and the Classes;

**WHEREAS**, Class Representatives, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action, (b) engaged in investigation of the claims asserted in the Action, including informal discovery obtained by Class Representatives in connection with the Action and prior to execution of this Agreement, and (c) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Nonstop likely would assert;

**WHEREAS**, Plaintiffs' counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Action, and believe that it is in Class Representatives' interest, and the interest of all Class Members, to resolve this Action, and any and all claims against Nonstop arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, Nonstop does not believe Class Representatives' claims are meritorious and has denied and continues to deny any and all claims alleged by Class Representatives, and has denied and continues to deny that it is legally responsible or liable to Class Representatives or any member of the Classes for any of the matters and/or claims asserted in this Action, but has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential

claims of Class Representatives and all members of the Classes relating to claims which were or could have been asserted by Class Representatives and the Classes in this Action relating to the alleged practices and Data Breach at issue;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties, including a formal mediation presided over by a well-regarded third-party neutral, and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court-approval process, as set forth herein;

**WHEREAS**, the undersigned Parties believe this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate, and in the best interest of Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Class Representatives, individually and on behalf of the Classes, and Nonstop;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II.   DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.       "Action" means the case lawsuit captioned *Prutsman et al. v. Nonstop Administration and Insurance Services, Inc.*, No. 3:23-cv-011131-RFL, currently pending in the United States District Court for the Northern District of California and any related actions.

2.       "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, *et seq*. ("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and also served upon the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid by Defendant from the Settlement Fund.

3.       "Class" and "Settlement Class" means the Nationwide Class of all individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

4.      "Class Counsel" means Scott E. Cole of Cole & Van Note and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC.

5.      "Claims Administration" means the processing of payments to Settlement Class Members by the Settlement Administrator.

6.      "Claim Deadline" means ninety (90) days from the Class Notice Date, or a date otherwise ordered by the Court.

7.       "Claim Form" means the form a Settlement Class Member must submit to submit a claim under this Agreement, substantially similar to **Exhibit A**.

8.      "Class Members" and "Settlement Class Members" mean members of the "Class" and "Settlement Class" as set forth in Paragraph 2 above.

9.      "Class Notice" means the Court-approved forms of Notice to the Class posted on the Settlement Website substantially similar to **Exhibit B** hereto, containing both a "Postcard Notice" and a "Long Notice", informing the Classes of, among other things, (i) the preliminary approval of the Settlement, (ii) the scheduling of the Final Approval Hearing, (iii) the Settlement benefits available to Final Settlement Class Members, and (iv) their opportunity to participate in, object to or exclude themselves from the Settlement.

10.      "Class Notice Date" means thirty (30) calendar days after the Court's entry of the Preliminary Approval Order.

11.      "Class Representatives" or "Plaintiffs" means John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Corrine Warren, Sunny Lai, and David Klein

12.      "Court" the United States District Court for the Northern District of California and the Honorable Rita F. Lin or such other judge to whom the Action may hereafter be assigned.

13.      "Data Breach" means the data incident first discovered by Defendant on or about December 22, 2022, and announced by Defendant on about February 15, 2023.

14.      "Defendant's Counsel" means Jill H. Fertel of Cipriani & Werner.

15.      Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement in the Action shall become effective and final, and occurs when the Final Approval Order, as defined in Paragraph 18 below, has been entered and all times to appeal therefrom have expired with (1) no appeal or other review proceeding having been commenced; or (2) an appeal or other review proceeding having been commenced, and such appeal or other review having been concluded such that it is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been resolved in a manner that affirms the Final Judgment in all material respects. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Incentive Awards.  Further, the Effective Date shall not be altered in the event that an appeal is filed with

the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Incentive Award.

16.    "Final Approval Hearing" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and at which the Court may or may not consider and finally decide approving payment of any Service Award and Plaintiffs' Counsel's Fees and Expenses.

17.    "Final Approval Order" means the Final Approval Order and separate Judgment of the Court that approves this Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement.

18.    "Final Settlement Class" refers to all members of the Settlement Classes who do not timely and validly exclude themselves from the Class in compliance with the exclusion procedures set forth in this Agreement.

19.    "Final Settlement Class Member" refers to a member of the Final Settlement Class.

20.    "Nonstop" means Nonstop Administration and Insurance Services, Inc., a named defendant in the Action.

21.    "Objection Date" means sixty (60) days from the Class Notice Date, or a date otherwise ordered by the Court, for members of the Classes to object to the Settlement Agreement's terms or Plaintiffs' Counsel's Fees and Expenses, and to submit any required statements, proof or other materials and/or argument.

22.    "Parties" means Plaintiffs and Defendant.

23.    "Plaintiffs' Counsel's Fees and Expenses" means an amount not to exceed one third of the gross settlement amount, or one hundred and fifty thousand dollars ($533,333.33), for attorneys' fees, plus Plaintiffs' counsel's reasonable litigation costs, to be paid from the Settlement Fund, subject to approval of the Court.

24.    "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement.

1.1.    "Released Claims" means shall collectively mean any and all claims and causes of action including, without limitation, any causes of action under or relying on California or other state law; Federal law; the Health Insurance Portability and Accountability Act; the Federal Trade Commission Act; California Unfair Competition Law; California Consumer Privacy Act; California Confidentiality of Medical Information Act; California Customer Records Act; Colorado Security Breach Notification Act; Alaska Personal Information Protection Act; New York Information Security Breach and Notification Act; Alaska Consumer Protection Act; Colorado Consumer Protection Act; New York General Business Law 349; negligence; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy/intrusion upon seclusion; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for

damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Incident and alleged compromise of personally identifiable information, protected health information, or other personal information or the allegations, facts, or circumstances described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class

25.     "Released Parties" means Nonstop, and its parents, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates and related entities and all of its respective past and present directors, officers, employees, partners, principals, agents, attorneys, insurers, reinsurers, assigns and related or affiliated entities.

26.     "Request for Exclusion" means a timely and valid request by any Class Member for exclusion from the Settlement. To the extent any Class Member delivers both a timely and valid Claim Form to the Settlement Administrator and a timely and valid request for exclusion, the request for exclusion will be deemed to be invalid and the Claim Form will be processed.

27.     "Request for Exclusion Deadline" means sixty (60) days from the Class Notice Date, or a date otherwise ordered by the Court, for Class Members to request exclusion from the Settlement.

28.     "Service Award" means the amount to be paid to the Class Representatives to compensate them for the time and effort spent pursuing the Action on behalf of the Classes, subject to approval of the Court, and which shall not exceed an amount of two thousand five hundred dollars ($2,500) to each Class Representative. The Service Award shall be paid from the Settlement Fund.

29.     "Settlement" and "Settlement Agreement" mean the agreement by the Parties to resolve this Action, the terms of which have been memorialized herein.

30.     "Settlement Administrator" means Kroll, a company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, or, if Kroll is not approved by the Court, such other company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation that is jointly agreed upon by the Settling Parties and approved by the Court.

31.     "Settlement Website" means the website to be established by the Settlement Administrator that will inform members of the Settlement Class of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, and shall include in .pdf format and available for download the following: (1) the Class Notice, (2) the Claim Form, (3) the Preliminary Approval Order, (4) this Settlement Agreement, (5) the Complaint, and (6) any other

materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically.

## III.   REQUIRED EVENTS

32.    Class Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order. Class Counsel shall prepare and file all documents in connection with the Motion for Preliminary Approval and the Motion for Final Approval. Defendant's Counsel shall not oppose the Motion for Preliminary Approval and the Motion for Final Approval.

33.    In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

34.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated here.

## IV.   SETTLEMENT TERMS

35.    <u>Cash Payment:</u> Nonstop agrees to pay Plaintiffs and the Classes one million six hundred thousand dollars ($1,600,000). The cash payment of one million six hundred thousand dollars ($1,600,000) will be referred to as the "Settlement Fund." No later than 30 calendar days after entry of the Preliminary Approval Order, and upon the receipt of sufficient payment information from the Settlement Administrator, Defendant will advance to the Settlement Administrator the estimated cost of preparing and transmitting the Notice to Class Members and all CAFA notices. The balance of the amount required by Defendant to be paid to the Settlement Administrator in connection with the Final Approval Order will be due within thirty (30) days of the Effective Date. The Settlement Administrator shall establish a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the payment of the balance of the Settlement Fund. Under no circumstances will Nonstop have any further monetary payment obligation other than the payment of the Settlement Fund. There will be no reversion of the Settlement Fund to Nonstop.

36.    <u>Payments from Settlement Fund:</u> The costs of settlement administration, including notice and distributions to members of the Final Settlement Class, the costs of administrating the Settlement Fund, and reasonable fees of the Settlement Administrator, Plaintiffs' Counsel's Fees and Expenses and Class Representatives' Service Awards shall be paid exclusively from the Settlement Fund. There will be no reversion of the Settlement Fund to Nonstop.

37.     <u>Service Awards to the Class Representatives:</u> Class Counsel will move the Court for a Service Award payment from the Settlement Fund for the Class Representatives, in an amount not to exceed two thousand five hundred dollars ($2,500) for each Class Representative, in recognition of the risks taken by them as the Class Representatives in commencing the Action, both financial and otherwise. Defendant will not oppose Class Counsel's request for Service Award payments from the Settlement Fund in these amounts. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund the Service Awards to the Class Representatives in the manner directed by Class Counsel within 30 after the Effective Date.

38.     <u>Payment of Plaintiffs' Attorneys' Fees and Costs:</u> Not less than fourteen (14) days prior to the Opt-Out and Objections deadlines, Class Counsel will move the Court for an award of Plaintiffs' Counsel's attorneys' fees to be paid from the Settlement Fund in an amount not to exceed one third of the total Settlement Fund, ($533,333.33), plus reasonable litigation costs and expenses. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs and expenses awarded by the Court among Plaintiffs' counsel. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any Plaintiffs' Counsel's Fees and Expenses in the amounts awarded by the Court within ten (10) business days after the Effective Date.  Payment will be made as directed by Class Counsel.

39.     <u>Payment of Valid Claims to Class Members:</u> Each member of the Final Settlement Class who submits a timely and valid Claim Form shall be paid from the Settlement Fund in the manner outlined in the Claims Administration section below. As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Out-of-Pocket Losses, (2) alternative cash payments, and (3) California Statutory Claim Payments. Claims for Out-of-Pocket Losses will be paid first.  Alternative Cash Payments be paid last and will be increased or decreased *pro rata* to consume the remaining amount of the Settlement Fund after payment for notice and administration costs, service award payments approved by the Court, and attorney' fees and expenses awarded by the Court.

40.      <u>CAFA Notice:</u> Within ten (10) days of the filing of the Motion for Preliminary Approval, Nonstop shall provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

## V.     **CLAIMS PROCESS**

41.     Members of the Final Settlement Class will be required to submit a Claim Form to receive a distribution payment from the Settlement Fund. Each Final Settlement Class Member is limited to the submission of one Claim Form and in no event shall a Final Settlement Class Member receive more than distribution. The Settlement Administrator will issue Settlement distributions only to Final Settlement Class Members who submit timely and valid Claim Forms. To be entitled to receive a distribution under this Agreement, Class Members must properly complete a Claim Form and timely deliver it to the Settlement Administrator within ninety (90) days from the Class Notice Date. The delivery date for submission of a Claim Form is deemed to be the date (a) the form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. Mail, or (b) in the case of submission electronically through the Settlement Website, the date the Settlement Administrator receives the form, as evidenced by the transmission

receipt. Any Class Member who fails to submit a valid and timely Claim Form will not receive any payment under this Agreement.

42. All Settlement Class Members may make claims under the Settlement Fund as set forth below:

### A. **Reimbursement for Out-of-Pocket Losses**

All Settlement Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5000) per individual. Defendant will pay valid and timely submitted claims for the following:

> "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Class Member in response to the Data Breach that were incurred between December 22, 2022 and the Claims Deadline, as result of the Data Breach. Ordinary Out-of-Pocket Losses may include, but are not limited to: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.

> Settlement Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) documentation supporting their claim, or (3) an attestation and a brief description of out-of-pocket expenses and how they were incurred. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation

Settlement Class Members seeking out-of-pocket expense reimbursement must complete and submit either a written or online claim form to the Claims Administrator, postmarked or electronically submitted on or before the Claims Deadline. The claim form must be verified by the Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Data Breach.

### B. **Alternative Cash Payments.**

Settlement Class Members may claim a pro rata cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid claim form. However, the amount of this alternative cash payment shall be pro rata increased or decreased based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the Costs of Settlement

Administration, CAFA Notice, claims for Out-of-Pocket Losses, and California Statutory Claim Payments.

## C.   **California Statutory Claim Payments.**

Settlement Class Members who were residents of California from December 22, 2022 to the end of the claims period ("California Settlement Class Members") can submit a claim for payment of $100 for their statutory claims under the California Consumer Privacy Act ("California Statutory Payment"). The California Statutory Payment is an additional settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Out-of-Pocket Losses or the Alternative *Pro Rata* Cash Payment, and is subject to a *pro rata* decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Administration and Notice Costs, CAFA Notice, and claims for Reimbursement of Out-of-Pocket Losses.

## D.  **Business Practices Changes**.

Plaintiffs have received assurances that Defendant either have undertaken or will undertake certain reasonable steps to further secure its systems and environments and Defendant will prepare a confidential declaration detailing the same. None of the past or future costs associated with the development and implementation of these enhanced security procedures has been or will be paid by Plaintiffs and no portion of the Settlement Fund is to be used for this purpose.

43.     The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with bi-weekly reports informing them of any and all Claim Forms received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must file a Declaration reporting on the mailing of the Class Notice and identifying the number of Claim Forms, Requests for Exclusion and objections received no later than sixteen (16) court days prior to the Final Approval Hearing.

44.     <u>Disbursement of Settlement Payments and Checks</u>: Within thirty (30) days of the Effective Date, the Settlement Administrator will disburse payments (either by electronic payment or check) for approved Claims to each Final Settlement Class Member who submits a timely and valid Claim Form. For any check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator will make reasonable efforts to find a valid address, including skip tracing, and will resend any returned Settlement check within thirty (30) days after the Settlement check is returned to the Settlement Administrator as undeliverable.

45.     <u>Failure to Cash Settlement Checks</u>: Absent a demonstration of reasonable circumstances for excuse, any Settlement check not cashed within one-hundred twenty (120) days of issuance (based on the date of the check) will be deemed expired. Any member of the Final Settlement Class who does not cash their Settlement check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue their Settlement check, and the Settlement Administrator will issue a

new check. Members of the Final Settlement Class are entitled to only one petition on this basis, and any Settlement check reissued for such reasonable circumstances will expire within thirty (30) days of issuance (based on the date of the check). Final Settlement Class Members who do not timely cash their Settlement checks and who fail to petition for a reissuance of the uncashed Settlement check will be considered as having waived any right to a cash payment under the Settlement Agreement but will still be able to obtain other benefits provided by the Settlement. In no event will a Final Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization.

46.     Payment of Uncashed Checks to a Cy Pres Organization (if necessary): The total amount of uncashed Settlement checks will be paid to a charitable organization to be agreed upon by Nonstop and Class Counsel and approved by the Court.

## VI.     SETTLEMENT ADMINISTRATION

47.     Engagement of Settlement Administrator: Promptly upon entry of the Preliminary Approval Order the Parties shall engage ADMIN as the Settlement Administrator, which shall be paid reasonable fees, exclusively from the Settlement Fund.

48.     Class Member Information:   No later than ten (10) days after entry of the Preliminary Approval Order, Nonstop shall provide the Settlement Administrator with Settlement Class Member information necessary for the Settlement Administrator to mail the Postcard Notice to Settlement Class Members.

49.     Duties of Settlement Administrator: In addition to other duties as set forth in this Agreement, the Settlement Administrator shall be solely responsible for the following:

     i.     Preparing, printing, and disseminating the Postcard Notice to Class Members;

     ii.     Preparing, printing, and disseminating all CAFA notices as required by law and in accordance with this agreement;

     iii.     No later than the Class Notice Date, sending by First Class Mail the Postcard Notice to all known Class Members. The Parties agree to use their best efforts and to work cooperatively to obtain the best practicable Class Member contact information prior to the date of mailing of the first Postcard Notice. For those Postcard Notices that are returned as undeliverable with a forwarding address, the Settlement Administrator will forward the Postcard Notice to the new address.  For those Postcard Notices that are returned as undeliverable with no forwarding address, the Settlement Administrator will run a skip trace in an attempt to obtain a current address and re-mail Postcard Notices to any current addresses it locates;

     iv.     From the date of mailing of the first Postcard Notice, and thereafter for six (6) months after the Effective Date, maintaining (i) the Settlement Website, and (ii) a toll-free number with recorded answers to commonly asked settlement

questions, the ability to leave a message and request a call back, and reference to the Settlement Website;

v.  Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

vi.  Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

vii.  Keeping track of objections, including maintaining the original mailing envelope in which each objection was mailed;

viii.  Keeping track of all other communications from Class Members, including maintaining the original mailing envelope in which any communication was mailed;

ix.  Maintaining adequate records of its activities, including the dates of each mailing of Class Notices, returned mail and other communications, and attempted written or electronic communications with Class Members;

x.  Promptly furnishing to counsel for the Parties (i) copies of any Requests for Exclusion, (ii) copies of any objections, and (iii) all other written or electronic communications received from Class Members;

xi.  Determining whether Requests for Exclusion comply with the terms of this Agreement and are timely and valid and effective to exclude the submitting Class Member from the Classes;

xii.  Determining whether Claim Forms comply with the terms of this Agreement and are timely and valid;

xiii.  Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Class Member. Rejections shall set forth the reasons for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Agreement;

xiv.  Promptly preparing and distributing notices of deficiencies to the submitting Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Agreement;

xv.  Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) court days before the Final Approval Hearing, a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections;

xvi.  Establishing a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the Settlement Fund payment, ensuring that all taxes associated with the administration of the Settlement Fund are timely paid

to the appropriate tax authorities and all tax filings are timely filed, which taxes shall be paid from the Settlement Fund;

xvii. Determining the payment to each member of the Final Settlement Class who submits a valid and timely claim in accordance with this Agreement;

xviii. Preparing a list of Final Settlement Class Members;

xix. No later than thirty (30) days after the Effective Date, distributing payments to each Final Settlement Class Member who submitted a timely and valid Claim Form by sending an electronic payment or check by First Class Mail to each such member in the amount of his or her approved claim;

xx. No later than ten (10) days after the Effective Date, distributing any Service Award approved by the Court in the amount of the award approved by the Court to their attorneys of record;

xxi. No later than ten (10) days after the Effective Date, preparing and distributing, in accordance with this Agreement and the Final Approval Order, Plaintiff's counsel's reasonable attorneys' fees and costs as directed by Class Counsel; and

xxii. Confirming in writing its completion of the administration of the Settlement.

50.     <u>Costs of Settlement Administration</u>: All expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Postcard Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the benefits of the Settlement Agreement, and the Settlement Administrator's reasonable fees shall be paid to the Settlement Administrator from the Settlement Fund, subject to the approval of the Court.

## VII.     <u>REQUESTS FOR EXCLUSION BY CLASS MEMBERS</u>

51.     Any Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) days after the Class Notice Date or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (i) state the Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Final Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

52.     Any Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

53.     The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a biweekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel with a declaration identifying all Class Members who

requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) court days prior to the Final Approval Hearing. Class Counsel will file with the Court and serve Nonstop with the declaration along with their motion for final approval of the Settlement.

54.     No party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiffs or Defendant will be deemed a breach of this Settlement Agreement.

## VIII.   OBJECTION TO SETTLEMENT BY CLASS MEMBERS

55.     Any Class Member may make an objection to the proposed Settlement by mailing a letter to the Court at the address set forth in the Class Notice. Any objection to be considered valid must be mailed and postmarked no later than the Objection Date, i.e., sixty (60) days from the Class Notice Date. Any Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

56.     To state a valid objection to the Settlement, an objecting Class Member must mail a letter to the Court setting forth all of the following information in writing: (i) the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *Prutsman et al. v. Nonstop Administration and Insurance Services, Inc.*, No. 3:23-cv-011131-RFL, currently pending in the United States District Court for the Northern District of California, (iii) documentation sufficient to establish membership in one of the Classes, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), (v) copies of any other documents that the objector wishes to submit in support of his/her position, (vi) whether the objecting Class Member intends to appear at the Final Approval Hearing, and (v) whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

57.     Notwithstanding the above Paragraph 57, upon a showing of good cause to the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

58.     The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members. The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Class Notice, by no later than the Objection Date.

59.     Class Counsel will defend the Court's Final Approval Order and any related orders in the event of an appeal.

## IX.     RELEASE OF CLAIMS

60.     Plaintiffs and Class Members who fail to timely make a Request for Exclusion from the Settlement release Defendant and Released Parties from any and all claims or causes of action which the Plaintiffs or any Class Member has against Defendant or the Released Parties as well as any and all claims, causes of action, damages, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect for any acts that were pled or could have been pled in the Action based on the facts, subject matter, or the factual or legal allegations in the Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law ("Released Claims").

61.     Upon the Effective Date, Plaintiffs and each of all the Settlement Class Members, and Plaintiff's Counsel shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Nonstop of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Class Members who submit a timely and valid Request for Exclusion from the Settlement.

62.     This Settlement Agreement does not affect the rights of Class Members who submit a timely and valid Request for Exclusion from the Settlement.

63.     Upon issuance of the Final Approval Order (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the provisions hereof, (ii) Defendant and Released Parties shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Action except as set forth herein, and (iii) Class Members shall be permanently barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and Released Parties.

## X.     REPRESENTATIONS, WARRANTIES, AND COVENANTS

64.     Class Counsel represents and warrants that they have the authority, on behalf of Plaintiffs, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

65.     Nonstop, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Nonstop of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by Nonstop. This Settlement Agreement has been duly and validly executed and delivered by Nonstop and constitutes its legal, valid and binding obligation.

## XI.     MISCELLANEOUS PROVISIONS

66.     This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by Nonstop with respect to any alleged

wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Nonstop specifically denies all of the allegations made in connection with the Action. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Nonstop, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that if for any reason this Settlement is not approved by the Court, Nonstop may continue to contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction.

67.     This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

68.     The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

69.     Capitalized words, terms and phrases are used as defined in Section II, above.

70.     This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

71.     This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

72.     Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

73.     The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

74.     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter

such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, and allowing for discovery related to objectors, if any.

75.    The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

76.    This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

77.    The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

78.    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

79.    Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

80.    All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:                          For Nonstop:

Scott E. Cole                               Jill H. Fertel
**Cole & Van Note**                         **Cipriani & Werner, P.C.**
555 12th Street, Suite 2100                 450 Sentry Parkway, Suite 200

Oakland, CA 94607
Telephone: 510-891-9800
Email: sec@colevannote.com

Blue Bell, PA 19422
Telephone: 610-567-0700
Email: jfertel@c-wlaw.com

Gary M. Klinger
**Milberg Coleman Bryson Phillips Grossman PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

**[SIGNATURES ON FOLLOWING PAGES]**

IN WITNESS WHEREOF, Plaintiffs and Nonstop, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:_____        _____
                             John Prutsman
                             Plaintiff

Dated: 8/27/2024             _____
                             ID ZNmRh7oot4qMLacPJ3nmR19k
                             Amira Martz
                             Plaintiff

Dated: 9/11/2024             *Simcha Ringel*
                             ID YrsJPrEJu9WLfPwbu2ASCa8i
                             Simcha Ringel
                             Plaintiff

Dated: 9/11/2024             _____
                             ID LQxnBiRFuiP7x8krJNg6ucRZ
                             Naiomi Marden
                             Plaintiff

Dated: 8/29/2024             *Alana Balagot*
                             ID L94zxumCggRoPQj4WG17NqN7
                             Alana Balagot
                             Plaintiff

Dated:_____        _____
                             Corinne Warren
                             Plaintiff

Dated: 8/27/2024             *Sunny Lai*
                             ID HjntdyTQD5djT1GYa9LJ5YL7
                             Sunny Lai
                             Plaintiff

Dated:_____        _____
                             David Klein
                             Plaintiff

Dated:_____        _____
                             Scott E. Cole, Esq.
                             Cole & Van Note
                             Attorney for Plaintiffs

Dated:_____        _____
                             Gary M. Klinger, Esq.
                             Milberg Coleman Bryson Phillips Grossman PLLC
                             Attorney for Plaintiffs

IN WITNESS WHEREOF, Plaintiffs and Nonstop, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: 8/26/2024

_____
John Prutsman (Aug 26, 2024 21:54 PDT)
John Prutsman
Plaintiff

Dated:_____

_____
Amira Martz
Plaintiff

Dated:_____

_____
Simcha Ringel
Plaintiff

Dated:_____

_____
Naiomi Marden
Plaintiff

Dated:_____

_____
Alana Balagot
Plaintiff

Dated:_____

_____
Corinne Warren
Plaintiff

Dated:_____

_____
Sunny Lai
Plaintiff

Dated: 8/26/2024

_____
David Klein (Aug 26, 2024 15:54 EDT)
David Klein
Plaintiff

Dated:_____

_____
Scott E. Cole, Esq.
Cole & Van Note
Attorney for Plaintiffs

Dated: 8/27/2024

_____
Gary M. Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
Attorney for Plaintiffs

IN WITNESS WHEREOF, Plaintiffs and Nonstop, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.


Dated:_____        _____
                                    John Prutsman
                                    Plaintiff


Dated:_____        _____
                                    Amira Martz
                                    Plaintiff


Dated:_____        _____
                                    Simcha Ringel
                                    Plaintiff


Dated:_____        _____
                                    Naiomi Marden
                                    Plaintiff


Dated:_____        _____
                                    Alana Balagot
                                    Plaintiff


Dated: 08 / 30 / 2024              _____
                                    Corinne Warren
                                    Plaintiff


Dated:_____        _____
                                    Sunny Lai
                                    Plaintiff


Dated:_____        _____
                                    David Klein
                                    Plaintiff


Dated:_____        _____
                                    Scott E. Cole, Esq.
                                    Cole & Van Note
                                    Attorney for Plaintiffs


Dated:_____        _____
                                    Gary M. Klinger, Esq.
                                    Milberg Coleman Bryson Phillips Grossman PLLC
                                    Attorney for Plaintiffs

IN WITNESS WHEREOF, Plaintiffs and Nonstop, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:_____          _____
                               John Prutsman
                               Plaintiff

Dated:_____          _____
                               Amira Martz
                               Plaintiff

Dated:_____          _____
                               Simcha Ringel
                               Plaintiff

Dated:_____          _____
                               Naiomi Marden
                               Plaintiff

Dated:_____          _____
                               Alana Balagot
                               Plaintiff

Dated:_____          _____
                               Corinne Warren
                               Plaintiff

Dated:_____          _____
                               Sunny Lai
                               Plaintiff

Dated:_____          _____
                               David Klein
                               Plaintiff

Dated: 8/26/24                 _____
                               Scott E. Cole, Esq.
                               Cole & Van Note
                               Attorney for Plaintiffs

Dated:_____          _____
                               Gary M. Klinger, Esq.
                               Milberg Coleman Bryson Phillips Grossman PLLC
                               Attorney for Plaintiffs

Dated: _____  8/21/2024

David Sloves

Name: _____
David Sloves President

As the Duly Authorized Corporate Representative of
Defendant Nonstop Administration and Insurance Services,
Inc.

Dated: _____  8/22/2024

Jill Fertel

_____
Jill H. Fertel, Esq
Cipriani & Werner
Attorneys for Defendant Nonstop Administration and
Insurance Services, Inc.

# **EXHIBIT A**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must
be submitted
online or
postmarked by:**
<mark>**<<Claim
Deadline>>**</mark>

</td><td>

**CLAIM FORM FOR NONSTOP DATA BREACH**

*Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*
Case No.: 3:23-cv-011131-RFL
United States District Court for the Northern District of California

</td><td>

**NONSTOP-
C**

</td></tr>
</table>

## USE THIS FORM **ONLY IF YOU ARE CLASS MEMBER**

## **GENERAL INSTRUCTIONS**

If you received Class Notice of this Settlement, the Settlement Administrator identified you as a Class Member who may have been involved in the Data Breach and were notified by Nonstop Administration and Insurance Services, Inc. in February ~~315~~, 2023 that they suffered a data incident. You may submit a claim for Settlement compensation, outlined below.

Please refer to the Class Notice posted on the Settlement Website <mark>www.xxxxxxxxxxxxxxxxxxxx.com</mark>, for more information on submitting a Claim Form and information on the aggregate cap on claims.

**To receive Out-of-Pocket Losses benefits from this Settlement, you must submit the Claim Form below
electronically at <mark>www.xxxxxxxxxxxxxxxxxx.com</mark> by <mark><<Claim Deadline>>.</mark>**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Settlement Administrator - XXXXXX
*c/o* Kroll Settlement Administration LLC
PO Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

**You may submit a claim for the following benefits:**

Reimbursement Claims:

1) **Compensation for Out-of-Pocket Losses:** All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5,000) per individual, as result of the Data Breach.

   OR

2) **Alternative Cash Payment:** Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form. However, the amount of this alternative cash payment shall be *pro rata* (increased or decreased) based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the Costs of Settlement Administration, CAFA Notice, and claims for Out-of-Pocket Losses.

   AND

3) **California Statutory Payments:** Class Members who were residents of California from December 22, 2022 to the end of the claims period can submit a claim for a California Statutory Payment of $100 for their statutory claims in addition to either reimbursement of claims. The California Statutory Payment is an additional settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Out-of-Pocket Losses or the Alternative *Pro Rata* Cash Payment, and is subject to a *pro rata* decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, any Service Award, costs of Settlement administration, CAFA Notice, and claims for Reimbursement of Out-of-Pocket Losses.

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

Questions? Go to www.xxxxxxxxxxxxxxxxx.comor call (XXX) XXX-XXXX.

\*00000\*                          \*CF\*                          \*Page 1 of 4\*

XXXXX                                CF                              Page 1 of 4

## I. PAYMENT SELECTION

If you would like to elect to receive your cash compensation through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____          _____

**First Name**                                              **Last Name**

_____

**Address 1**

_____

**Address 2**

_____   \_\_\_ \_\_\_   \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_

**City**                                                    **State**        **Zip Code**

**Email Address (optional):** _____@_____.com

**Telephone Number: (** \_\_\_\_ \_\_\_\_ \_\_\_\_ **)** \_\_\_\_ \_\_\_\_ \_\_\_\_ **-** \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

## III.  PROOF OF DATA BREACH SETTLEMENT CLASS MEMBERSHIP

☐      Check this box to certify that you are an individual who may have been involved in the Data Breach and were notified that their PHI/PII may have been impacted as a result of the Data Breach.

Enter the Class Member ID Number provided on your postcard Class Notice:

**Class Member ID : 0 0 0 0 0**  \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

Questions? Go to www.xxxxxxxxxxxxxxxxxxxxxxxx.comor call (XXX) XXX-XXXX.

\*00000\*                          \*CF\*                          \*Page 2 of 4\*

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0 0

## IV.  COMPENSATION FOR OUT-OF-POCKET LOSSES

All Class Members are also eligible to recover compensation for up to $5,000 per person for Out-of-Pocket Losses incurred as a result of the Data Breach, including:

(i)     *Out-of-pocket expenses incurred* as a direct result of the Data Breach, including but not limited to unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach, and that are reasonably described and supported by an attestation under penalty of perjury.

(ii)     .

Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Class Member's name and current address, (2) documentation supporting their claim, or (3) an attestation and a brief description of Out-of-Pocket Losses and how they were incurred.

This payment can be in addition to the California Statutory Payment.

**You must have unreimbursed Out-of-Pocket Losses incurred as a result of the Data Breach and submit documentation to obtain this reimbursement.**

☐     I have attached documentation showing that the claimed losses were more likely than not caused by the Data Breach.

"Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |

**Questions? Go to www.xxxxxxxxxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.**

## IV. ALTERNATIVE CASH PAYMENT

By checking the below box, I choose an estimated $50 *pro rata* alternative cash payment.

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

☐    Yes, I choose a *pro rata* alternative cash payment estimated to be $50. You may also submit a claim for California Statutory Payment below, if you are an individual within the State of California whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022.

## IV. CALIFORNIA STATUTORY PAYMENT

By checking the below box, I choose an estimated $100 *pro rata* Cash Fund Payment. Please confirm you had a residential address in California between December 22, 2022 and March 2023 below.

☐    Yes, I choose a California Statutory Payment estimated to be $100. I affirm that I am an individual within the State of California whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022. You may also submit a claim for Out-of-Pocket Losses OR the alternative cash payment above.

_____

**Address 1**

_____

**Address 2**

_____   ___ ___   ___ ___ ___ ___ ___

**City**                                                        **State**             **Zip Code**

## VI.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____   ____ ____ / ____ ____ / ____ ____ ____ ____

Signature                                                              Date

_____

Print Name

**Questions? Go to <span style="background-color: yellow">www.xxxxxxxxxxxxxxxxxxxxxx.com</span> or call (XXX) XXX-XXXX.**

# **EXHIBIT B**

## <u>CLASS NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT</u>

**If Nonstop Administration and Insurance Services, Inc. ("Nonstop") Notified You Of A Data Breach, You May Be Eligible For Benefits From A Class Action Settlement.**

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A Court authorized this Class Notice.*

- This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting 555 12th Street, Suite 2100 Oakland, California 94607 (Cole & Van Note) or 227 W Monroe Street, Suite 2100 Chicago, Illinois 60606 (Milberg Coleman Bryson Phillips Grossman, PLLC), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, [insert appropriate Court location here], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

- A proposed $1,600,000 Settlement has been reached in a class action lawsuit known as *Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.,* Case No. 3:23-cv-011131-RFL, ("Action"), filed in the United States District Court for the Northern District of California.

- This Action alleges that on or about December 22, 2022, Nonstop suffered a Data Breach and was announced by Nonstop on about February 3, 2023. Nonstop disagrees with Plaintiffs' claims and denies any wrongdoing.

- All Class Members can receive the following benefits from the Settlement: Class Members are eligible to recover compensation for (1) reimbursement for Out-of-Pocket Losses, (2) alternative cash payments, and (3) California Statutory Payments, if you are an individual within the state of California whose Protected Health Information/Personally Identifiable Information ("PHI/PII") was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.
  - Reimbursement Claim:
    - **Compensation for Out-of-Pocket Losses**: All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5,000) per individual. Defendant will pay valid and timely submitted claims for Out-of-Pocket Losses for unreimbursed costs or expenditures incurred by a Class Member in response to the Data Breach that were incurred between December 22, 2022, and the Claims Deadline, as result of the Data Breach. Ordinary Out-of-Pocket Losses may include, but are not limited to: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.
  - **Alternative Cash Payment**: Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form. However, the amount of this alternative cash payment shall be *pro rata* (increased or decreased) based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the costs of Settlement administration, CAFA Notice, claims for Out-of-Pocket Losses.
  - **California Statutory Claim Payments**: Class Members who were residents of California from December 22, 2022, to <<Claim Deadline>>, ("California Settlement Class Members") can submit a claim for a California Statutory Payment of $100 for their statutory claims under the California Consumer Privacy Act. The California Statutory Payment is an additional Settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Out-of-Pocket Losses or the alternative *pro rata* cash payment, and is subject to a *pro rata* decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, cost of Settlement administration, CAFA Notice, and claims for Reimbursement of Out-of-Pocket Losses.

- Included in this Settlement as a Class Member are:
  - The Nationwide Class of all individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.
  - Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of

initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

- Your legal rights are affected regardless of whether you do or do not act. Read this Class Notice carefully.

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | **You must submit a valid Claim Form to receive benefits from this Settlement.**<br><br>Claim Forms must be submitted online or mailed, postmarked no later than <<Claim Deadline>>. |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br><br>You give up your rights to sue and you will not get any cash compensation or reimbursement as a Class Member. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.**<br><br>This is the only option that allows you to keep your right to sue about the claims in this Action. You will not get any money from the Settlement.<br><br>Your Request for Exclusion must be postmarked no later than <<Request for Exclusion Deadline>>. |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be postmarked no later than <<Objection Date>>. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br><br>The Final Approval Hearing is scheduled for <<Final Approval Hearing>>, at <<Time>> a.m. PT. |

## WHAT THIS CLASS NOTICE CONTAINS

**Basic Information**.......................................................................................................... **Page 4**

    1.   How do I know if I am affected by the Action and Settlement?

    2.   What is this Action about?

    3.   Why is there a Settlement?

    4.   Why is this a class action?

    5.   How do I know if I am included in the Settlement?

**The Settlement Benefits**.............................................................................................**Pages 5**

    6.   What does this Settlement provide?

    7.   How to submit a Claim Form.

    8.   What am I giving up as part of the Settlement?

    9.   Will the Class Representatives receive compensation?

**Exclude Yourself**........................................................................................................**Pages 6**

    10.  How do I exclude myself from the Settlement?

    11.  If I do not exclude myself, can I sue later?

    12.  What happens if I do nothing at all?

**The Lawyers Representing You** ................................................................................. **Page 6**

    13.  Do I have a lawyer in the case?

    14.  How will the lawyers be paid?

**Objecting to the Settlement**...................................................................................... **Pages 6-7**

    15.  How do I tell the Court that I do not like the Settlement?

    16.  What is the difference between objecting and asking to be excluded?

**The Final Approval Hearing**.................................................................................... **Pages 7-8**

    17.  When and where will the Court decide whether to approve the Settlement?

    18.  Do I have to come to the hearing?

    19.  May I speak at the hearing?

**Get More Information** ................................................................................................. **Page 8**

    20.  How do I get more information about the Settlement

    21.  How do I update my contact information?

**BASIC INFORMATION**

### 1. How do I know if I am affected by the Action and Settlement?

You are a Class Member if you are an individual within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

The Class specifically excludes (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

This Class Notice explains the nature of the Action and claims being settled, your legal rights, and the benefits to the Class.

### 2. What is this Action about?

This case is known as *Prutsman et al. v. Nonstop Administration and Insurance Services, Inc.,* Case No. 3:23-cv-011131-RFL, filed in the United States District Court for the Northern District of California. The persons who sued are called the "Plaintiffs" or "Class Representatives" and the company they sued, Nonstop Administration and Insurance Services, Inc., is known as the "Defendant" or "Nonstop" in this case.

Plaintiffs filed a lawsuit against Nonstop individually, and on behalf of anyone whose PHI/PII was potentially impacted as a result of the Data Breach.

This Action alleges that that on or about December 22, 2022, Nonstop suffered a Data Breach that was announced on about February3, 2023.

Nonstop denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability.

### 3. Why is there a Settlement?

By agreeing to settle, the Parties' desire to settle the Action and all claims arising out of or related to the allegations or subject matter of the class action and Action on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Action. The Plaintiffs, Nonstop, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, in the best interests for Class Members. The Court did not decide in favor of the Plaintiffs or Nonstops. Full details about the proposed Settlement are found in the Settlement Agreement available at www.xxxxxxxxxxxxxx.com.

### 4. Why is this a class action?

In a class action, one or more people called a "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members."

### 5. How do I know if I am included in the Settlement?

You are included in the Class if you are an individual within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

If you are not sure whether you are included as a Class Member, or have any other questions about the Settlement, visit www.xxxxxxxxxxxxxxxx.com, call toll-free (XXX) XXX-XXXX, or write to [e.g., "Nonstop Data Breach"], c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

**THE SETTLEMENT BENEFITS**

### 6.   What does this Settlement provide?

The proposed Settlement will provide the following benefits to Class Members:

**Reimbursement Claim**

- **Compensation for Out-of-Pocket Losses:** All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5000) per individual. Defendant will pay valid and timely submitted claims for the following: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.

   Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) documentation supporting their claim, or (3) an attestation and a brief description of out-of-pocket expenses and how they were incurred. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation

   To receive reimbursement for Out-of-Pocket Losses you must complete and submit either a written or online Claim Form to the Settlement Administrator, postmarked or electronically submitted on or before the <<Claims Deadline>>. The Claim Form must be verified by the Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Data Breach.

- **Alternative Cash Payment:** All Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form. However, the amount of this alternative cash payment shall be *pro rata* (increased or decreased) based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the costs of Settlement administration, CAFA Notice, and claims for Out-of-Pocket Losses.
- **California Statutory Claim Payments:** Class Members who were residents of California from December 22, 2022, to <<Claims Deadline>> can submit a claim for a California Statutory Payment of $100 for their statutory claims under the California Consumer Privacy Act. The California Statutory Payment in addition to either reimbursement of claims for Out-of-Pocket Losses or the alternative cash payment, and is subject to a *pro rata* decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, any Service Award, cost of Settlement administration, CAFA Notice, and claims for reimbursement of Out-of-Pocket Losses.
- **Business Practices Changes:** Plaintiffs have received assurances that Defendant either have undertaken or will undertake certain reasonable steps to further secure its systems.

### 7.   How to submit a Claim Form

All Claim Forms will be reviewed by the Settlement Administrator for completeness and plausibility. You must file a Claim Form to get cash compensation or reimbursement from the Settlement Fund under the proposed Settlement. Claim Forms must be submitted online or postmarked no later than <<Claim Deadline>>. For more information, please visit www.xxxxxxxxxxxxxxxxxxxxxxx.com or you can call the Settlement Administrator at (XXX) XXX-XXXX for a Claim Form.

### 8.   What am I giving up as part of the Settlement?

If you stay in the Class, you will be eligible to receive benefits, but you will not be able to sue any Released Parties, meaning Nonstop, its parents, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates and related entities and all of its respective past and present directors, officers, employees, partners, principals, agents, attorneys, insurers, reinsurers, assigns and related or affiliated entities regarding the claims in this case.

The Settlement Agreement, which includes all provisions about Released Claims, releases, and Released Parties, is available at www.xxxxxxxxxxxxxxxxxxxxxxx.com.

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

## 9.   Will the Class Representatives receive compensation?

Yes. If approved by the Court, the Class Representatives will each receive a Service Award of up to $2,500, to compensate them for their services and efforts in bringing the Action. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.

### EXCLUDE YOURSELF

## 10. How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must "opt-out" by sending a timely written Request for Exclusion. Your Request for Exclusion must (i) state the Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class, and/or to waive all rights to the benefits of the Settlement.

Your written Request for Exclusion must be postmarked no later than **<<Request for Exclusion Deadline>>** to:

[e.g., Nonstop Data Breach]
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

If you exclude yourself, you will not be able to receive any cash benefit from the Settlement, and you cannot object to the Settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Action, and you will keep your right to sue Nonstop on your own for the claims that this Settlement resolves.

## 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties (listed in Question 8) for the claims this Settlement resolves.

## 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money or reimbursement from the Settlement, you will not be able to start or proceed with a lawsuit or be part of any other lawsuit against the Released Parties (listed in Question 8) about the settled claims in this case at any time.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed Scott E. Cole of Cole & Van Note and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC (called "Class Counsel") to represent the interests of all Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will apply to the Court for a Fee Award and Expenses not to exceed one third of the total Settlement Fund, ($533,333.33), plus reasonable litigation costs and expenses. A copy of Plaintiffs' Counsel's Fees and Expenses application and Service Award of $2,500 for each Class Representative will be posted on this Settlement Website, www.XXXXX.com, before the Final Approval Hearing. The Court will make the decision final as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

### OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file an objection with the Court and with the Settlement Administrator by <<Objection Date>> (the "Objection Date") stating why you do not think the Settlement should be approved.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

To be valid, each Objection must include:

(i)     the objector's full name, current address, current telephone number, and be personally signed;

*(ii)*    the case name and case number, *Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-011131-RFL, currently pending in the United States District Court for the Northern District of California;

(iii)   documentation sufficient to establish membership in one of the Classes, such as a copy of the Postcard Notice he or she received;

(iv)   a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s);

(v)    copies of any other documents that the objector wishes to submit in support of his/her position;

(vi)   whether the objecting Class Member intends to appear at the Final Approval Hearing, and;

(vii)  whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

Your objection must be filed with the Clerk of Court by **<<Objection Date>>** at the following address:

| CLERK OF THE COURT |
|---|
| <Court Address> |

If you do not submit your objection with all requirements, or if your objection is not received by <<Objection Date>>, you will be considered to have waived all objections and will not be entitled to speak at the Final Approval Hearing.

### 16. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE FINAL APPROVAL HEARING

### 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing on <<Final Approval Hearing Date>>, <<Time>> a.m. PT in Courtroom 15, of the Honorable Judge Rita F. Lin of the United States District Court for the Northern District of California <<Court

Address>>.  The hearing may be moved to a different date, time, or location without additional Class Notice, so it is recommended that you periodically check the Settlement Website for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the Plaintiff's Counsel's Fees and Expenses to Class Counsel and the request for a Service Award to the Class Representatives.

## 18. Do I have to come to the hearing?

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

## 19. May I speak at the hearing?

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. To request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the Settlement.

## GET MORE INFORMATION

## 20. How do I get more information about the Settlement?

This is only a summary of the proposed Settlement. If you want additional information about this Action, including a copy of the Settlement Agreement, the Complaint, Class Notice, Preliminary Approval Order, Claim Form and more, please visit the Settlement Website or call (XXX) XXX-XXXX.  You may also contact the Settlement Administrator at Nonstop Data Breach c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

## 21. How do I update my contact information?

To update your contact information call (XXX) XXX-XXXX or please visit the Settlement Website www.xxxxxxxxxxxxxxxx.com

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR ACTION TO THE CLERK OF THE COURT, THE JUDGE, NONSTOP, OR DEFENDANT'S COUNSEL**

## <u>CLASS NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*
Case No. 3:23-cv-011131-RFL
United States District Court for the Northern District of California

**PLEASE READ THIS NOTICE CAREFULLY AS YOUR LEGAL RIGHTS MAY BE AFFECTED. A CLASS ACTION SETTLEMENT HAS BEEN REACHED UNDER WHICH YOU MAY BE ENTITLED TO A PAYMENT OR OTHER RELIEF.**

*This is a Court-authorized Class Notice of a proposed class action Settlement. This is not a solicitation from a lawyer and is **not** notice of a lawsuit against you.*

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at 555 12th Street, Suite 2100 Oakland, California 94607 (Cole & Van Note) or 227 W Monroe Street, Suite 2100 Chicago, Illinois 60606 (Milberg Coleman Bryson Phillips Grossman, PLLC), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**What is this lawsuit about?** This is a Court-authorized Class Notice of a proposed Settlement in a class action lawsuit, *Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.,* Case No. 3:23-cv-011131-RFL ("Action"), pending in the United States District Court for the Northern District of California. The Settlement will resolve a lawsuit brought on behalf of persons who allege Nonstop Administration and Insurance Services, Inc. ("Defendants" or "Nonstop") committed negligence and other legal violations in connection with a December 22, 2022, Data Breach and was announced by Nonstop on about February 3, 2023. Nonstop denies these allegations, denies violations of any law, and denies all liability.

**Who is a Class Member?**

All individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

**What are the benefits?** The Settlement provides the following benefits:
- **Compensation for Out-of-Pocket Losses:** All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5000) per individual. Defendant will pay valid and timely submitted claims for the following: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach upon submission of an Approved Claim and supporting third-party documentation.

- **Alternative Cash Payment:** All Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form.
- **California Statutory Claim Payments:** Class Members who were residents of California from December 22, 2022, to <<Claim Deadline>> ("California Subclass Members") can submit a claim for a California Statutory Payment of $100 for their statutory claims under the California Consumer Privacy Act in addition to the reimbursement for Out-of-Pocket Losses and alternative cash payment.

**How to file a claim.** You must file a Claim Form by mail postmarked by [Claim Deadline], and mailed to the Settlement Administrator's address below, or online at www.website.com by [Claim Deadline] to receive compensation from the Settlement.

**What are my other rights?**

- **Do Nothing:** If you do nothing, you remain in the Settlement. You give your rights to sue but you will not get any compensation as a Class Member.
- **Exclude Yourself:** You can get out of the Settlement and keep your right to sue about the claims in this Action, but you will not get any compensation from the Settlement. You must submit a Request for Exclusion to the Settlement Administrator by <Request for Exclusion Deadline>.
- **Object:** You can stay in the Settlement but tell the Court why you think the Settlement should not be approved. Your written objection must be submitted by <Objection Date>. Detailed instructions on how to file a Claim Form, exclude yourself, or object can be found on the Class Notice found on the Settlement Website.
- **Attend a hearing:** The Court will hold the Final Approval Hearing on <Final Approval Hearing Date> at <Time> a.m. PT, to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider Plaintiff's Counsel's Fees and Expenses amount for attorneys' fees and costs not to exceed $5333,333.33 plus reasonable expenses, and request a Service Award of $2,500 for each Class Representative, and to consider whether and if it should be approved. You may attend the hearing, with your own attorney, at your own expense, but you do not have to.

**This is only a summary.** For additional information, including a copy of the Settlement Agreement and other documents, visit the Documents section of the Settlement Website or call (XXX) XXX-XXXX. You may also contact the Settlement Administrator to update your address or contact information at <Nonstop Data Breach>, c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.