UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRUTSMAN, et al., | Case No. 23-cv-01131-RFL |
| Plaintiffs, | |
| v. | **ORDER FOR SUPPLEMENTAL FILING FOR MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE OF QUESTIONS FOR HEARING** |
| NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC., | |
| Defendant. | Re: Dkt. No. 101 |

The Court has reviewed Plaintiffs' unopposed motion for preliminary approval of class action settlement. Plaintiffs are also ordered to file a declaration concerning the estimated range of settlement administration costs that are anticipated to be deducted from the Settlement Fund and the basis for that estimate. Also, plaintiffs are ordered to file a sealed declaration describing the changes to Defendants' systems that constitute the non-monetary benefits described in the preliminary approval motion. The Court finds good cause for this second declaration to be filed under seal to ensure the ongoing security of Defendant's systems. Both declarations shall be filed by **October 11, 2024**. The Court also requests that counsel be prepared to answer the following questions at the preliminary approval hearing:

1. Class counsel's declaration proposes a class notice plan that includes an email to every settlement class member for which Nonstop has a valid email address. (Dkt. No. 101-2.) However, the class administrator's declaration (Dkt. No. 101-3)

describes only notice via mail.  Will the class administrator indeed implement notice via email?

2.  Should the class notice be provided in any other languages?  For example, are there significant Nonstop customers that primarily employ workers who speak no English or limited English?

3.  The Settlement Agreement describes the data breach announcement as occurring on February 15, 2023 (Section II.13) but the notice describes it as occurring on February 3, 2023.  Is the notice correct?

4.  The Settlement Agreement and class notices describe the California Statutory Claim Payments as being available to "residents of California from December 22, 2022, to the end of the claims period."  Are the payments available to those who resided in California during any portion of that period, or only to those who resided in California during the entire period?  If the former, what is the legal basis for awarding the statutory claim payments to those who were not California citizens at the time the data breach occurred?  If the latter, what is the legal basis for excluding those who were California citizens at the time of the data breach but have since moved away?

5.  Do the parties have any comments or objections to the Court's proposed changes to the class notice and preliminary approval order as reflected in **Exhibits A-D** to this order?

**IT IS SO ORDERED.**

Dated: October 7, 2024

RITA F. LIN
United States District Judge

# EXHIBIT A

Scott Edward Cole, Esq. (S.B.# 160744)
Laura Van Note Esq. (S.B.# 310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:      (510) 891-9800
Facsimile:      (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
E: gklinger@milberg.com

*Interim Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA** ~~(OAKLAND)~~

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORINNE WARREN, SUNNY LAI, AND DAVID KLEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>VS.<br><br>NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC.; INCLUSIVE,<br><br>DEFENDANT.<br><br>This Document Relates To: All Actions | Case No. 3:23-CV-01131-RFL<br><br>Hon. Rita F. Lin<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court for consideration of whether the Settlement Agreement[1] reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Accordingly, good cause appearing in the record,

**IT IS HEREBY ORDERED THAT**:

<u>**Provisional Certification of The Settlement Class**</u>

(1)    This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Nonstop Administration and Insurance Services, Inc. ("Nonstop"), and any party to any agreement that is part of or related to the Settlement.

(2)    The Court provisionally certifies the following Settlement Class for purposes of settlement only:

> All individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022.

(3)    The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all Class Members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Class Members; that the Class Representatives will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as those defined in Section II of the Settlement Agreement and Release (the "Settlement Agreement").

1    issues; and that a class action is the superior means of adjudicating the controversy.

2         (4)    John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot,

3    Corrine Warren, Sunny Lai, and David Klein  are designated and appointed as the Settlement Class

4    Representatives.

5         (5)    Gary M. Klinger of Milberg Goleman Bryson Phillips Grossman, PLLC and Scott

6    E. Cole of Cole & Van Note, previously designated as Interim Co-Lead Class Counsel, are

7    designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds

8    that Mr. Klinger and Mr. Cole are experienced and will adequately protect the interests of the

9    Settlement Class.

10         **Preliminary Approval of the Proposed Settlement Agreement**

11         (6)    Upon preliminary review, the Court finds the proposed Settlement Agreement is

12    fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of

13    notice to the Settlement Class. Accordingly, the proposed Settlement Agreement is preliminarily

14    approved.

15                             **Final Approval Hearing**

16         (7)    A Final Approval Hearing shall take place before the Court on _____,

17    2024/2025, at __ a.m./p.m. in Courtroom 15 of the United States District Court for the Northern

18    District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, to determine,

19    among other things, whether: (a) the proposed Settlement Class should be finally certified for

20    settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement Agreement

21    should be finally approved as fair, reasonable and adequate and, in accordance with the

22    Settlement's terms, all claims in the Consolidated Complaint and Action should be dismissed with

23    prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement

24    Agreement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the

25    application of Class Counsel for an award of attorney's fees, costs, and expenses should be

26    approved; and (f) the application for Service Awards should be approved. Any other matters the

27    Court deems necessary and appropriate will also be addressed at the hearing. The hearing may be

28

1  re-scheduled without further notice to the Class.

2        (8)    Class Counsel shall submit their application for fees, costs, and expenses and the

3  application for Service Awards not less than fourteen (14) days prior to the Opt-Out and Objections

4  deadlines.

5        (9)    Any Settlement Class Member that has not timely and properly excluded

6  themselves from the Settlement Agreement in the manner described below, may appear at the Final

7  Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court,

8  regarding the proposed Settlement Agreement; provided, however, that no Settlement Class

9  Member that has elected to exclude themself from the Settlement Agreement shall be entitled to

10  object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard

11  in opposition to the Settlement Agreement unless the Settlement Class Member complies with the

12  requirements of this Order pertaining to objections, which are described below.

13  **Administration**

14        (10)    Kroll Settlement Administration LLC ("Kroll") is appointed as the Settlement

15  Administrator, with responsibility for reviewing, determining the validity of, and processing all

16  claims submitted by Settlement Class Members, and all other obligations of the Settlement

17  Administrator as set forth in the Settlement Agreement. All Administration and Notice Costs

18  incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in

19  the Settlement Agreement.

20  **Notice to the Class**

21        (11)    The Class Notice plan along with the Claim Form, Short Notice, and Long Notice

22  attached to the Settlement Agreement as Exhibits A and B satisfy the requirements of Federal Rule

23  of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these

24  exhibits may be made without further order of the Court. The Settlement Administrator is directed

25  to carry out the Notice Plan and to perform all other tasks that the Settlement Agreement requires.

26        (12)    The Court finds that the form, content, and method of giving notice to the

27  Settlement Class as described in the Class Notice plan, Short Notice, Long Notice, and Claim

28

Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

(13)   Any individual that wishes to be excluded from the Settlement must mail such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) days after the Class Notice Date or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (i) state the Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Final Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement if Final Approval is granted. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement Agreement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class, if Final Approval is granted.

(14)   All individuals who submit valid and timely requests for exclusion from the Settlement Agreement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement Agreement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

(15)   The Settlement Administrator shall provide the Parties with copies of all requests

1    for exclusion promptly upon receipt and a bi-weekly report which includes a summary of the

2    number of requests for exclusion in accordance with the terms of the Settlement Agreement and

3    herein. Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and

4    execute a declaration identifying each individual who timely and validly requested exclusion from

5    the Settlement Agreement.

6                           **Objections to the Settlement Agreement**

7          (16)     A Settlement Class Member that complies with the requirements of this Order may

8    object to the Settlement Agreement.

9          (17)     No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or

10   other documents submitted by any Settlement Class Member shall be received and considered by

11   the Court, unless a written objection is submitted to the Court on or before the Objection Deadline,

12   which shall be sixty (60) days after the Notice Date. Absent good cause, fFor the objection to be

13   considered by the Court, the written objection must include:

14             a.   the objector's full name, current address, current telephone number, and be

15                  personally signed,

16             b.   the case name and case number, *Prutsman et al. v. Nonstop Administration and*

17                  *Insurance Services, Inc.*, No. 3:23-cv-011131-RFL, currently pending in the United

18                  States District Court for the Northern District of California,

19             c.   documentation sufficient to establish membership in the Class, such as a copy of

20                  the Postcard Notice he or she received,

21             d.   a statement of the position(s) the objector wishes to assert, including the factual and

22                  legal grounds for the position(s),

23             e.   copies of any other documents that the objector wishes to submit in support of

24                  his/her position,

25             f.   whether the objecting Class Member intends to appear at the Final Approval

26                  Hearing, and

27             g.   whether the objecting Class Member is represented by counsel and, if so, the name,

28

6

address, and telephone number of his/her counsel.

The Court will require only substantial compliance with the above requirements for submitting an objection, and may excuse any of them upon a showing of good cause.

(18)    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

(19)    A written notice of objection may be either electronically filed in the Action's electronic docket on or before the Objection Deadline; sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to the Class Action Clerk, United States District Court for the Northern District of California (~~Oakland~~ San Francisco Division), ~~1301 Clay Street, Oakland~~450 Golden Gate Ave., 16th floor, San Francisco, CA ~~94612~~94102; or in person at any location of the United States District Court for the Northern District of California on or before the Objection Deadline.

(20)    Absent good cause, any Settlement Class Member who fails to object to the Settlement Agreement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement Agreement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement Agreement or the terms of this Agreement by appeal or any other means.

(21)    Notwithstanding the above, upon a showing of good cause to the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. The Parties may contest any appearance by an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

**<u>Claims Process and Distribution Plan</u>**

(22)    The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit

a timely, valid Claim Form. The Court preliminarily approves this process.

(23)   Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form. If the Settlement Agreement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement Agreement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form, shall be forever barred from receiving any such benefit. Such Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

(23)(24)   Uncashed settlement checks shall be sent to the California State Controller's Office Unclaimed Property Fund, which would hold the uncashed check for the benefit of the Class Member to whom the payment was designated under the state's Unclaimed Property Law.

**Termination of the Settlement Agreement and Use of this Order**

(24)(25)   This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement Agreement shall be used or referred to for any purpose whatsoever.

(25)(26)   If the Settlement Agreement is not finally approved or there is no Effective Date under the terms of the Settlement Agreement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Nonstop Administration and Insurance Services, Inc. of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement

Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

### Stay of Proceedings

(26)(27)     Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(27)(28)     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

(28)(29)     The Court stays, pending Final Approval of the Settlement Agreement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Nonstop Administration and Insurance Services, Inc. related to the Data Breach.

### Summary of Deadlines

(29)(30)     The Settlement Agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to the following:

| Event | Time for Compliance |
|---|---|
| Class Notice Date | |

| | Within 30 calendar days after entry of this Preliminary Approval Order |
|---|---|
| Motion for Attorneys' Fees and Expenses and Service Awards | No later than 45 calendar days after the Notice Date |
| Claims Deadline | Within 90 calendar days after the Notice Date |
| Opt-Out / Exclusion Deadline | Within 60 calendar days after the Notice Date |
| Objection Deadline | Within 60 calendar days after the Notice Date |
| Final Approval Brief and Response to Objections Due | No later than 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 120 days after the Notice Date |

**IT IS SO ORDERED** this ___ day of _____, 2024.

_____
THE HONORABLE RITA F. LIN

# EXHIBIT B

## CLASS NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**If Nonstop Administration and Insurance Services, Inc. ("Nonstop") Notified You Of A Data Breach, You May Be Eligible For Benefits From A Class Action Settlement.**

*This is __not__ a solicitation from a lawyer, junk mail, or an advertisement. A Court authorized this Class Notice.*

- This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at 555 12th Street, Suite 2100 Oakland, California 94607 (Cole & Van Note) or 227 W Monroe, Suite 2100 Chicago, Illinois 60606 (Milberg Coleman Bryson Phillips Grossman, PLLC), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, [insert appropriate Court location here]450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement or claims process.

- A proposed $1,600,000 Settlement has been reached in a class action lawsuit known as *Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-011131-RFL, ("Action"), filed in the United States District Court for the Northern District of California.

- This Action alleges that on or about December 22, 2022, Nonstop suffered a Data Breach and was announced by Nonstop on about February 3, 2023. Nonstop disagrees with Plaintiffs' claims and denies any wrongdoing.

- All Class Members can receive the following benefits from the Settlement: Class Members are eligible to recover compensation for (1) reimbursement for Out-of-Pocket Losses, (2) alternative cash payments, and (3) California Statutory Payments, if you are an individual within the state of California whose Protected Health Information/Personally Identifiable Information ("PHI/PII") was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

  - Reimbursement Claim:

  - **Compensation for Out-of-Pocket Losses**: All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5,000) per individual. Defendant will pay valid and timely submitted claims for Out-of-Pocket Losses for unreimbursed costs or expenditures incurred by a Class Member in response to the Data Breach that were incurred between December 22, 2022, and the Claims Deadline, as result of the Data Breach. Ordinary Out-of-Pocket Losses may include, but are not limited to: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.

  - **Alternative Cash Payment**: Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form. However, the amount of this alternative cash payment shall be *pro rata* (increased or decreased, including to zero) based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the costs of Settlement administration, CAFA Notice, and claims for Out-of-Pocket Losses and California Statutory Claim Payments.

  - **California Statutory Claim Payments**: Class Members who were residents of California from December 22, 2022, to <<Claim Deadline>>, ("California Settlement Class Members") can submit a claim for a California Statutory Payment of $100 for their statutory claims under the California Consumer Privacy Act. The California Statutory Payment is an additional Settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Out-of-Pocket Losses or the alternative *pro rata* cash payment, and is subject to a *pro rata* decrease based on the amount remaining in the Settlement Fund following payment of the Attorneys' Fees Award and Expenses Award, any Service Award, the costs of Settlement administration, CAFA Notice, and claims for Reimbursement of Out-of-Pocket Losses.

- Included in this Settlement as a Class Member are:

  - The Nationwide Class of all individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

  - Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request

1

exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

- Your legal rights are affected regardless of whether you do or do not act. Read this Class Notice carefully.

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | **You must submit a valid Claim Form to receive benefits from this Settlement.**<br><br>Claim Forms must be submitted online or mailed, postmarked no later than <mark><<Claim Deadline>>.</mark> |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br><br>You give up your rights to sue and you will not get any cash compensation or reimbursement as a Class Member. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.**<br><br>This is the only option that allows you to keep your right to sue about the claims in this Action. You will not get any money from the Settlement.<br><br>Your Request for Exclusion must be postmarked no later than <mark><<Request for Exclusion Deadline>>.</mark> |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Absent good cause, objections must be postmarked no later than <mark><<Objection Date>>.</mark> |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br><br>The Final Approval Hearing is scheduled for <mark><<Final Approval Hearing>>, at <<Time>></mark> a.m. PT. You may also attend the hearing via the Zoom (see the Public Hearings link and instructions at https://cand.uscourts.gov/judges/lin-rita-f-rfl/). The hearing date may change without further notice to the class. Class members should check the settlement website or the Court's PACER site to confirm that the date has not been changed. |

Formatted: Font: Times New Roman

WHAT THIS CLASS NOTICE CONTAINS

**Basic Information**..................................................................................................................... Page 4

    1.    How do I know if I am affected by the Action and Settlement?

    2.    What is this Action about?

    3.    Why is there a Settlement?

    4.    Why is this a class action?

    5.    How do I know if I am included in the Settlement?

**The Settlement Benefits**...................................................................................................Pages 5

    6.    What does this Settlement provide?

    7.    How to submit a Claim Form.

    8.    What am I giving up as part of the Settlement?

    9.    Will the Class Representatives receive compensation?

**Exclude Yourself** .................................................................................................................Pages 6

    10.    How do I exclude myself from the Settlement?

    11.    If I do not exclude myself, can I sue later?

    12.    What happens if I do nothing at all?

**The Lawyers Representing You** ......................................................................................... Page 6

    13.    Do I have a lawyer in the case?

    14.    How will the lawyers be paid?

**Objecting to the Settlement** .......................................................................................... Pages 6-7

    15.    How do I tell the Court that I do not like the Settlement?

    16.    What is the difference between objecting and asking to be excluded?

**The Final Approval Hearing**......................................................................................... Pages 7-8

    17.    When and where will the Court decide whether to approve the Settlement?

    18.    Do I have to come to the hearing?

    19.    May I speak at the hearing?

**Get More Information** ........................................................................................................ Page 8

    20.    How do I get more information about the Settlement

    21.    How do I update my contact information?

### BASIC INFORMATION

**1.  How do I know if I am affected by the Action and Settlement?**

You are a Class Member if you are an individual within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

The Class specifically excludes (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

This Class Notice explains the nature of the Action and claims being settled, your legal rights, and the benefits to the Class.

**2.  What is this Action about?**

This case is known as *Prutsman et al. v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-011131-RFL, filed in the United States District Court for the Northern District of California. The persons who sued are called the "Plaintiffs" or "Class Representatives" and the company they sued, Nonstop Administration and Insurance Services, Inc., is known as the "Defendant" or "Nonstop" in this case.

Plaintiffs filed a lawsuit against Nonstop individually, and on behalf of anyone whose PHI/PII was potentially impacted as a result of the Data Breach.

This Action alleges that that on or about December 22, 2022, Nonstop suffered a Data Breach that was announced on about February3, 2023.

Nonstop denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability.

**3.  Why is there a Settlement?**

By agreeing to settle, the Parties' desire to settle the Action and all claims arising out of or related to the allegations or subject matter of the class action and Action on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Action. The Plaintiffs, Nonstop, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, in the best interests for Class Members. The Court did not decide in favor of the Plaintiffs or Nonstops. Full details about the proposed Settlement are found in the Settlement Agreement available at www.xxxxxxxxxxxx.com.

**4.  Why is this a class action?**

In a class action, one or more people called a "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members."

**5.  How do I know if I am included in the Settlement?**

You are included in the Class if you are an individual within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

If you are not sure whether you are included as a Class Member, or have any other questions about the Settlement, visit www.xxxxxxxxxxxxxxx.com, call toll-free (XXX) XXX-XXXX, or write to [e.g., "Nonstop Data Breach"], c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

### THE SETTLEMENT BENEFITS

4

### 6.   What does this Settlement provide?

The proposed Settlement will provide the following benefits to Class Members:

**Reimbursement Claim**

- **Compensation for Out-of-Pocket Losses:** All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5000) per individual. Defendant will pay valid and timely submitted claims for the following: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.

  Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) documentation supporting their claim, or (3) an attestation and a brief description of out-of-pocket expenses and how they were incurred. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation

  To receive reimbursement for Out-of-Pocket Losses you must complete and submit either a written or online Claim Form to the Settlement Administrator, postmarked or electronically submitted on or before the <<Claims Deadline>>. The Claim Form must be verified by the Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Data Breach.

- **Alternative Cash Payment:** All Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form. However, the amount of this alternative cash payment shall be *pro rata* (increased or decreased, including to zero) based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the costs of Settlement administration, CAFA Notice, and claims for Out-of-Pocket Losses and California Statutory Claim Payments.

- **California Statutory Claim Payments:** Class Members who were residents of California from December 22, 2022, to <<Claims Deadline>> can submit a claim for a California Statutory Payment of $100 for their statutory claims under the California Consumer Privacy Act. The California Statutory Payment in addition to either reimbursement of claims for Out-of-Pocket Losses or the alternative cash payment, and is subject to a *pro rata* decrease (including to zero) based on the amount remaining in the Settlement Fund following payment of the Attorneys' Fees Award and Expenses Award, any Service Award, the costs of Settlement administration, CAFA Notice, and claims for reimbursement of Out-of-Pocket Losses.

- **Business Practices Changes:** Plaintiffs have received assurances that Defendant either have undertaken or will undertake certain reasonable steps to further secure its systems.

### 7.   How to submit a Claim Form

All Claim Forms will be reviewed by the Settlement Administrator for completeness and plausibility. You must file a Claim Form to get cash compensation or reimbursement from the Settlement Fund under the proposed Settlement. Claim Forms must be submitted online or postmarked no later than <<Claim Deadline>>. For more information, please visit www.xxxxxxxxxxxxxxxxxxxxxx.com or you can call the Settlement Administrator at (XXX) XXX-XXXX for a Claim Form.

### 8.   What am I giving up as part of the Settlement?

If you stay in the Class, you will be eligible to receive benefits, but you will not be able to sue any Released Parties, meaning Nonstop, its parents, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates and related entities and all of its respective past and present directors, officers, employees, partners, principals, agents, attorneys, insurers, reinsurers,

assigns and related or affiliated entities regarding the Released Claims, which include the claims in this case and claims that could have been asserted in this case relating to the incident at issue claims in this case.

The Settlement Agreement, which includes all provisions about Released Claims, releases, and Released Parties, is available at www.xxxxxxxxxxxxxxxxxxxxxx.com.

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

### 9.   Will the Class Representatives receive compensation?

Yes. If approved by the Court, the Class Representatives will each receive a Service Award of up to $2,500, to compensate them for their services and efforts in bringing the Action. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.

**EXCLUDE YOURSELF**

### 10. How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must "opt-out" by sending a timely written Request for Exclusion. Your Request for Exclusion must (i) state the Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class, and/or to waive all rights to the benefits of the Settlement.

Your written Request for Exclusion must be postmarked no later than **<<Request for Exclusion Deadline>>** to:

[e.g., Nonstop Data Breach]
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

If you exclude yourself, you will not be able to receive any cash benefit from the Settlement, and you cannot object to the Settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Action, and you will keep your right to sue Nonstop on your own for the claims that this Settlement resolves.

### 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties (listed in Question 8) for the claims this Settlement resolves.

### 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money or reimbursement from the Settlement, you will not be able to start or proceed with a lawsuit or be part of any other lawsuit against the Released Parties (listed in Question 8) about the settled claims in this case at any time.

**THE LAWYERS REPRESENTING YOU**

### 13. Do I have a lawyer in the case?

Yes. The Court has appointed Scott E. Cole of Cole & Van Note and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC (called "Class Counsel") to represent the interests of all Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will apply to the Court for a Fee Award and Expenses not to exceed one third of the total Settlement Fund, ($533,333.33), plus reasonable litigation costs and expenses. A copy of Plaintiffs' Counsel's Fees and Expenses application and Service Award of $2,500 for each Class Representative will be posted on this Settlement Website, www.XXXXX.com, before the Final Approval Hearing. The Court will make the decision final as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

**OBJECTING TO THE SETTLEMENT**

### 15. How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file an objection with the Court ~~and with the Settlement Administrator~~ by **<<Objection Date>>** (the "Objection Date") stating why you do not think the Settlement should be approved.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Absent good cause, ~~T~~to be valid, each Objection must include:

(i)     the objector's full name, current address, current telephone number, and be personally signed;

(ii)    the case name and case number, *Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-011131-RFL, currently pending in the United States District Court for the Northern District of California;

(iii)   documentation sufficient to establish membership in one of the Classes, such as a copy of the Postcard Notice he or she received;

(iv)    a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s);

(v)     copies of any other documents that the objector wishes to submit in support of his/her position;

(vi)    whether the objecting Class Member intends to appear at the Final Approval Hearing, and;

(vii)   whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

The Court will require only substantial compliance with the above requirements for submitting an objection, and may excuse any of them upon a showing of good cause.

Your objection must be filed with the Clerk of Court by **<<Objection Date>>** at the following address:



| **CLERK OF THE COURT** |
| --- |
| <Court Address> |

If you do not submit your objection with all requirements, or if your objection is not received by **<<Objection Date>>,** you will be considered to have waived all objections and will not be entitled to speak at the Final Approval Hearing.

### 16. What is the difference between objecting and asking to be excluded?

Formatted: Font: Times New Roman

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE FINAL APPROVAL HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on <<Final Approval Hearing Date>>, <<Time>> a.m. PT in Courtroom 15, 18th Floor, of the Honorable Judge Rita F. Lin of the United States District Court for the Northern District of California <<Court Address>>. You may also attend the hearing via the Zoom (see the Public Hearings link and instructions at https://cand.uscourts.gov/judges/lin-rita-f-rfl/).

The hearing may be moved to a different date, time, or location without additional Class Notice, so it is recommended that you periodically check the Settlement Website for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the Plaintiff's Counsel's Fees and Expenses to Class Counsel and the request for a Service Award to the Class Representatives.

**18. Do I have to come to the hearing?**

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

**19. May I speak at the hearing?**

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. Absent good cause, tTo request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the Settlement.

### GET MORE INFORMATION

**20. How do I get more information about the Settlement?**

This is only a summary of the proposed Settlement. If you want additional information about this Action, including a copy of the Settlement Agreement, the Complaint, Class Notice, Preliminary Approval Order, Claim Form and more, please visit the Settlement Website or call (XXX) XXX-XXXX.  You may also contact the Settlement Administrator at Nonstop Data Breach c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

**21. How do I update my contact information?**

To update your contact information call (XXX) XXX-XXXX or please visit the Settlement Website www.xxxxxxxxxxxxxxxx.com.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT
OR ACTION TO THE CLERK OF THE COURT, THE JUDGE, NONSTOP, OR DEFENDANT'S
COUNSEL**

# EXHIBIT C

\*000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**

==<<Claim Deadline>>==

</td><td>

**<u>CLAIM FORM FOR NONSTOP DATA BREACH</u>**

*Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*
Case No.: 3:23-cv-011131-RFL
United States District Court for the Northern District of California

</td><td>

**NONSTOP-C**

</td></tr>
</table>

## USE THIS FORM <u>ONLY IF YOU ARE CLASS MEMBER</u>

### <u>GENERAL INSTRUCTIONS</u>

If you received Class Notice of this Settlement, the Settlement Administrator identified you as a Class Member who may have been involved in the Data Breach and were notified by Nonstop Administration and Insurance Services, Inc. in ==February 3, 2023== that they suffered a data incident. You may submit a claim for Settlement compensation, outlined below.

Please refer to the Class Notice posted on the Settlement Website ==www.xxxxxxxxxxxxxxxxxxxx.com==, for more information on submitting a Claim Form and information on the aggregate cap on claims.

**<u>To receive Out-of-Pocket Losses benefits from this Settlement, you must submit the Claim Form below electronically at ==www.xxxxxxxxxxxxxxxxxxx.com by <<Claim Deadline>>==.</u>**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Settlement Administrator - XXXXXX
*c/o* Kroll Settlement Administration LLC
PO Box ==XXXX==
New York, NY 10150-==XXXX==

**<u>You may submit a claim for the following benefits:</u>**

Reimbursement Claims:

1) **Compensation for Out-of-Pocket Losses:** All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5,000) per individual, as result of the Data Breach.

   OR

- **Alternative Cash Payment:** Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form. However, the amount of this alternative cash payment shall be *pro rata* (increased or decreased, including to zero) based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the cCosts of Settlement Administration, CAFA Notice, and claims for Out-of-Pocket Losses and California Statutory Payments.

   AND

2) **California Statutory Payments:** Class Members who were residents of California from December 22, 2022 to the end of the claims period can submit a claim for a California Statutory Payment of $100 for their statutory claims in addition to either reimbursement of claims. The California Statutory Payment is an additional settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Out-of-Pocket Losses or the Alternative *Pro Rata* Cash Payment, and is subject to a *pro rata* decrease (including to zero) based on the amount remaining in the Settlement Fund following payment of the Attorneys' Fees Award and Expenses

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

Award, any Service Award, the costs of Settlement administration, CAFA Notice, and claims for
~~Reimbursement of~~ Out-of-Pocket Losses.

**Questions? Go to www.xxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.**

*00000*                    *CF*                    *Page 1 of 4*

XXXXX                      CF                      Page 1 of 4

## I. PAYMENT SELECTION

If you would like to elect to receive your cash compensation through electronic transfer, please visit the Settlement
Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the
electronic payment option.

## II.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact
information changes after you submit this Claim Form.

_____    _____

**First Name**                                     **Last Name**

_____

**Address 1**

_____

**Address 2**

_____   ____  ____   ____ ____ ____ ____ ____

**City**                                          **State**      **Zip Code**

**Email Address (optional):** _____@_____.com

**Telephone Number:** ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

## III.  PROOF OF DATA BREACH SETTLEMENT CLASS MEMBERSHIP

☐     Check this box to certify that you are an individual who may have been involved in the Data Breach and were
       notified that their PHI/PII may have been impacted as a result of the Data Breach.

Enter the Class Member ID Number provided on your postcard Class Notice:

**Class Member ID : 0 0 0 0 0** ____ ____ ____ ____ ____ ____ ____ ____

**Questions? Go to www.xxxxxxxxxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.**

*00000*                    *CF*                    *Page 2 of 4*

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0

| XXXXX | CF | Page 2 of 4 |
|---|---|---|

## IV.  COMPENSATION FOR OUT-OF-POCKET LOSSES

All Class Members are also eligible to recover compensation for up to $5,000 per person for Out-of-Pocket Losses incurred as a result of the Data Breach, including:

(i)     *Out-of-pocket expenses incurred* as a direct result of the Data Breach, including but not limited to unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach, and that are reasonably described and supported by an attestation under penalty of perjury.

(ii)    .

Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Class Member's name and current address, (2) documentation supporting their claim, or (3) an attestation and a brief description of Out-of-Pocket Losses and how they were incurred.

This payment can be in addition to the California Statutory Payment.

**You must have unreimbursed Out-of-Pocket Losses incurred as a result of the Data Breach and submit documentation to obtain this reimbursement.**

☐   I have attached documentation showing that the claimed losses were more likely than not caused by the Data Breach.

"Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |

**Questions? Go to www.xxxxxxxxxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.**

*00000*                    *CF*                    *Page 3 of 4*

| XXXXX | CF | Page 3 of 4 |
|---|---|---|

\*0000000000000\*
0 0 0 0 0 0 0 0 0 0 0 0 0

## IV. ALTERNATIVE CASH PAYMENT

By checking the below box, I choose an estimated $50 *pro rata* alternative cash payment.

☐        Yes, I choose a *pro rata* alternative cash payment estimated to be $50. You may also submit a claim for California Statutory Payment below, if you are an individual within the State of California whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022.

## IV. CALIFORNIA STATUTORY PAYMENT

By checking the below box, I choose an estimated $100 *pro rata* Cash Fund Payment. Please confirm you had a residential address in California between December 22, 2022 and March 2023 below.

☐        Yes, I choose a California Statutory Payment estimated to be $100. I affirm that I am an individual within the State of California whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022. You may also submit a claim for Out-of-Pocket Losses OR the alternative cash payment above.

_____
**Address 1**

_____
**Address 2**

_____  ___ ___   ___ ___ ___ ___ ___
**City**                                                        **State**        **Zip Code**

## VI.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____  ___ ___ / ___ ___ / ___ ___ ___ ___
**Signature**                                                **Date**

_____
**Print Name**

**Questions? Go to www.xxxxxxxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.**

# EXHIBIT D

## <u>CLASS NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.*
Case No. 3:23-cv-011131-RFL
United States District Court for the Northern District of California

**PLEASE READ THIS NOTICE CAREFULLY AS YOUR LEGAL RIGHTS MAY BE AFFECTED. A CLASS ACTION SETTLEMENT HAS BEEN REACHED UNDER WHICH YOU MAY BE ENTITLED TO A PAYMENT OR OTHER RELIEF.**

*This is a Court-authorized Class Notice of a proposed class action Settlement. This is not a solicitation from a lawyer and is **not** notice of a lawsuit against you.*

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at 555 12th Street, Suite 2100 Oakland, California 94607 (Cole & Van Note) or 227 W Monroe Street, Suite 2100 Chicago, Illinois 60606 (Milberg Coleman Bryson Phillips Grossman, PLLC), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Ave., 16th floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**What is this lawsuit about?** This is a Court-authorized Class Notice of a proposed Settlement in a class action lawsuit, *Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.,* Case No. 3:23-cv-011131-RFL ("Action"), pending in the United States District Court for the Northern District of California. The Settlement will resolve a lawsuit brought on behalf of persons who allege Nonstop Administration and Insurance Services, Inc. ("Defendants" or "Nonstop") committed negligence and other legal violations in connection with a December 22, 2022, Data Breach and was announced by Nonstop on about February 3, 2023. Nonstop denies these allegations, denies violations of any law, and denies all liability.

**Who is a Class Member?**

All individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the Data Breach discovered by Defendant on or about December 22, 2022.

**What are the benefits?** The Settlement provides the following benefits, subject to an aggregate cap on claims:

- **Compensation for Out-of-Pocket Losses:** All Class Members may submit a claim for Out-of-Pocket Losses up to five thousand dollars ($5000) per individual. Defendant will pay valid and timely submitted claims for the following: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach upon submission of an Approved Claim and supporting third-party documentation.

Formatted: Superscript

- **Alternative Cash Payment:** All Class Members may claim an alternative cash payment in an amount estimated to be approximately fifty dollars ($50) by submitting a timely and valid Claim Form.
- **California Statutory Claim Payments:** Class Members who were residents of California from December 22, 2022, to <<Claim Deadline>> ("California Subclass Members") can submit a claim for a California Statutory Payment of $100 for their statutory claims under the California Consumer Privacy Act in addition to the reimbursement for Out-of-Pocket Losses and alternative cash payment.

**How to file a claim.** You must file a Claim Form by mail postmarked by [Claim Deadline], and mailed to the Settlement Administrator's address below, or online at www.website.com by [Claim Deadline] to receive compensation from the Settlement.

**What are my other rights?**

- **Do Nothing:** If you do nothing, you remain in the Settlement. You give your rights to sue but you will not get any compensation as a Class Member.
- **Exclude Yourself:** You can get out of the Settlement and keep your right to sue about the claims in this Action, but you will not get any compensation from the Settlement. You must submit a Request for Exclusion to the Settlement Administrator by <Request for Exclusion Deadline>.
- **Object:** You can stay in the Settlement but tell the Court why you think the Settlement should not be approved. Your written objection must be submitted by <Objection Date>. Detailed instructions on how to file a Claim Form, exclude yourself, or object can be found on the Class Notice found on the Settlement Website.
- **Attend a hearing:** The Court will hold the Final Approval Hearing on <Final Approval Hearing Date> at <Time> a.m. PT, to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider Plaintiff's Counsel's Fees and Expenses amount for attorneys' fees and costs not to exceed $5333,333.33 plus reasonable expenses, and request a Service Award of $2,500 for each Class Representative, and to consider whether and if it should be approved. You may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. ~~You may attend the hearing, with your own attorney, at your own expense, but you do not have to.~~ You can also access the hearing via Zoom (see the Public Hearings link and instructions at https://cand.uscourts.gov/judges/lin-rita-f-rfl/).

**This is only a summary.** For additional information, including the aggregate cap on claims, a copy of the Settlement Agreement and other documents, visit the Documents section of the Settlement Website or call (XXX) XXX-XXXX. You may also contact the Settlement Administrator to update your address or contact information at <Nonstop Data Breach>, c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.