1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  **COLE & VAN NOTE**
   555 12th Street, Suite 2100
3  Oakland, California 94607
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email:  sec@colevannote.com
5  Email:  lvn@colevannote.com

6  Gary M. Klinger, Esq. (*pro hac vice*)
   **MILBERG COLEMAN BRYSON**
7  **PHILLIPS GROSSMAN, PLLC**
   227 W. Monroe Street, Suite 2100
8  Chicago, Illinois 60606
   Telephone: (866) 252-0878
9  Email:  gklinger@milberg.com

10  *Interim Co-Lead Class Counsel*

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

14  JOHN PRUTSMAN, AMIRA MARTZ,          **Case No. 3:23-cv-01131-RFL**
    SIMCHA RINGEL, NAIOMI MARDEN,
15  ALANA BALAGOT, CORRINE WARREN,       **CLASS ACTION**
    SUNNY LAI, and DAVID KLEIN,
16  individually, and on behalf of all others   **PLAINTIFFS' NOTICE OF MOTION;**
    similarly situated,                  **MEMORANDUM OF POINTS AND**
17                                        **AUTHORITIES IN SUPPORT OF**
                                          **PLAINTIFFS' MOTION FOR:**
18              Plaintiffs.
                                          **(1) ATTORNEYS' FEES AND COSTS, AND**
19  v.                                    **(2) REQUEST FOR SERVICE AWARD.**

20  NONSTOP ADMINISTRATION AND            **Date:    March 18, 2025**
    INSURANCE SERVICES, INC.,             **Time:    1:30 P.M.**
21                                        **Ctrm.:   15 – 18th Floor**
                                          **Judge:   Hon. Rita F. Lin**
22              Defendant.

23  This Document Related To: All Actions.

24

25

26

27

28

*(vertical left margin)* COLE & VAN NOTE / ATTORNEYS AT LAW / 555 12TH STREET, SUITE 2100 / OAKLAND, CA 94607 / TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**, **NOTICE IS HEREBY GIVEN** that, on March 18, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 18 of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Representative Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Corrine Warren, Sunny Lai and David Klein (collectively, "Representative Plaintiffs") will, and hereby do, apply to this Court for an Order (1) granting Attorneys' Fees and Costs, and (2) granting the request for Service Awards for the Representative Plaintiffs.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Joint Declaration of Co-Lead Class Counsel and exhibits thereto, the Declarations of Representative Plaintiffs and such other oral argument and documentary evidence as may be presented to the Court at the hearing on this Motion.

Dated: December 27, 2024          **COLE & VAN NOTE**

By:  */s/  Scott Edward Cole, Esq.*
Scott Edward Cole, Esq.
*Interim Co-Lead Class Counsel*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: */s/ Gary M. Klinger, Esq.*
Gary M. Klinger, Esq.
*Interim Co-Lead Class Counsel*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................................................... i

I.      INTRODUCTION ................................................................................................................... 1

II.     BACKGROUND ..................................................................................................................... 1

    A.   The Data Breach and the Commencement of Litigation .................................................. 1

    B.   The Parties Conducted Extensive Discovery .................................................................... 2

    C.   Settlement Negotiations and Mediation ............................................................................ 3

    D.   Preliminary Approval ........................................................................................................ 3

III.    Settlement Administration ...................................................................................................... 3

IV.     ARGUMENT .......................................................................................................................... 4

    A.   The Court Should Approve the Request for Attorneys' Fees ........................................... 4

        1.   The Settlement Provides a Remarkable $1.6 Million Recovery for Settlement Class Members ................................................................................................................................. 5

        2.   The Value Ascribed to Nonstop's Remedial Measures Is Not Included in the Measurement of Settlement Value ......................................................................................... 5

        3.   The Requested Fee is Reasonable Under the Lodestar Approach ............................... 6

           i.    The Number of Hours Claimed Is Reasonable .................................................. 7

           ii.   The Hourly Rates Are Reasonable ...................................................................... 8

           iii.  Class Counsel's Fee Request Is Reasonable ...................................................... 8

        4.   The Requested Fee Is Reasonable Under the Percentage Method ............................ 11

        5.   The Requested Fee Award Is the Product of Arm's-Length Negotiation ................. 12

        6.   The Requested Amount Is Comparable to Attorneys' Fees Awarded in Other Cases 13

    B.   Class Counsel are Entitled to Reimbursement of Litigation Costs ................................. 13

    C.   The Court Should Approve the Service Awards .............................................................. 14

V.      CONCLUSION ..................................................................................................................... 15

1

## TABLE OF AUTHORITIES

2

**Cases**

3
*Adoma v. Univ. of Phx., Inc.*,
    913 F.Supp.2d 964 (E.D. Cal. 2012)........................................................................ 12
4

5
*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*,
    421 U.S. 240 (1975)............................................................................................ 4

6
*Barbosa v. Cargill Meat Sols. Corp.*,
    297 F.R.D. 431 (E.D. Cal. 2013)............................................................................ 10
7

8
*Bebchick v. Wash. Metro. Area Transit Comm'n*,
    805 F.2d 396 (D.C. Cir. 1986)................................................................................ 6

9
*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008)................................................................................ 8
10

11
*Caudle v. Bristow Optical Co.*,
    224 F.3d 1014 (9th Cir. 2000)................................................................................ 7

12
*City of Burlington v. Dague*,
    505 U.S. 557 (1992)............................................................................................ 11
13

14
*Fischel v. Equitable Life Assurance Soc'y*,
    307 F.3d 997 (9th Cir. 2002) .............................................................................. 7, 9

15
*G.F. v. Contra Costa Cnty.*,
    No. 3:13-cv-03667, 2015 WL 4606078 (N.D. Cal. July 30, 2015) ............................... 12
16

17
*Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*,
    No. CV 16-03157 PSG (JEMx), 2024 U.S. Dist. LEXIS 167594 (C.D. Cal. Sep. 17, 2024)
    ................................................................................................................ 11
18

19
*Hanlon v. Chrysler Group*,
    150 F.3d 1011 (9th Cir. 1998) .............................................................................. 5, 9

20
*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) .................................................................................. 14
21

22
*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)............................................................................................ 5

23
*In re Wawa, Inc. Data Sec. Litig.*
    2016 WL 11299474 (N.D. Ga. Aug. 23, 2016) ...................................................... 13
24

25
*In re Activision Sec. Litig.*,
    723 F.Supp. 1373 (N.D. Cal. 1989) ...................................................................... 5

26
*In re Anthem, Inc. Data Breach Litig.*,
    No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018)..................... 6, 7, 13
27

28
*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ............................................................................ passim

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*In re Checking Account Overdraft Litig.*,
No. 1:09- MD-02036-JLK, 2013 WL 11319243 (S.D. Fl. Aug. 2, 2013) ................................. 6

*In re Experian Data Breach Litig.*,
No. SACV 15-01592 AG (DMFx), 2019 U.S. Dist. LEXIS 81243 (C.D. Cal. May 10, 2019)
.................................................................................................................................... 13

*In re Lidoderm Antitrust Litig.*,
2018 U.S. Dist. LEXIS 162425, 2018 WL 4620695 (N.D. Cal. 2018) ................................. 11

*In re Mercury Interactive Corp.*,
618 F.3d 988 (9th Cir. 2010) .............................................................................................. 5

*In re Omnivision Techs., Inc.*,
559 F.Supp.2d 1036 (N.D. Cal. 2008) ................................................................................ 10

*In re Pac. Enters. Secs. Litig.*,
47 F.3d 373 (9th Cir. 1995) .............................................................................................. 11

*In re Target Corp. Customer Data Sec. Breach Litig.*,
892 F.3d 968 (8th Cir. 2018) ............................................................................................ 14

*In re Target Corp. Customer Data Security Breach Litig.*,
No. 14-md-02522, 2015 WL 7253765 (D. Min. Nov. 17, 2015)....................................... 13, 14

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
No. CV-87-3962, 1989 WL 73211 (C.D. Cal. Mar. 9, 1989)............................................ 14

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
No. 3:15-md-02672, 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017)..................................... 9

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) ............................................................................................ 11

*Krottner v. Starbucks Corp.*,
406 F.App'x 129 (9th Cir. 2010) ....................................................................................... 10

*Maree v. Deutsche Lufthansa AG*,
No. 8:20-cv-00885, 2022 WL 5052582 (C.D. Cal. Sep. 30, 2022) ........................................ 13

*McCoy v. Health Net, Inc.*,
569 F.Supp.2d 448 (D.N.J. 2008) ....................................................................................... 7

*McKinney-Drobnis v. Oreshack*,
16 F.4th 594 (9th Cir. 2021) ............................................................................................ 13

*Mondrian v. Trius Trucking, Inc.*,
No. 1:19-cv-00884-ADA, 2022 WL 6226843 (E.D. Cal. Oct. 7, 2022)................................. 12

*Moore v. James H. Matthews & Co.*,
682 F.2d 830 (9th Cir. 1982) ............................................................................................. 7

*Morris v. Lifescan, Inc.*,
54 F. App'x 663 (9th Cir. 2003) ....................................................................................... 11

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS
Case No. 3:23-cv-01131-RFL

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*In re Omnivision Technologies, Inc.,*
    559 F.Supp.2d 1036 (N.D. Cal. 2015) ................................................................. 11

*Palacios v. Penny Newman Grain, Inc.,*
    No. 1:14–cv–01804, 2015 WL 4078135 (E.D. Cal. July 6, 2015) ........................ 12

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ............................................................................... 15

*Satchell v. Fed. Exp. Corp.,*
    No. 3:03-cv-02659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ....................... 13

*Stanger v. China Elec. Motor, Inc.,*
    812 F.3d 734 (9th Cir. 2016) ................................................................................. 9

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ........................................................................... 6, 14

*Stetson v. Grissom,*
    821 F.3d 1157 (9th Cir. 2016) .................................................................... 7, 9, 11

*Swain v. Anders Group, LLC,*
    No. 1:21-cv-00197-SKO, 2022 WL 5250139 (E.D. Cal. Oct. 6, 2022) ................ 12

*Van Vranken v. Atlantic Richfield Co.,*
    901 F.Supp. 294 (N.D. Cal. 1995) ........................................................................ 9

*Viceral v. Mistras Grp., Inc.,*
    No. 15-cv-02198, 2017 WL 661352 (N.D. Cal. Feb. 17, 2017) ........................... 15

*Vincent v. Hughes Air W., Inc.,*
    557 F.2d 759 (9th Cir. 1977) ............................................................................... 14

*Vinh Nguyen v. Radient Pharm. Corp.,*
    No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ............................. 5

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) ...................................................................... passim

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) .............................................................................................. 5

*Wash. Pub. Power Supply Sys. Litig.,*
    19 F.3d 129 (9th Cir. 1994) ................................................................................. 11

*Wininger v. SI Mgmt. L.P.,*
    301 F.3d 1115 (9th Cir. 2002) ............................................................................. 14

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On October 15, 2024, this Court preliminarily approved the Settlement between Plaintiffs and Defendant Nonstop Administration and Insurance Services ("Nonstop" or "Defendant"), and ordered that notice be given to the Class. The Settlement negotiated on behalf of the Class provides a $1,600,000 non-reversionary Settlement Fund will be used to provide Participating Class Members who submit valid claims with (1) out-of-pocket loss reimbursement of up to $5,000, (2) cash payments to California Settlement Class Members of up to $100 apiece and (3) Alternative Cash Payments of approximately $50, subject to *pro rata* adjustment. Furthermore, the Settlement mandates that Defendant implement substantial business practice changes.

This is an excellent Settlement of a risky and complex matter that provides substantial relief for Class Members. As discussed further in this Motion, the parties arrived at the Settlement after significant litigation, including formal and informal discovery efforts. The matter was ultimately settled following a full day of mediation with Bennett G. Picker on June 6, 2024.

Pursuant to the terms of the preliminarily-approved Settlement Agreement, Plaintiffs request an award of (a) $533,333.33 in attorneys' fees (i.e. one third of the gross settlement amount) based on Class Counsel's extensive work in prosecuting this case and delivering an excellent Settlement, (b) $14,696.96 in reasonable litigation costs and (c) Service Awards of $2,500 to each of the eight Representative Plaintiffs (for a total of $20,000).

## II.   BACKGROUND

### A.  The Data Breach and the Commencement of Litigation

In February 2023, Defendant Nonstop Administration and Insurance Services ("Nonstop" or "Defendant"), a privately held, for-profit employee health insurance and benefits broker, announced a security incident (the "Data Breach") that occurred on or about December 22, 2022. During the Data Breach, an unknown party accessed Defendant's cloud service platform and Class Members' sensitive data and allegedly obtained the Protected Health Information ("PHI") and Personally Identifiable Information ("PII") of approximately 115,649 individuals (including 45,236 Californians). Following that announcement, the following related class actions were filed:

- *Nicholson v. Nonstop Administration and Insurance Services*, Case No. 23STCV05512 (filed March 13, 2023, LA Sup. Ct. and removed to N.D.Cal. as Case No. 4:23-cv-3567 on July 18, 2023);

- *Prutsman v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-1131 (filed March 14, 2023);

- *Lai v. Nonstop Administration and Insurance Services*, Case No. 4:23-cv-1323 (filed March 21, 2023); and

- *Warren v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-1502 (filed March 29, 2023).

Plaintiffs' counsel in these cases self-organized and ultimately proposed that the Court consolidate the cases and appoint Interim Co-lead Class Counsel in accordance with Rule 23(g). Dkt. 11. The Court granted this request and consolidated the cases. Dkt. 26. This cooperation among Plaintiffs' counsel allowed the litigation to proceed substantively and swiftly. On May 25, 2023, Representative Plaintiffs filed a Consolidated and Amended Complaint ("CAC"). Dkt. 38.

Defendants moved to dismiss the CAC, which the Court granted in part and denied in part without prejudice on August 16, 2023. Dkt. 54. Defendant filed their Answer to the CAC on September 27, 2023. Dkt. 60.

## B. The Parties Conducted Extensive Discovery

The parties exchanged initial disclosures in November 2023. Declaration of Class Counsel ("Class Counsel Decl.") ¶ 24. Representative Plaintiffs propounded extensive written discovery upon Defendants as well, including requests for production of documents, special interrogatories, and pre-mediation requests. The parties extended significant efforts meeting and conferring on Protective Orders, ESI Orders, production of documents for both offensive and defensive discovery, and responses and objections to discovery requests. Ultimately, Defendant produced numerous documents, requiring counsel's in-depth analysis. *Id*. ¶ 25.

Defendants also propounded extensive discovery on Representative Plaintiffs. *Id*. ¶ 26. For instance, Defendant propounded their own sets of interrogatories and requests for production on each Representative Plaintiff, requiring numerous written responses from Representative Plaintiffs

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

and the production of documents. *Id.* Pre-mediation efforts were just as labor-intensive, as Class Counsel conducted a deep dive into Nonstop's business practices, finances, etc. As a result of this extensive fact and expert discovery, Representative Plaintiffs had sufficient information to evaluate the claims and negotiate a fair settlement. *Id.* ¶ 27.

### C. Settlement Negotiations and Mediation

The Parties engaged in extensive, arm's-length negotiations over the course of many months, including a full-day mediation session before experienced neutral, Bennett G. Picker, Esq. *Id.* ¶ 28. Mr. Picker, Esq., has extensive experience in mediating and resolving class actions, including multiple data privacy cases.

Ahead of the mediation session, the parties prepared comprehensive mediation briefs. *Id.* ¶ 29. Before any terms were negotiated, Representative Plaintiffs had a thorough understanding of the composition of the Settlement Class, the nature of Defendant's anticipated defenses, the likely nature of arguments that would be advanced at class certification, summary judgment, and trial, and the complex technical issues surrounding the Data Breach. *Id.*

On June 6, 2024, the parties engaged in a successful mediation before Mr. Picker, Esq., with both sides represented by experienced counsel. *Id.* ¶ 30. On June 27, 2024, the parties filed a Notice of Classwide Settlement. Dkt. 92.

### D. Preliminary Approval

On September 13, 2024, Class Counsel moved the Court to preliminarily approve the Settlement. Dkt. 101. On October 15, 2024, Class Counsel appeared before the Court, which then granted Class Counsel's Motion for Preliminary Approval. Dkt. 110.

## III. Settlement Administration

Class Counsel spent numerous hours obtaining and negotiating bids from well-established, experienced, and highly regarded class action administration firms. Class Counsel Decl. ¶ 31. Class Counsel also collaborated on the logistics and substance of the notice plan. *Id.* Representative Plaintiffs thus maximized the amount that would be available to the Class for payment of claims, by minimizing notice and administration costs, while ensuring that the notice and administration plan complies with all rules, guidelines, and due process requirements. *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Since the Preliminary Approval Order, Class Counsel worked alongside Kroll (the parties'
2   chosen claims administration company) to ensure the notice and claims process has gone smoothly
3   for Class Members. *Id.* ¶ 32. Class Counsel repeatedly audited the settlement website to ensure it
4   was correct and user-friendly, reviewed reports from, and conferred with Kroll about the progress
5   of the notice and claims process, and responded to myriad inquiries from Class Members that came
6   into their respective offices, as well as other counsel's offices. *Id.* Class Counsel have and will
7   continue to expend significant efforts to ensure that the offered benefits reach Class Members. *Id.*
8   ¶¶ 59.

9   Class Counsel will continue to expend significant efforts to communicate with Class
10  Members, seek final approval of the Settlement, and respond to any criticism that may be filed,
11  including potential appeals. *Id.* ¶ 59. The lodestar presented to the Court in this Motion does not
12  include the significant time that will be expended on such efforts.

**IV.    ARGUMENT**

**A.  The Court Should Approve the Request for Attorneys' Fees**

District courts may award attorneys' fees and costs to a prevailing plaintiff where "the
successful litigants have created a common fund for recovery or extended substantial benefit to
the class." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (quoting
*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 275 (1975). Where counsel for a class
seek fees from a common fund, courts within the Ninth Circuit have discretion to employ either
the percentage-of-fund or the lodestar-multiplier method to determine whether the fee request is
reasonable. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Vizcaino v.*
*Microsoft Corp.*, 290 F.3d 1043, 1048-49 (9th Cir. 2002); *Hanlon v. Chrysler Group*, 150 F.3d
1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564
U.S. 338 (2011) . Regardless of the chosen method, courts must award attorneys' fees based on an
evaluation of "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Under the "percentage-of-the-fund" method, the "court simply awards the attorneys a
percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d
at 1029. Most courts have found the percentage approach superior in cases with a common-fund

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    recovery because it (i) parallels the use of percentage-based contingency fee contracts; (ii) aligns

2    the lawyers' interests with that of the class in achieving the maximum possible recovery; and (iii)

3    reduces the burden on the court by eliminating the detailed and time-consuming lodestar analysis.

4    *See In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1374–77 (N.D. Cal. 1989); *Vinh Nguyen v.*

5    *Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014)

6    ("There are significant benefits to the percentage approach, including consistency with

7    contingency fee calculations in the private market, aligning the lawyers' interests with achieving

8    the highest award for the class members, and reducing the burden on the courts that a complex

9    lodestar calculation requires.").

10        Whether applying the lodestar or percentage method, "the most critical factor is the degree

11   of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Bluetooth*, 654

12   F.3d at 942 ("Foremost among these considerations . . . is the benefit obtained for the class.");

13   Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, 336 (4th ed. 2004) ("[The]

14   fundamental focus is on the result actually achieved for class members.").

### 1.    The Settlement Provides a Remarkable $1.6 Million Recovery for Settlement Class Members

17        Class Counsel's efforts generated an exceptional Settlement, which includes a $1.6 million

18   non-reversionary Settlement Fund as well as business practice changes by Defendant.

19        As further described in Representative Plaintiffs' Motion for Preliminary Approval (Dkt.

20   101), the $1.6 million non-reversionary Settlement Fund will be used to provide Participating Class

21   Members who submit valid claims with (1) out-of-pocket loss reimbursement of up to $5,000, (2)

22   cash payments to California Settlement Class Members of up to $100, and (3) Alternative Cash

23   Payments of approximately $50 made from any money remaining in the Settlement Fund after

24   paying all other expenses and costs, subject to increase or decrease *pro rata* to expend all funds

25   remaining in the Settlement Fund. Class Counsel Decl. ¶ 11.

### 2.    The Value Ascribed to Nonstop's Remedial Measures Is Not Included in the Measurement of Settlement Value

28        "Incidental   or   non-monetary   benefits   conferred   by   the   litigation   are   relevant

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  circumstances" in determining an appropriate award of attorneys' fees, under both the lodestar and
2  percentage methods. *Vizcaino*, 290 F.3d at 1049 (concluding that change in employer practices
3  and clarification of law were factors supporting fee award) (citing with approval *Bebchick v. Wash.*
4  *Metro. Area Transit Comm'n*, 805 F.2d 396, 408 (D.C. Cir. 1986) ("[A]n upward adjustment to
5  the lodestar is appropriate to reflect the benefits to the public flowing from this litigation.")); *Staton*
6  *v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) ("[C]ourts should consider the value of the
7  injunctive relief obtained as a 'relevant circumstance' in determining what percentage of the
8  common fund class counsel should receive as attorneys' fees.").

9      As Class Counsel have detailed, Nonstop has already and will continue to invest in
10  remedial measures. Class Counsel Decl. ¶¶ 11, 40. Because the remedial measures bolster
11  Defendant's global security—not just the attack vector used for the Data Breach—these remedial
12  measures provide an enormous benefit to *all* Class Members (and any individuals for whom
13  Defendant stores PII and PHI), regardless of whether they submit a claim for other benefits. *Id*.

14      Because "'the value to individual class members of benefits deriving from injunctive relief
15  can be accurately ascertained,'" the amount of such relief may be included "'as part of the value
16  of a common fund for purposes of applying the percentage method of determining fees.'" *In re*
17  *Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *8 (N.D. Cal.
18  Aug. 17, 2018) (quoting *Staton*, 327 F.3d at 974); *see also In re Checking Account Overdraft Litig.*,
19  No. 1:09- MD-02036-JLK, 2013 WL 11319243, at *13 (S.D. Fl. Aug. 2, 2013) (adding value of
20  non-assessed overdraft fees to common fund before applying percentage method); *McCoy v.*
21  *Health Net, Inc.*, 569 F.Supp.2d 448, 478 (D. N.J. 2008) (including value of injunctive relief that
22  benefits the class in percentage-of-recovery calculation). Here, where Class Counsel have not
23  increased the value of the Settlement Fund beyond the cash payment by Defendant, the Court
24  should "consider the value of this nonmonetary relief as 'a "relevant circumstance" in determining
25  what percentage of the common fund class counsel should receive as attorneys' fees, rather than
26  as part of the fund itself.'" *Anthem*, 2018 WL 3960068, at *8.

27      **3.  The Requested Fee is Reasonable Under the Lodestar Approach**
28      Application of the lodestar method here confirms the propriety of Class Counsel's request.

1    Under the lodestar method, "the district court 'multiplies a reasonable number of hours by a

2    reasonable hourly rate.'" *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (quoting *Fischel*

3    *v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002)). The lodestar amount may

4    then be adjusted by a risk multiplier, and/or "a multiplier that reflects 'a host of "reasonableness"

5    factors.'" *Stetson*, 821 F.3d at 1166 (quoting *In re Bluetooth*, 654 F.3d at 941-42).

6                        **i.    The Number of Hours Claimed Is Reasonable**

7         Class Counsel maintained contemporaneous, detailed time records billed in 6-minute

8    increments. Class Counsel Decl. ¶ 55. The hours expended by each Class Counsel firm included

9    in the present request are detailed in the accompanying Joint Declaration of Class Counsel. *Id*. ¶

10   58.

11        The result is a total number of 942.9 hours and total lodestar for all firms of $525,302.70.

12   This number of hours and corresponding lodestar sought by all Class Counsel is reasonable and

13   should be reflected in the fees awarded to Class Counsel. *See Caudle v. Bristow Optical Co.*, 224

14   F.3d 1014, 1028-29 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000) (counsel entitled

15   to recover for all hours reasonably expended); *Moore v. James H. Matthews & Co.*, 682 F.2d 830,

16   839 (9th Cir. 1982) ("'every item of service which, at the time rendered, would have been

17   undertaken by a reasonable and prudent lawyer to advance or protect his client's interest . . . .'")

18   (citation omitted).

19        As detailed above and in the declarations, these hours include: (1) engaging in extensive

20   efforts to develop strategic plans, (2) vetting potential representative plaintiffs, (3) self-organizing

21   and consolidating all cases before this Court, (3) extensively researching and filing the initial

22   complaint, (4) opposing Defendant's motion to dismiss, (5) drafting the Consolidated and

23   Amended Complaint, (6) serving substantial written and third-party discovery, (7) negotiating and

24   drafting ESI Orders and Protective Orders with Defendants, (8) meeting and conferring regarding

25   discovery disputes with defense counsel and negotiating agreements regarding discovery, (9)

26   reviewing Defendant's production of approximately 721 pages of documents, (10) coordinating

27   with Plaintiffs, providing discovery responses, and collecting documents and preparing them for

28   production, (11) undertaking substantial investigation of the Data Breach and the corporate

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   structure of Defendants, (12) preparing an extensive mediation brief and attending a private

2   mediation before Mr. Bennet G. Picker, Esq., (13) negotiating the details of the Settlement

3   Agreement over multiple months and securing preliminary approval of the Settlement, and (14)

4   responding to inquiries from Class Members after Class Notice was disseminated. Class Counsel

5   Decl. ¶ 57.

6        Moreover, additional work will be required. Class Counsel must still: (1) prepare for and

7   attend the final approval hearing, including the research and drafting of the reply papers and

8   responses to objections; (2) continue to respond to the many inquiries from Class Members; (3)

9   oversee the Settlement through final approval of distribution of the common fund; (4) oversee the

10  claims administration process, including addressing any claim review issues; and (5) handle any

11  appeals. *Id.* ¶ 59.

12              ii.        **The Hourly Rates Are Reasonable**

13        Class Counsel are entitled to the hourly rates charged by attorneys of comparable

14  experience, reputation, and ability for similar complex federal litigation. *Camacho v. Bridgeport*

15  *Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Class Counsel have brought to this case extensive

16  experience in the area of consumer class actions and complex litigation. Class Counsel Decl. ¶¶

17  69-82, Exs. 1-2. Here, Class Counsel's hourly rates are reasonable in light of their significant

18  experience, expertise, and skill. *Id.* Courts in the Ninth Circuit have approved rates similar to and

19  greater than the ones sought here. *See e.g.*, *Silicon Genesis Corp. v. Ev Grp. E.Thallner GmbH*,

20  No. 22-cv-04986-JSC, 2024 U.S. Dist. LEXIS 68331, at *4 (N.D. Cal. Apr. 15, 2024) (approving

21  of rate of $1,000 per hour for partner); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF,

22  2020 U.S. Dist. LEXIS 71654, 2020 WL 1921774, at *8 (N.D. Cal. Mar. 24, 2020) (approving of

23  rate of $1,000 per hour for partner); *Banas v. Volcano Corp.*, 47 F.Supp.3d 957, 965 (N.D. Cal.

24  2014) (approving rates ranging from $355 to $1,095 per hour for partners and associates).

25              iii.       **Class Counsel's Fee Request Is Reasonable**

26        A court may reduce or enhance the lodestar figure based on "a host of 'reasonableness'

27  factors, 'including the quality of representation, the benefit obtained for the class, the complexity

28  and novelty of the issues presented, and the risk of nonpayment.'" *Bluetooth*, 654 F.3d at 942

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    (quoting *Hanlon*, 150 F.3d at 1029). "'"The district court *must* apply a risk multiplier to the lodestar

2    'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they

3    prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.'

4    Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." *Stetson*,

5    821 F.3d at 1166 (quoting *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016),

6    and *Fischel*, 307 F.3d at 1008).

7         Based on these factors, Class Counsel submit that requesting a multiplier of 1.015 is modest

8    and the granting of Class Counsel's fees up to 1/3 of the Settlement Fund is more than merited

9    given the excellent results obtained on a contingency basis in this complex case. *See, e.g.*, *Vizcaino*,

10   290 F.3d at 1051 & Appendix (approving multiplier of 3.65 and citing cases with multipliers as

11   high as 19.6); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No.

12   3:15-md-02672, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) ("'Multipliers in the 3-4 range

13   are common in lodestar awards for lengthy and complex class action litigation.'") (quoting *Van*

14   *Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 298-99 (N.D. Cal. 1995)). This is especially

15   true considering the Settlement for the Class, valued in excess of $1.6 Million if Defendant's

16   business practice changes are included. Class Counsel Decl. ¶ 11, 40. Further, the complexity of

17   this case required experienced legal skills and high-quality work. The "prosecution and

18   management of a complex national class action requires unique legal skills and abilities" that are

19   to be considered when determining a reasonable fee. *In re Omnivision Techs., Inc.*, 559 F.Supp.2d

20   1036, 1047 (N.D. Cal. 2008) (citation omitted). This case presented extraordinary challenges that

21   required extraordinary lawyering. In general, data breach class actions present relatively

22   unchartered territory, and no data breach case has gone to trial. Further, Class Counsel represented

23   a class consisting of 115,649 consumers in multiple states, requiring research and potential

24   application of the laws of each respective state.

25         Additionally, "[t]he quality of opposing counsel is important in evaluating the quality of

26   Class Counsel's work." *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal.

27   2013). Here, Nonstop is nationwide health insurance and benefits broker with a well-funded

28   defense and is represented by Cipriani & Werner, a respected and prominent nationwide law firm.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS
Case No. 3:23-cv-01131-RFL

1    Class Counsel Decl. ¶ 65. That Representative Plaintiffs achieved such an excellent result against

2    such a formidable opponent is yet another factor supporting Class Counsel's request for fees.

3        Class Counsel's request of just recoupment of attorneys' fees is further justified because

4    this case presented a significant risk of non-payment and, accordingly, would warrant a positive

5    multiplier. *Omnivision*, 559 F.Supp.2d at 1047; *Vizcaino*, 290 F.3d at 1048. Data breach cases are

6    especially risky, expensive, and complex because data breach law is constantly evolving and there

7    are numerous hurdles that plaintiffs must overcome before getting to trial, including class

8    certification and summary judgment. Establishing a cognizable injury tied to Nonstop's conduct

9    (as opposed to, for instance, another data breach), can present serious challenges. *See, e.g.*,

10   *Krottner v. Starbucks Corp.*, 406 F.App'x 129 (9th Cir. 2010) (holding that, although plaintiffs

11   established injury-in-fact for standing purposes, they failed adequately to allege damages for

12   purposes of their negligence claim). Were the case to proceed in litigation, there would be

13   numerous expert reports, costly expert depositions, and *Daubert* proceedings that risk excluding

14   Representative Plaintiffs' expert testimony. Further, there is a dearth of class action certification

15   decisions in the data breach context, so that class certification presents an especially heightened

16   risk. The risks here are underscored by the Court's granting in part Defendant's motion to dismiss.

17   Representative Plaintiffs unquestionably faced an uncertain road with respect to class certification,

18   summary judgment, and any appeals.

19       That the considerable risks here were undertaken by Class Counsel on an entirely

20   contingent basis would further justify a multiplier if Representative Plaintiffs were requesting one.

21   *See Stetson*, 821 F.3d at 1166; *Vizcaino*, 290 F.3d at 1050; *Kerr*, 526 F.2d at 70, abrogated on

22   other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992). "It is an established practice

23   in the private legal market to reward attorneys for taking the risk of nonpayment by paying them

24   a premium over their normal hourly rates for wining contingency cases." *In re Washington Pub.*

25   *Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).

26       Counsel's "substantial outlay" of time and money and the significant risk that none of it

27   would be recovered, further supports Class Counsel's request for recoupment of attorneys' fees.

28   *Omnivision*, 559 F.Supp.2d at 1047.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**4.  The Requested Fee Is Reasonable Under the Percentage Method**

Under the percentage method, the district court may award plaintiffs' attorneys a percentage of the common fund, so long as that percentage represents a reasonable fee. *See e.g.*, *Wash. Pub. Power Supply Sys.*, 19 F.3d at 1294 n.2. Although, decades ago, the Ninth Circuit articulated a 25% of a common fund as a "benchmark" award under the percentage-of-the-fund method, courts routinely award more than the benchmark when justified, considering factors much like those considered when determining whether a multiplier is appropriate under the lodestar approach. *Vizcaino*, 290 F.3d at 1048, 1051. *See also In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (approving an award of 33 percent of a $ 12 million settlement fund); *Morris v. Lifescan, Inc.,* 54 F. App'x 663, 664 (9th Cir. 2003) (approving an award of 33% of a $14.8 million settlement fund). Indeed, without attention to the efficiencies utilized to keep down litigation costs, the skill and reputation of plaintiffs' counsel, and the success they achieved in the particular case at hand (and, thus, a proportionate increase off the benchmark when those counsel achieved those good results, etc.), there is reduced incentive to "go the extra mile" and/or for quality lawyers to be drawn toward risky Plaintiffs' side litigation to begin with. Obviously, that reality would not be in the interests of justice.

Numerous Court have found that a 33% fee award is "within the range of awards in this Circuit." *See In re Lidoderm Antitrust Litig.*, 2018 U.S. Dist. LEXIS 162425, 2018 WL 4620695, at *1, 4 (N.D. Cal. 2018) (approving an award of 33% of a $104 million settlement fund); *Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*, No. CV 16-03157 PSG (JEMx), 2024 U.S. Dist. LEXIS 167594, at *10 (C.D. Cal. Sep. 17, 2024) (approving an award of 33% of a $70 million settlement fund).

The analysis begins by determining the size of the fund, and the Court has discretion to determine what portion of the common fund is "for the benefit of the entire class." *Bluetooth*, 654 F.3d at 942. Here, the Settlement Fund is $1.6 million—before consideration of the value from Nonstop's business changes. As such, the requested fee award of $533,333.33 represents 33.33% of the settlement value. As explained above, the extraordinary result presented by the Settlement, the contingent nature of representation, the risks of nonpayment, and the highly complex nature of

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

the litigation and the high caliber of lawyering required and employed by all counsel weigh in favor of the 33.33% of the fund sought by Class Counsel here.

### 5. The Requested Fee Award Is the Product of Arm's-Length Negotiation

The Parties negotiated at arm's-length for months to achieve this Settlement. This began with substantial motion practice and discovery. Instead of mediating this matter at the early stages of litigation, Representative Plaintiffs procured sufficient documentation to inform their position on the claims and defenses in this case. This supports a finding that the negotiations were performed at arm's-length without collusion or fraud. *See, e.g., Swain v. Anders Group, LLC*, No. 1:21-cv-00197-SKO, 2022 WL 5250139, *10 (E.D. Cal. Oct. 6, 2022) ("A settlement is presumed to be fair if it follows sufficient discovery and genuine arm's-length negotiation") (quoting *Adoma v. Univ. of Phx., Inc.*, 913 F.Supp.2d 964, 977 (E.D. Cal. 2012) (cleaned up)); *see also Mondrian v. Trius Trucking, Inc.*, No. 1:19-cv-00884-ADA, 2022 WL 6226843, *8 (E.D. Cal. Oct. 7, 2022) (finding that private mediation with an experienced mediator following six months of litigation with substantial discovery strongly supports a finding that there was no collusion or fraud).

Furthermore, the mediation and settlement negotiations, as well as the ultimate product of those interactions between Class Counsel and Defendants' counsel were facilitated and overseen by a neutral mediator: Mr. Bennett G. Pickett, Esq.—a well-known and respected neutral. Class Counsel Decl. ¶ 10. This also supports a finding that the negotiations were fair. *Swain*, 2022 WL 5250139, *10 (citing *Palacios v. Penny Newman Grain, Inc.*, No. 1:14–cv–01804, 2015 WL 4078135, at *8 (E.D. Cal. July 6, 2015)); *G.F. v. Contra Costa Cnty.*, No. 3:13-cv-03667, 2015 WL 4606078, *13 (N.D. Cal. July 30, 2015) ("[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive") (quoting *Satchell v. Fed. Exp. Corp.*, No. 3:03-cv-02659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007)); *In re Bluetooth*, 654 F.3d at 948 (finding that engaging in formal mediation with an experienced mediator weighs "in favor of a finding of non-collusiveness").

Third, the Settlement is non-reversionary—which heavily supports claims of fair dealing. *See, e.g., McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021) ("[W]e have identified

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   'reverter' or 'kicker' provisions as red flags."); *Maree v. Deutsche Lufthansa AG*, No. No. 8:20-

2   cv-00885, 2022 WL 5052582, *4 (C.D. Cal. Sep. 30, 2022) (denying claims-made settlement due

3   to the "clandestine" nature of settlement negotiations conducted without any formal discovery).

4

5   **6.  The Requested Amount Is Comparable to Attorneys' Fees Awarded in Other Cases**

6   In determining whether an award is reasonable, courts may look to awards made in similar

7   cases. *See Vizcaino*, 290 F.3d at 1050 n.4 (accord other cases cited, *supra*). The request here is

8   incredibly modest in absolute terms when compared with awards in other data breach cases. For

9   instance, the fee requested here compares favorably with that awarded in *Home Depot* where

10  relying primarily on the lodestar method, the court approved a fee award of $7,536,497.80 after

11  applying a 1.3 multiplier to counsel's base lodestar of $5,797,306, where the settlement featured a

12  $13 million settlement fund, and was valued at $27 million total.

13  Here, Class Counsel's requested fee of $533,333.33 for the litigation of virtually identical

14  facts under the same laws represent significant efficiency for the Settlement Class. Class Counsel

15  requests an adjustment to the benchmark, entailing a multiplier of only 1.015. Indeed, receiving

16  roughly the amount Class Counsel would have received under a straight lodestar approach—before

17  even considering a modest multiplier to account for the risk associated with litigating within this

18  developing area of law[1]—hardly creates a "windfall" for Class Counsel. *See*, *In re Optical Disk*

19  *Drive Prods. Antitrust Litig.* (9th Cir. 2020) 959 F.3d 922, 930.

20  **B.  Class Counsel are Entitled to Reimbursement of Litigation Costs**

21  Under well-settled law, Class Counsel are entitled to recover "out-of-pocket expenses that

22  would normally be charged to a fee-paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.

23  1994) (internal citation and quotation marks omitted). It is appropriate to reimburse Class Counsel

24  for such expenses from the common fund. *See In re United Energy Corp. Solar Power Modules*

25

26  _____

[1] Note that, contrary to other, more established areas of law (wage and hour litigation, for

27  example), data breach litigation has few models from which to pattern their prosecution; relatively few cases have reached class certification or summary judgment and none have gone to

28  trial. Meanwhile expert witness and other costs associated therewith can be high. To say that cybersecurity litigation holds risks for plaintiffs' counsel is, therefore, an understatement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    *Tax Shelter Inv. Sec. Litig.*, No. CV-87-3962, 1989 WL 73211, at *6 (C.D. Cal. Mar. 9, 1989). In

2    common-fund cases, the Ninth Circuit has stated that the reasonable expenses of acquiring the

3    fund can be reimbursed to counsel who has incurred the expense. *See Vincent v. Hughes Air W.,*

4    *Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). Such expense awards comport with the notion that the

5    district court may "spread the costs of the litigation among the recipients of the common benefit."

6    *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

7    　　　To date, Class Counsel have collectively incurred $14,696.96 in unreimbursed litigation

8    costs. Class Counsel Decl. ¶¶ 13, 66. These costs were reasonably necessary for the prosecution

9    and resolution of this litigation (*id.* ¶¶ 66-68) and were incurred by Class Counsel for the benefit

10   of Class Members with no guarantee that they would be reimbursed. *See Staton,* 327 F.3d at 974

11   (class counsel entitled to reimbursement of expenses reasonably incurred). Class Counsel's

12   litigation costs are reasonable in amount, and the Court should approve their reimbursement.

13   　　**C.  The Court Should Approve the Service Awards**

14   　　　"It is well-established in this circuit that named plaintiffs in a class action are eligible for

15   reasonable incentive payments, also known as service awards." *Viceral v. Mistras Grp., Inc.*, No.

16   15-cv-02198, 2017 WL 661352, at *4 (N.D. Cal. Feb. 17, 2017) (citation omitted). Service awards,

17   which are discretionary, "are intended to compensate class representatives for work done on behalf

18   of the class, to make up for financial or reputational risk undertaken in bringing the action."

19   *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

20   　　　The Court should grant the modest Service Awards of $2,500 each to the Representative

21   Plaintiffs to compensate them for the effort and risk entailed in pursuing this litigation. Class

22   Counsel Decl. ¶ 47, Ex. 3. These Representative Plaintiffs have been enthusiastic and active and

23   have fought for the best interests of the Class. Each of the Representative Plaintiffs actively

24   participated in the litigation by: investigating the matter prior to and after retaining their respective

25   attorneys; participating in the plaintiff vetting process implemented by Class Counsel; reviewing

26   and approving their original complaints and/or the Consolidated and Amended Complaint;

27   participating in discovery by providing responses to interrogatories and collecting documents and

28   gathering evidence in response requests for production served on each of them; and corresponding

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    and communicating with counsel to monitor the progress of the litigation and settlement. *Id.* Each

2    put their name and reputation on the line for the sake of the Class, and no recovery would have

3    been possible without their critical role. *Id.*

4    **V.    CONCLUSION**

5         For all the foregoing reasons, Representative Plaintiffs respectfully request that the Court

6    award $533,333.33 in attorneys' fees, $14,696.96 in costs, as well as Service Awards of $2,500 to

7    each of the Representative Plaintiffs.

8

9    Dated: December 27, 2024                    Respectfully submitted,

10

11                                              **COLE & VAN NOTE**

12

13                                              By: */s/  Scott Edward Cole, Esq.*
                                                   Scott E. Cole, Esq.
14                                                 *Interim Co-Lead Class Counsel*

15                                              **MILBERG COLEMAN BRYSON**
                                                **PHILLIPS GROSSMAN, PLLC**
16

17

18                                              By: */s/ Gary M. Klinger, Esq.*

19                                                 Gary M. Klinger, Esq.
                                                   *Interim Co-Lead Class Counsel*
20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    <u>**CERTIFICATE OF SERVICE**</u>

2        I hereby certify that on December 27, 2024, a true and correct copy of the foregoing was

3    electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will

4    be served upon interested counsel via transmission of Notices of Electronic Filing generated by

5    CM/ECF.

6

7    Dated: December 27, 2024                     /s/ *Scott E. Cole, Esq.*
8                                                 Scott E. Cole, Esq.

9

10

11

12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28