Scott Edward Cole, Esq. (S.B.# 160744)
Laura Van Note Esq. (S.B.# 310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

*Plaintiffs' Interim Co-Lead Class Counsel*

*Additional Counsel listed on the Signature Page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORINNE WARREN, SUNNY LAI, AND DAVID KLEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> VS. <br><br> NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC.; INCLUSIVE, <br><br> DEFENDANT. <br><br> This Document Relates To: All Actions | Case No. 3:23-CV-01131-RFL <br><br> **PLAINTIFFS' NOTICE OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT** <br><br> Date:  March 18, 2025 <br> Time:  1:30 PM <br> Courtroom:  15 – 18th Floor <br> Judge:  Hon. Rita F. Lin |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No. 3:23-CV-01131-RFL

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. iii

NOTICE OF MOTION AND MOTION ................................................................................1

I.    INTRODUCTION ........................................................................................................2

II.   STATEMENT OF FACTS............................................................................................2

IV.  THE SETTLEMENT TERMS ......................................................................................3

     A.    The Settlement Class................................................................................. 3

     B.    Settlement Benefits .................................................................................. 3

         1.    Monetary Relief............................................................................ 3

             a. Reimbursement for Out-of-Pocket Losses ...................................... 4

             b. California Cash Payment............................................................ 4

             c. Alternative Cash Payment ......................................................... 4

     C.    Business Practices Enhancements, Monetary Investment and Data Security........... 5

     D.    Class Notice and Settlement Administration ................................................. 5

     E.    Attorneys' Fees and Expenses and Service Award to Plaintiff ............................... 6

     F.    Release .................................................................................................. 6

V.   CLAIMS, REQUESTS FOR EXCLUSION AND OBJECTIONS ....................................6

VI.  LEGAL ARGUMENT..................................................................................................7

     A.    The Court Should Certify the Class for Settlement Purposes................................ 7

         1.    The Rule 23(a) Requirements Are Met for Purposes of Settlement ................... 7

         2.    The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement ........... 9

     B.    The Court Should Finally Approve the Settlement.................................................. 11

         1.    The Strength of Plaintiffs' Case ........................................................ 11

         2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation...... 12

         3.    The Risk of Maintaining Class Action Status Through Trial............................. 13

         4.    Amount Offered in Settlement ......................................................... 13

         5.    The Extent of Discovery Completed and the Stage of Proceedings ................. 15

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

i

6.    The Experience and Views of Counsel ................................................................. 15

7.    The Reaction of the Class Members to the Proposed Settlement ....................... 16

8.    Lack of Collusion among the Parties .................................................................. 16

9.    The Settlement Treats Settlement Class Members Equitably ............................ 16

VII.    CONCLUSION ................................................................................................................17

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

ii

1
2

# TABLE OF AUTHORITIES

Cases                                                                                    Page(s)

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997) .......................................................................... 7, 9, 10

*Atkinson v. Minted, Inc.*,
   No. 3:20-cv-03869-VC, 2021 U.S. Dist. LEXIS 244257 (N.D. Cal. Dec. 17, 2021) ........... 7, 14

*Calderon v. Wolf Firm*,
   2018 WL 6843723 (C.D. Cal. Mar. 13, 2018) ........................................................ 14

*Capaci v. Sports Rsch. Corp.*,
   2022 WL 1133818 (C.D. Cal. Apr. 14, 2022) ......................................................... 9

*Chester v. TJX Cos.*,
   2017 WL 6205788 (C.D. Cal. Dec. 5, 2017) ......................................................... 12

*Chua v. City of L.A.*,
   2017 WL 10776036 (C.D. Cal. May 25, 2017) ................................................... 9, 10

*Dennis v. Kellogg Co.*,
   2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) ....................................................... 12

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ......................................................................... 7, 8

*Forcellati v. Hyland's, Inc.*,
   2014 U.S. Dist. LEXIS 50600 (C.D. Cal. Apr. 9, 2014) ........................................... 8

*Franklin v. Kaypro Corp.*,
   884 F.2d 1222 (9th Cir. 1989) ....................................................................... 11

*Grimm v. Am. Eagle Airlines, Inc.*,
   2014 WL 12746376 (C.D. Cal. Sep. 24, 2014) ..................................................... 13

*Gupta v. Aeries Software, Inc.*,
   No. SA CV 20-0995 FMO (ADSx), 2023 U.S. Dist. LEXIS 36141 (C.D. Cal. Mar. 3, 2023) 14

*Hanlon v. Chrysler Corp*,
   150 F.3d, 1011 (9th Cir. 1998) ..................................................................... 8, 9

*Hellyer v. Smile Brands Inc.*,
   No. 8:21-cv-01886-DOC-ADS, 2023 U.S. Dist. LEXIS 137295 (C.D. Cal. Aug. 4, 2023) .... 14

*Hillman v. Lexicon Consulting, Inc.*,
   2017 WL 10434013 (C.D. Cal. Oct. 12, 2017) ..................................................... 15

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

iii

*In re Anthem, Inc. Data Breach Litig.*,
    327 F.R.D. 299 (N.D. Cal. 2018) ........................................................................ 10

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ............................................................................. 11

*In re Corrugated Container Antitrust Litig.*,
    643 F.2d 195 (5th Cir. 1981) ............................................................................. 13

*In re Equifax Customer Data Sec. Breach Litig.*,
    2020 U.S. Dist. LEXIS 118209 (N.D. Ga. Mar. 17, 2020) ..................................... 14

*In re Google LLC St. View Elec. Communs. Litig.*,
    2020 WL 1288377 (N.D. Cal. Mar. 18, 2020) ........................................................ 8

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) .............................................................................. 8

*In re LinkedIn User Priv. Litig.*,
    309 F.R.D. 573 (N.D. Cal. 2015) ........................................................................ 10

*In re MRV Communs., Inc. Derivative Litig.*,
    2013 WL 2897874 (C.D. Cal. June 6, 2013) ........................................................ 13

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
    2019 WL 3410382 (D. Or. July 29, 2019) ............................................................. 8

*In re Sonic Corp. Customer Data Sec. Breach Litig.*,
    No. 1:17-md-2807, 2019 U.S. Dist. LEXIS 135573 (N.D. Ohio Aug. 12, 2019) ................... 14

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................... 17

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
    266 F. Supp. 3d 1 (D.D.C. 2017), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21,2019).... 12

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th Cir. 2017) ............................................................................ 8

*Keegan v. Am. Honda Motor Co*,
    284 F.R.D. 504 (C.D. Cal. 2012) ........................................................................ 10

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ....................................................................... 12, 15

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No. 3:23-CV-01131-RFL

iv

*Longest v. Green Tree Servicing LLC,*
   308 F.R.D. 310 (C.D. Cal. 2015) ............................................................................ 8

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................... 16

*Paz v. AG Adriano Goldschmeid, Inc.,*
   2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) ...................................................... 13

*Reynoso v. All Power Mfg. Co.,*
   2018 WL 5906645 (C.D. Cal. Apr. 30, 2018) ....................................................... 9

*Smith v. Triad of Ala.,* LLC,
   2017 WL 1044692 (M.D. Ala. Mar. 17, 2017) ..................................................... 13

*Tyson Foods, Inc. v. Bouaphakeo,*
   136 S. Ct. 1036 (2016) ................................................................................... 9, 10

*Wal-Mart Stores, Inc. v. Dukes,*
   564 U.S. 338 (2011) ............................................................................................ 7

*Zinser v. Accufix Rsch. Inst., Inc.,*
   253 F.3d 1180 (9th Cir. 2001) .............................................................................. 9

<u>Rules</u>

Fed. R. Civ. P. 23 .................................................................................................. 1

Fed. R. Civ. P. 23(a) .......................................................................................... 7, 9

Fed. R. Civ. P. 23(a)(1) ......................................................................................... 7

Fed. R. Civ. P. 23(a)(3) ......................................................................................... 8

Fed. R. Civ. P. 23(a)(4) ......................................................................................... 8

Fed. R. Civ. P. 23(b)(1) ......................................................................................... 9

Fed. R. Civ. P. 23(b)(2) ......................................................................................... 9

Fed. R. Civ. P. 23(b)(3) ................................................................................. 1, 9, 10

Fed. R. Civ. P. 23(e) .................................................................................... 1, 11, 16

Fed. R. Civ. P. 23(e)(2)(D) .................................................................................. 16

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

v

<u>Other Authorities</u>

4 NEWBERG ON CLASS ACTIONS, § 11:48 (4th ed. 2002) ............................................................. 16

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

vi

## **NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 18, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Rita F. Lin, presiding, Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Maioni Marden, Alana Balagot, Corrine Warren, Sunny Lai, and David Klein (collectively "Plaintiffs") hereby do and will move the Court an Order for final approval of the Settlement and certification of the Settlement Class pursuant to Rules 23(e) and 23(b)(3) of the Federal Rules of Civil Procedure ("Rule(s)").[1]

In so moving, Plaintiffs respectfully request the Court: (1) approve the Settlement Agreement as fair, reasonable, and adequate under Rule 23(e); (2) finally certify the Settlement Class under Rule 23(b)(3); (3) finally appoint Plaintiffs as Class Representatives for the Settlement Class; (4) finally appoint as Settlement Class Counsel Gary M. Klinger of Milberg Goleman Bryson Phillips Grossman, PLLC and Scott E. Cole of Cole & Van Note; and (5) find the Notice Program as implemented satisfies Rule 23 and due process.

This motion is based upon this Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Scott M. Fenwick and all exhibits attached thereto, pleadings on file in this Action, and other such matters and argument as the Court may consider at the hearing on this motion.

---

[1] Unless otherwise indicated, the defined terms herein shall have the same definition as set forth in the Settlement Agreement, ECF No. 101-1.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No. 3:23-CV-01131-RFL

-1-

I.    **INTRODUCTION**

Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Maioni Marden, Alana Balagot, Corrine Warren, Sunny Lai, and David Klein (collectively "Plaintiffs"), through their undersigned counsel, respectfully move this Court for entry of an order granting final approval to the settlement memorialized in the Settlement Agreement ("SA") (ECF No. 101-1), that, subject to the Court's approval, will resolve this class action lawsuit. The Court preliminarily approved the settlement on October 15, 2024 (ECF No. 110) (the "Order"). Notice was issued to the preliminarily certified Settlement Class as directed by the Court in the Order.[2]

This settlement—which makes available to every Settlement Class Member considerable monetary relief —represents an excellent resolution of this high-risk, complex litigation. The parties also worked diligently and cooperatively to deliver the best Notice practicable to the Settlement Class.

The Claims Deadline was February 12, 2025, and the Objection and Opt-Out Deadline was January 13, 2025. The reaction of the Settlement Class has been overwhelmingly positive. With the exclusion and objection deadline long since passed, in response to 114,617 notices, *no* objections have been filed and only one Class Members have requested exclusion from this settlement. Furthermore, as March 3, 2025 8,784 claims have been received by the Claims Administrator, representing an impressive 7.6% claims rate.

The settlement undoubtedly is fair, reasonable, and adequate, as the Court preliminarily found in its Order. This Court should now finally certify the Settlement Class for settlement purposes only, and finally approve the settlement as fair, reasonable, and adequate.

II.   **STATEMENT OF FACTS**

In the interest of judicial efficiency, for factual and procedural background on this case, Plaintiffs refer the Court to and hereby incorporates Plaintiffs; Unopposed Motion for Preliminary

---

[2] Capitalized terms have the same definitions as in the Settlement Agreement.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

Approval of Class Action Settlement (ECF 101) and the accompanying exhibits filed in conjunction therewith.

## IV.    THE SETTLEMENT TERMS

### A.  The Settlement Class

The proposed nationwide class definition for settlement purposes is defined as "all individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022." S.A. ¶ 3. This is the same definition used in the Consolidated Class Action Complaint.

The Settlement Class excludes "(1) the Judge and Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members  and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge. S.A. ¶ 3.

### B.  Settlement Benefits

#### 1.  Monetary Relief

Defendant has agreed to establish a one million six hundred thousand dollar ($1,600,000) non-reversionary cash settlement fund (the "Settlement Fund"), which will be used first to pay the approved costs of settlement administration and notice, the approved attorneys' fees and expenses, and any approved service awards. The remaining funds will then be applied until exhausted in the following order: (1) to claims for out-of-pocket loss reimbursement up to $5,000 per valid claim, (2) cash payments to California Settlement Class Members up to $100 per valid claim, and (3) Alternative Cash Payments of approximately $50 made from any money remaining in the

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-3-

Settlement Fund after paying all other expenses and costs, and shall be increased or decreased *pro rata* to expend all funds remaining in the Settlement Fund. S.A. ¶ 43.

### a.  Reimbursement for Out-of-Pocket Losses

Every Settlement Class Member may submit a claim for up to $5,000 each for out-of-pocket expenses and losses, which are unreimbursed costs, expenditures, or losses incurred by a Settlement Class member that are fairly traceable to the Data Incident ("Out-of-Pocket Losses"). S.A. ¶ 43(A). Settlement Class Members who elect to submit a claim for reimbursement of Out-of- Pocket Losses must provide to the Settlement Administrator information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; or (3) an attestation and a brief description of out-of-pocket expenses and how they were incurred. *Id.* Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member concerning the costs incurred.[3] *Id.*

### b.  California Cash Payment

California Settlement Class Members may submit a claim for a $100 cash payment as a result of the statutory CCPA claim available to them as California residents. S.A. ¶ 43 (C). The California Statutory Claim Payment for California residents is in addition to any other Settlement benefits available. *Id.* The California Statutory Claim Payment may be *pro rata* decreased if insufficient funds remain in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the Costs of Administration and Notice, the CAFA Notice, and claims for Reimbursement of Out-of-Pocket Losses. *Id.*

### c.  Alternative Cash Payment

All Settlement Class Members may elect to file a claim for an Alternative Cash Payment, rather than seek reimbursement for Out-of-Pocke Losses. S.A. ¶ 43 (B). The amount of this benefit

---

[3] "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. S.A. ¶ 43(A).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-4-

shall be *pro rata* increased or decreased based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the Costs of Claims Administration, claims for Out-of-Pocket Losses, and the California Statutory Claim Payments but is estimated to be approximately $50. *Id*.

### C.  Business Practices Enhancements, Monetary Investment and Data Security

Nonstop shall take, or has already taken, certain reasonable steps to further secure its systems and environments and Defendant will provide Class Counsel with a confidential declaration detailing the same. S.A. ¶ 43 (D).

Nonstop is responsible for all costs associated with implementing and maintaining these Business Practices Changes, which costs are separate and apart from the Settlement Fund. *Id.*

### D.  Class Notice and Settlement Administration

The parties agreed to the appointment of Kroll Settlement Administration LLC ("Kroll") as Claim Administrator, and Kroll has spent $82,642.19 and estimates that it will spend $42,000 more on this matter. *See* Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC in Connection with Final Approval of Class Action Settlement ("Fenwick Decl."), ¶ 19.

Kroll sent the Short Notice by first class mail to 114,617 Settlement Class Members for whom valid addresses were obtained. Fenwick Decl., ¶ 9. Of the 114,617 Short Notices Kroll sent to the Settlement Class, 525 were returned by the USPS with a forwarding address of which 505 were automatically re-mailed to the updated addresses by the USPS with the remaining 20 re-mailed by Kroll. *Id.*, ¶ 10. 1,484 Short Notices were returned by the USPS as undeliverable as addressed without a forwarding address, but Kroll was able to identify updated addresses for 1,090 of those. *Id.*, ¶ 11. Unfortunately, 62 of those were returned as undeliverable a second time. *Id*. As a result of the above the Short Notice reached 114,201 of the 114,657 Settlement Class members to whom the Short Notice was mailed, equating to a reach rate of 99.6%. *Id.*, ¶ 12.

Kroll also created a dedicated Settlement Website entitled www.ethossettlement.com which went live on October 24, 2025, and contains a summary of the settlement, important dates and

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-5-

deadlines, contact information for the Settlement Administrator, answers to frequently asked questions, downloadable copies of relevant documents, including the Postcard Notice, Long Notice, Preliminary Approval Order, Claim Form, Settlement Agreement, and Complaint, and allowed Settlement Class Members an opportunity to file a Claim Form online. *Id.*, ¶ 7. Kroll also established a toll-free telephone number with Interactive Voice Response. *Id.*, ¶ 6.

### E.     Attorneys' Fees and Expenses and Service Award to Plaintiff

Under the terms of the Settlement Agreement, Class Counsel was entitled to move the Court for an award of their reasonable attorneys' fees incurred in the Action in an amount not to exceed one-third (1/3) of the Settlement Fund, and reimbursement of costs and expenses. S.A., ¶ 38. On December 27, 2024, Class Counsel filed their Motion for Attorneys' Fees and Costs, and Service Awards. *See* ECF No. 119. Class Counsel has also incurred a total of $14,696.96 in litigation expenses for which they are seeking reimbursement. ECF No. 119. Finally, each Plaintiff requests the Court grant their request for service awards of $2,500 for each Plaintiff, for a total of $20,000, in light of their commitment to and risks in pursuing the litigation on behalf of the class. *See Id.*

### F.     Release

Upon entry of the Final Approval Order, Plaintiffs and the Settlement Class will be deemed to "have, fully, finally, and forever released, relinquished, and discharged all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims." SA, ¶ 61.[4]

## V.     CLAIMS, REQUESTS FOR EXCLUSION AND OBJECTIONS

The deadline to object or opt-out was January 13, 2025. Fenwick Decl., ¶ 17. As of the filing of this motion, in response to 114,201 successfully delivered direct notices, no objections have been filed and only one Settlement Class Member has requested exclusion. *Id.*, ¶ 17, 18. The Claims Deadline was February 12, 2025. As of March 3, 2025, the Claims Administrator has received 5,415 paper claims and 3,369 electronic claims through the Settlement Website, for a total of 8,784 claims.

---

[4] "Released Claims" are defined at SA, ¶ 60.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

*Id.*, ¶ 14. The Claims Administrator is still in the process of reviewing and validating Claim Forms. *Id.* The claims received so far results in a claims rate of 7.6%, which is at the very high end of the range of claims rates in other data breach class action settlements within this Circuit. *See*, *Corona v. Sony Pictures Entertainment, Inc.,* No. 2:14-cv-9600 (C.D. Cal.) ECF Nos. 145-1 at 11 n.8 & 164 at 2 (Claims rate of 0.7%); *Cochran, et al. v. Kroger Co.,* 5:21-cv-01887 (N.D. Cal.) ECF Nos. 108 at 4-6 & 108-1, ¶ 4 (Claims rate of 2.1%); *Atkinson et al. v. Minted, Inc.,* No. 3:20-cv-03869 (N.D. Cal.) ECF No. 71 at 4 (Claims rate of 3.5%).

Kroll will continue to receive, review, cure, and validate claims that are timely received through the February 12, 2025, postmark deadline.

## VI.    LEGAL ARGUMENT

### A.  The Court Should Certify the Class for Settlement Purposes

Before assessing the parties' settlement, the Court should first confirm the underlying Settlement Class meets the requirements of Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); Manual for Complex Litig. § 21.632 (4th ed. 2004). The requirements are well known: numerosity, commonality, typicality, and adequacy—each of which is met here. Fed. R. Civ. P. 23(a); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). The Court found the Settlement Class met these requirements in its Order and provisionally certified the Settlement Class for settlement purposes. ECF No. 110. Plaintiffs respectfully submit the Court's original assessment was correct and it should now certify the Settlement Class for settlement purposes.

#### 1.  The Rule 23(a) Requirements Are Met for Purposes of Settlement

The Settlement Class includes approximately 114,657 individuals; therefore, it readily satisfies the numerosity requirement. *See* Fed. R. Civ. P. 23(a)(1). The Class also satisfies the commonality requirement, which requires class members' claims "depend upon a common contention" of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-7-

350 (2011). Here, as in most data breach cases, courts in the Ninth Circuit have found that these common issues all center around Defendant's alleged misconduct, and in particular, satisfying the commonality requirement. *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 2019 WL 3410382, at *10 (D. Or. July 29, 2019). For the same reason, predominance is readily met "where the class is a 'cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] conduct.'" *In re Google LLC St. View Elec. Communs. Litig.*, 2020 WL 1288377, at *5 (N.D. Cal. Mar. 18, 2020) (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 559 (9th Cir. 2019)). Thus, common questions include, among many, whether Defendant engaged in the wrongful conduct alleged; whether Class Members' PHI/PII was compromised during the Data Breach; whether Defendant owed a duty to Plaintiffs and Class Members and breached its duty; and whether Defendant unreasonably delayed notifying Plaintiffs and Class Members of the material facts of the Data Breach.

Typicality and adequacy are also easily met for purposes of settlement. Plaintiffs' claims are typical of the proposed Class because they are based on Defendant's alleged failure to protect Plaintiffs' and Class Members' PHI/PII and are therefore "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Forcellati v. Hyland's, Inc.*, 2014 U.S. Dist. LEXIS 50600, at *31 (C.D. Cal. Apr. 9, 2014) (finding plaintiffs' claims were reasonably co-extensive with those of absent class members). Plaintiffs allege that their PHI/PII was compromised, and that Defendant's same data security practices caused them the same injury that the Class suffered. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.").

Plaintiffs are also adequate class representatives because (1) there are no antagonistic or conflicting interests between Plaintiffs and their counsel and the absent Class Members; and (2) Plaintiffs and their counsel will vigorously prosecute the action on behalf of the Class. Fed. R. Civ. P. 23(a)(4); *see also Ellis,* 657 F.3d at 985 (citing *Hanlon v. Chrysler Corp*, 150 F.3d, 1011, 1020 (9th Cir. 1998); *Longest v. Green Tree Servicing LLC,* 308 F.R.D. 310, 325 (C.D. Cal. 2015).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-8-

Plaintiffs have no conflicts of interest with other class members, are not subject to unique defenses, and they and their counsel have and continue to vigorously prosecute this case on behalf of the Class. Plaintiffs are members of the Class who have experienced the same injuries and seek, like other Class Members, compensation. As such, Plaintiffs' and the Proposed Class Counsel's interests align with those of the Class. Further, Class Counsel have decades of combined experience as class action advocates and are well suited to litigate on behalf of the Class. *See* Declaration of Gary M. Klinger and Scott E. Cole In Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 101-2) ("Counsel MPA Decl.") at Exhibits A-B. Thus, Plaintiffs will adequately protect the interests of the Class.

### 2. The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement

In addition to meeting the conditions imposed by Rule 23(a), parties seeking class certification must also show that the action is maintainable under FRCP 23(b)(1), (2) or (3). *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Here, Plaintiffs allege that the Settlement Class is maintainable for purposes of settlement under Rule 23(b)(3), as common questions predominate over any individual questions and class resolution is superior to other available methods for a fair and efficient resolution of the controversy. *Hanlon,* 150 F.3d at 1022.

Common questions of law and fact predominate over individualized questions. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Capaci v. Sports Rsch. Corp.*, 2022 WL 1133818, at *9 (C.D. Cal. Apr. 14, 2022) (citing *Amchem Prods.*, 521 U.S. at 623). Courts analyze whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to member. *Reynoso v. All Power Mfg. Co.*, 2018 WL 5906645, at *3 (C.D. Cal. Apr. 30, 2018) (citing *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)). If, to make a prima facie showing on an issue, plaintiffs will need to present evidence that varies from one class member to the next, then the issue raises an individual question. *Chua v. City of L.A.*, 2017 WL 10776036, at *9 (C.D. Cal. May 25, 2017). If the same evidence can suffice for each member of the class on

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No. 3:23-CV-01131-RFL

-9-

an issue, then it becomes a common question. *Id.* (citing *Tyson Foods, Inc.*, 136 S. Ct. at 1045) (internal quotations and citation omitted). Courts in the Ninth Circuit find predominance where there is a sufficient constellation of common issues that binds class members together. *Keegan v. Am. Honda Motor Co*, 284 F.R.D. 504, 545 (C.D. Cal. 2012).

Plaintiffs' claims depend, first and foremost, on whether Defendant used reasonable data security measures to protect the PHI/PII in its possession. That question can be resolved using the same evidence for all Class Members, and thus is precisely the type of predominant question that makes a class-wide settlement worthwhile. *See, e.g., Tyson Foods, Inc.* 136 S. Ct. at 1045 ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) …'") (citation omitted).

Rule 23(b)(3) requires that a "class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy" and is intended to cover cases "in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615. Four factors are pertinent to this inquiry: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3). Here, class treatment of Plaintiffs' and the Class's claims is superior to individual actions because a class action will be more efficient and conserve costs, time, and effort. The relatively minor amount of damages traceable to each Class member on an individual basis would not justify the pursuit of separate lawsuits across the country. Additionally, a class action is the superior method of adjudicating consumer claims arising from the Data Breach—just as in other data breach cases where class-wide settlements have been approved. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 316-17 (N.D. Cal. 2018); *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-10-

585 (N.D. Cal. 2015). Further, the Class consists of thousands of individuals who, should they be required to bring individual cases, would submit identical factual evidence regarding Defendant's liability and seek redress for the same types of injuries, yet risk having different outcomes, even though their claims arise out of the same conduct and the same Data Breach. All these considerations demonstrate the superiority of a class action here.

## B. The Court Should Finally Approve the Settlement

Rule 23(e) provides that a proposed class action may be "settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). For a proposed class action to be approved, the Court must determine, after a hearing, that it is fair, adequate, and reasonable. The Ninth Circuit has identified nine factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant (not applicable here); (8) the reaction of the class members to the proposed settlement and; (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Each of these factors weighs in favor of approval here.

In applying these factors, the guiding principle for courts remains that settlements of class actions are preferable. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"). Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate, and should be finally approved.

### 1. The Strength of Plaintiffs' Case

Plaintiffs believe they have a strong case for liability. In particular, With respect to Plaintiffs' negligence claim, Proposed Class Counsel believe they will ultimately be able to offer

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-11-

evidence that Defendant was negligent in failing to maintain reasonable and current data security programs and practices, which led directly to the loss of Plaintiffs' and the Class's PHI/PII. Counsel MPA Decl., ¶ 40. However, Plaintiffs' success is not guaranteed. The actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication. *Id.*, ¶ 41; *see also Dennis v. Kellogg Co.*, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos.*, 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). Given the challenges and inherent risks Plaintiffs face with respect to the novel claims characteristic of data breach actions, including class certification, summary judgment, and trial, the substantial benefits of the settlement favor final approval of the Settlement. Counsel MPA Decl., ¶ 41.

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

While Plaintiffs believe their case is strong, substantial risk is inherent in all cases. This case involves a proposed class of approximately 114,657 individuals and a complicated and technical factual background in a relatively novel area: data breach litigation. Although nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is a particularly complex class action due to the standing challenges plaintiffs face in data breach class actions. *See, e.g., In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1, 19 (D.D.C. 2017) ("The Court is not persuaded that the factual allegations in the complaints are sufficient to establish . . . standing."), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019) (holding that plaintiff had standing to bring a data breach lawsuit).

Moreover, the path to a class-wide monetary judgment remains unforged, particularly in the area of damages. For now, data breach cases are among the riskiest and most uncertain of all class action litigation, making accepting a favorable settlement the more prudent course. The damages methodologies, while theoretically sound in Plaintiffs' view, remain untested in a disputed class

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-12-

certification setting and unproven in front of a jury. As in any data breach case, establishing causation on a class-wide basis also remains uncertain.

Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in zero recovery to the Class. Therefore, this factor favors approval. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc*., 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016).

### 3.  The Risk of Maintaining Class Action Status Through Trial

If the Parties were to proceed to litigate their claims through trial, Plaintiffs would encounter risks in obtaining and maintaining certification of the Class. The Class has not yet been certified, and Defendant will certainly oppose certification. Thus, Plaintiffs "necessarily risk[s] losing class action status." *Grimm v. Am. Eagle Airlines, Inc.*, 2014 WL 12746376, at *10 (C.D. Cal. Sep. 24, 2014). Class certification in contested consumer data breach cases is not common—first occurring in *Smith v. Triad of Ala.*, LLC, 2017 WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017). Thus, the scarcity of direct precedent amplifies the risks of continuing the Litigation.

### 4.  Amount Offered in Settlement

A settlement should stand or fall on the adequacy of its terms. *In re MRV Communs., Inc. Derivative Litig.*, 2013 WL 2897874, at *4 (C.D. Cal. June 6, 2013) (citing *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981)). The settlement here reflects an excellent result in light of the challenges that come with data breach litigation. Specifically, the settlement provides substantial monetary relief to Class Members who submit valid Claim Forms. The settlement also involves significant business practice enhancements for Defendant's data security system, which will help to protect the Settlement Class's PHI and PII going forward. The $1,600,000 cash settlement fund, excluding the value of the data security enhancements made by Defendant, represents a recovery of $13.95 per Settlement Class Member, which is on the very high

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-13-

end of recoveries in data breach class actions, as can be seen from the following chart of representative cases:

| Case Title | No. of Class Members | Settlement Fund | Amount Per Class Member |
|---|---|---|---|
| *In re Equifax Inc. Data Security Breach Litig.*[5] | >147M | $380.5M | $2.59 |
| *Atkinson, et al. v. Minted, Inc.*[6] | 4.2M | $5M | $1.19 |
| *Hellyer et al. v. Smile Brands, Inc. et al.*[7] | 1.5M | $5M | $3.33 |
| *In re Sonic Corp. Customer Data Sec. Breach Litig.*[8] | 1.5M | $4.325M | $2.88 |
| *Gupta v. Aeries Software, Inc.*[9] | 98,199 | $1.75M | $17.82 |

Considering that this is an unsettled area of law fraught with the risk that the Class would not be certified and that Plaintiffs would not succeed at trial, the present settlement represents an excellent compromise of Plaintiffs' and the Settlement Class Members' claims. Counsel MPA Decl., ¶ 42.

Because the settlement here is similar to other settlements that courts, including those in this district, have approved, this factor reflects that the settlement is fair. *See Calderon v. Wolf Firm*, 2018 WL 6843723, at *8 (C.D. Cal. Mar. 13, 2018) (comparing class settlement with other settlements in similar cases).

---

[5] *In re Equifax Customer Data Sec. Breach Litig.*, 2020 U.S. Dist. LEXIS 118209, at *145, 149–50 (N.D. Ga. Mar. 17, 2020).
[6] *Atkinson v. Minted, Inc.*, No. 3:20-cv-03869-VC, 2021 U.S. Dist. LEXIS 244257, at *2–4 (N.D. Cal. Dec. 17, 2021).
[7] *Hellyer v. Smile Brands Inc.*, No. 8:21-cv-01886-DOC-ADS, 2023 U.S. Dist. LEXIS 137295, at *3 (C.D. Cal. Aug. 4, 2023).
[8] *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 U.S. Dist. LEXIS 135573, at *3, 5 (N.D. Ohio Aug. 12, 2019).
[9] *Gupta v. Aeries Software, Inc.*, No. SA CV 20-0995 FMO (ADSx), 2023 U.S. Dist. LEXIS 36141, at *5–6 (C.D. Cal. Mar. 3, 2023).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-14-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 5. The Extent of Discovery Completed and the Stage of Proceedings

Before entering into settlement discussions on behalf of class members, counsel should have "sufficient information to make an informed decision." *Linney*, 151 F.3d at 1239. Here, The Settlement was reached after extensive investigation, including vigorously and aggressively gathering all of the information that was available regarding Nonstop and the Data Breach (including publicly-available documents concerning announcements of the Data Breach and notice of the Data Breach to its customers), and other research, and a thorough evaluation of Plaintiffs' claims in light of such information. Counsel MPA Decl., ¶ 14. Plaintiffs also propounded and responded to formal discovery requests and Defendant produced over 1,000 pages of documentary evidence that allowed Counsel to understand the means and scope of the Data Breach, Defendant's cyber security posture, and the nature of the PII/PHI exfiltrated and the size and scope of the Class. *Id*. Further, Settlement Class Counsel's experience in similar types of privacy and data protection practices provided substantive knowledge on the subject to enable Class Counsel to represent Plaintiffs' and Class Members' interests without expending hundreds of hours and substantial financial resources to come up to speed on the subject area. *Id.*, ¶ 39. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, 2017 WL 10434013, at *4 (C.D. Cal. Oct. 12, 2017). Accordingly, Plaintiffs made a decision fully informed about the strengths and weaknesses of this case.

### 6. The Experience and Views of Counsel

Settlement Class Counsel initiated this lawsuit after Defendant announced the Data Security Incident, which impacted over 114,000 individuals. Settlement Class Counsel have substantial experience litigating complex class cases of various types, including data breach cases such as this one. *See* Counsel MPA Decl., ¶ 39. Having worked on behalf of the Class since the Data Breach was first announced, evaluated the legal and factual disputes, and dedicated significant time and resources to this litigation, Settlement Class Counsel fully endorse the settlement. *Id.*, ¶ 46. A great

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

1  deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with

2  the facts of the underlying litigation. *See, e.g., Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221

3  F.R.D. 523, 528 (C.D. Cal. 2004). Therefore, this factor supports approval.

### 7.  The Reaction of the Class Members to the Proposed Settlement

The deadline to object or opt-out was January 13, 2025. In response to 114,657 direct

postcard notices, no objections have been filed and only one Settlement Class Member has

requested exclusion. Fenwick Decl., ¶¶ 17-18. "It is established that the absence of a large number

of objections to a proposed class action settlement raises a strong presumption that the terms of a

proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms.*

*Coop.*, 221 F.R.D. at 529; 4 NEWBERG ON CLASS ACTIONS, § 11:48 (4th ed. 2002) ("Courts have

taken the position that one indication of the fairness of a settlement is the lack of or small number

of objections [citations omitted]").

### 8.  Lack of Collusion among the Parties

The Parties negotiated a substantial, multifaceted settlement, as described above. The

Parties did not negotiate attorneys' fees and the service award until after agreement on all

substantive portions of the class resolution had been reached, and both the class portion of the

resolution and the attorneys' fees and the service award were negotiated during numerous and

periodic arm's-length negotiations. Counsel MPA Decl. ¶ 28. Furthermore, Settlement Class

Counsel are well versed in handling data breach class actions such as this one and fully understand

the values recovered in similar cases. Thus, the Court can be assured that the negotiations were not

collusive.

### 9.  The Settlement Treats Settlement Class Members Equitably

Finally, under Rule 23(e)(2)(D), the court must confirm that the settlement treats all class

members equitably. Courts should consider "whether the apportionment of relief among class

members takes appropriate account of differences among their claims, and whether the scope of the

release may affect class members in different ways that bear on the apportionment of relief." Fed.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

-16-

R. Civ. P. 23(e), advisory comm.'s note (2018). In deciding whether this factor weighs in favor of approval, a Court must determine whether the Settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Hudson v. Libre Tech. Inc.*, WL 2467060, at *9 (S.D. Cal. May 12, 2020) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

Here, all Settlement Class Members benefit from the same relief, without preferential treatment. While Plaintiffs seek Court approval of a service award, as explained in detail in Plaintiffs' Motion for Attorneys' Fees, Costs , and Service Awards, the award of $2,500 per Plaintiff aligns with awards granted in similar cases and does not call into question Plaintiffs' adequacy or the validity of the Settlement. Therefore, this factor also weighs in favor of approval.

## VII.    **CONCLUSION**

For these reasons, Plaintiffs respectfully request this Court finally approve the settlement.

Date: March 4, 2025                          Respectfully submitted,

  _/s/ Gary M. Klinger_
Gary M. Klinger, Esq. (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
gklinger@milberg.com

John J. Nelson
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
402 W Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
*jnelson@milberg.com*

Scott Edward Cole, Esq. (S.B. # 160744)
Laura Van Note Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL

Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Gary M Klinger*
Gary M. Klinger

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT
Case No.  3:23-CV-01131-RFL