Scott Edward Cole, Esq. (S.B.# 160744)
Laura Van Note Esq. (S.B.# 310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
E: gklinger@milberg.com

*Interim Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORINNE WARREN, SUNNY LAI, AND DAVID KLEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>VS.<br><br>NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC.; INCLUSIVE,<br><br>DEFENDANT.<br><br>This Document Relates To: All Actions | Case No. 3:23-CV-01131-RFL<br><br>Hon. Rita F. Lin<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

Before the Court are Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion")[1] and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (the "Fees, Costs, and Service Awards Motion") (ECF No. 119). Having fully considered the issues, the Court hereby GRANTS both the Final Approval Motion and the Fees, Costs, and Service Awards Motion and orders as follows:

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Court's October 15, 2024 Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 110), the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice.

A Final Fairness Hearing was held on March 18, 2025. Prior to the Final Fairness Hearing, on December 27, 2024, Plaintiffs filed the Fees, Costs, and Service Awards Motion, and on March 4, 2025, Plaintiffs filed the Final Approval Motion. Counsel for the parties appeared [in person/via Zoom] and presented arguments in support of final approval of the Settlement.

Having heard the presentation of Class Counsel and Defendant's counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Fees, Costs, and Service Awards Motion, and having reviewed the materials in support thereof, for the reasons stated on the record during the Final Fairness Hearing and for good cause appearing,

---

[1] The terms of the settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 101) (the "Settlement").

2

**IT IS HEREBY ORDERED** that:

1. The Final Approval Motion and the Fees, Costs, and Service Awards Motion are **GRANTED** as stated herein.

2. The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

3. Jurisdiction: The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all parties thereto, including the Settlement Class.

4. The Settlement is Fair, Reasonable, and Adequate: The Court finds that the Settlement was entered into by the parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length negotiations conducted by experienced counsel with the assistance of a well-respected mediator, and is non-collusive.

5. Class Certification for Settlement Purposes Only: For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 114,657 people, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements,

so the Court will finally certify the Settlement Class. Defendant retains all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

6. Class Definition: The Court hereby certifies, for settlement purposes only, a Settlement Class defined as follows:

> All individuals within the United States of America whose PHI/PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about December 22, 2022.

7. Class Notice: The approved Notice Program provided for a copy of the Short Form Notice be mailed to all members of the Class who have been identified by Defendant through its records with a mailing address, and additional notice via the Long Form Notice posted on the Settlement Website for those whose mailing addresses were not available within Defendant's records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Short Form Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line with interactive voice response to address Settlement Class Members' inquiries.

8. Findings Concerning Notice: The Court finds and determines that the Notice Program, preliminarily approved on October 15, 2024, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via mail and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements

of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

9. Appointment of Class Representatives: The Court appoints John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Corrine Warren, Sunny Lai, and David Klein as Class Representatives of the Settlement Class pursuant to Federal Rules of Civil Procedure Rule 23(a).

10. Appointment of Class Counsel: The Court appoints Plaintiffs' attorneys Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Scott E. Cole of Cole & Van Note as Settlement Class Counsel.

11. Exclusion from Class: Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded or "opt out" from the Class. The one person who opted to be excluded from the Settlement shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Action.

12. Objections and Appearances: Any Class Member had the opportunity to enter an appearance in the Action, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. There were no objections filed in this case to either the Settlement or the attorneys' fees and expenses award. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

13. Release: Upon the entry of this Order, Plaintiffs and each of all the Settlement Class Members, and Plaintiff's Counsel shall have, fully, finally, and forever released, relinquished, and

discharged Nonstop of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Class Members who submit a timely and valid Request for Exclusion from the Settlement.

14. **Attorneys' Fees and Costs**: Class Counsel moved for an award of attorneys' fees and litigation expenses on December 27, 2024, which Defendant did not oppose. Class Counsel requested $533,333.33 in attorneys' fees and $14,696.96 in litigation costs. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through this litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are awarded attorneys' fees in the amount of $533,333.33 and litigation costs in the amount of $14,696.96. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

15. **Service Awards**: Plaintiffs moved for their Service Awards on December 27, 2024, which Defendant did not oppose. Plaintiffs each requested a service award of $2,500. The Court finds that Plaintiffs' requests for Service Awards are fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Plaintiffs' willingness to act as class representatives and assist Class Counsel in this litigation. Accordingly, Plaintiffs are each awarded a Service Award in the amount of $2,500. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

16. **Payment to Settlement Class Members**: The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an approved claim, for the attorneys' fees and costs, for the service awards, and for all settlement administration costs.

17. **Dismissal with Prejudice**: The above-captioned Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees. Without affecting the finality of the

1  Judgment hereby entered, the Court reserves jurisdiction over the implementation of the
2  Settlement, including enforcement and administration of the Settlement Agreement.
3         18.    Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF
4  NO. 124) and Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (ECF
5  NO. 119) are **GRANTED** and Final Judgment is hereby entered.
6         19.    The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending
7  motions as **MOOT**.

**IT IS SO ORDERED** this ___ day of _____, 2025.

_____
THE HONORABLE RITA F. LIN