Scott Edward Cole, Esq. (S.B. #160744)
Laura Van Note, Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email:      sec@colevannote.com
Email:      lvn@colevannote.com

Gary M. Klinger, Esq. (*pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email:      gklinger@milberg.com

*Interim Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORINNE WARREN, SUNNY LAI, AND DAVID KLEIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC., inclusive,<br><br>Defendant.<br><br>This Document Related To: All Actions | Case No. 3:23-cv-01131-RFL<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REPLYING TO A CLASS MEMBER OBJECTION TO PROPOSED SETTLEMENT**<br><br>Date:   March 18, 2025<br>Time:   1:30 P.M.<br>Ctrm.:  15 – 18th Floor<br>Judge:  Hon. Rita F. Lin |

    Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Corinne Warren, Sunny Lai and David Klein ("Plaintiffs") respectfully submit their reply to Mr. Brandon Michael Moore's objection to the proposed class action settlement now before the Court for final approval. Mr. Moore raises four interrelated issues in his objection to the settlement, none

of which are predicted on a sound legal basis sufficient to warrant rejection of final approval of the proposed class action settlement. Mr. Moore's objections include that cash compensation does not account for the potential and speculative risk of future harm, that the settlement must provide for a perpetual settlement fund to account for unrealized harm or, in the alternative, long-term credit monitoring, that Mr. Moore cannot achieve the relief he seeks by excluding himself from the settlement and that the settlement benefits are insufficient when weighed against the maximum recovery if Plaintiffs prevailed on each of their statutory causes of action at trial. As addressed below, each of these objections lacks merit and Mr. Moore's objection should be overruled.

## I. OBJECTION THAT THE SETTLEMENT DOES NOT ACCOUNT FOR SPECULATIVE FUTURE INJURIES

No settlement of this size and scope will satisfy each and every Class Member. To the extent that Mr. Moore is unhappy with the relief provided and believes he is entitled to additional compensation, he was afforded an opportunity to opt out of the Settlement and pursue his claims individually. *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 700 (S.D. Fla. 2014) ("[T]o the extent that these objectors believe that they are entitled to additional relief due to unique cases, they were entitled to opt out of the settlement."). Indeed, Mr. Moore speculates that, due to his unique circumstance as a prospective medical professional, he may be subject to future, but as of yet, unrealized risks particular to him. *See* ECF # 120 at ¶ 8 (positing that, if his PII/PHI is misused in the future, it could impair Mr. Moore's ability "to obtain gainful employment, attract, and retain patients, and otherwise freely engage in the practice of medicine"). Even setting aside the speculative nature of Mr. Moore's unrealized injuries "[t]hat a settlement could potentially have reached a more favorable result for certain individuals in the class does not demonstrate that the settlement is not fair, adequate, and reasonable." *Evans v. Linden Rsch., Inc.*, No. C-11-01078 DMR, 2014 WL 1724891, at *4 (N.D. Cal. Apr. 29, 2014).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## II. OBJECTION THAT THE SETTLEMENT DOES NOT PROVIDE A PERPETUAL SETTLEMENT FUND AND CREDIT MONITORING

Mr. Moore next argues that Class Members must be afforded with a perpetual fund from which to make claims for out-of-pocket losses or long-term credit monitoring. However, a perpetual settlement fund would be impossible to manage or to calculate distributions to claimants unless such a fund were imbued with an unlimited amount of money. "There is no question that in the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'" *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) (quoting Reports of the Conference for District Court Judges, 63 F.R.D. 231, 262 (1973).

In arguing the Settlement must afford long-term credit monitoring, Mr. Moore misunderstands a series of cases that hold costs incurred to purchase credit monitoring are cognizable as damages, not, as he suggests, that "credit monitoring has been determined to be **a necessary remedy to guard against future harm**." Compare Obj. at ¶ 10 (emphasis added); with *Castillo v. Seagate Tech., LLC*, No. 16-CV-01958-RS, 2016 WL 9280242, at *4 (N.D. Cal. Sept. 14, 2016); *Corona v. Sony Pictures Ent., Inc.*, No. 14-CV-09600 RGK EX, 2015 WL 3916744, at *3 (C.D. Cal. June 15, 2015); *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 613 F.Supp.3d 1284, 1296 (S.D. Cal. 2020); *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 918 (S.D. Cal. 2020).

Mr. Moore also selectively quotes from Cal. Civ. Code § 1798.2(d)(2)(G) to suggest that identity theft and credit monitoring services must be offered to Settlement Class Members "at no-cost," but omits the full text of the statute that states credit monitoring "shall be provided at no cost to the affected person for not less than 12 months," a condition already satisfied by Defendant's offer of 24 months of credit monitoring in its initial notice of the data breach. Indeed, the statutory language undermines Mr. Moore's argument that California law somehow requires credit monitoring be offered for a term that exceeds 12 months yet provides no support for the proposition that credit monitoring must be included as a Settlement benefit. *See* ECF # 120 at ¶¶ 12-13.

1  Mr. Moore then cites to *In re Yahoo! Inc. Customer Data Sec. Breach Litig.* to suggest the court disapproved of two years of credit monitoring. However, the settlement in *Yahoo!* was ultimately approved of as fair, reasonable, and adequate. No. 16-MD-02752-LHK, 2020 WL 4212811, at *11 (N.D. Cal. July 22, 2020), *aff'd*, No. 20-16633, 2022 WL 2304236 (9th Cir. June 27, 2022). Importantly, both the *Yahoo!* settlement's credit monitoring and the credit monitoring offered by Defendant Nonstop are for the same term-two years-as *Yahoo!* did not offer any credit monitoring in its initial breach notice. *See id.* ("class members in *Anthem* will likely receive six years of credit monitoring compared to the two years *Yahoo* Settlement Class Members will likely receive here."). Thus, while the *Yahoo!* court found that the *Anthem* settlement provided up to six years of credit monitoring, that factor was not dispositive in determining the adequacy of the settlement and certainly does not support the notion that the absence of credit monitoring requires this Court to reject final approval.

Accordingly, Mr. Moore has offered no support for his objection that the relief offered in this Settlement is inadequate or that Settlement Class Members must be afforded credit monitoring or a perpetual claims period in which to make claims for out-of-pocket losses.

### III. OBJECTION THAT EXCLUSION FROM THE SETTLEMENT IS UNTENABLE BECAUSE OF THE UNLIKELIHOOD OF ACHIEVING RELIEF THROUGH AN INDIVIDUAL EFFORT

Despite being afforded the opportunity to opt-out of the Settlement and to pursue his claims individually, Mr. Moore argues that excluding himself and pursuing his claims individually from the Settlement Class is untenable as individuals who opt out would incur significant personal expense to pursue their claims individually. Obj. at ¶ 20. However, "Federal courts routinely hold that the opt-out remedy is sufficient to protect class members who are unhappy with the negotiated class action settlement terms." *Eisen v. Porsche Cars of N.A.*, Inc., No. 2:11-cv-09405-CAS (FFMx), 2014 WL 439006, *8 (C.D. Cal. Jan. 30, 2014);

Moreover, Mr. Moore's argument that an individual action would face difficulties achieving adequate relief implicitly recognizes the risk inherent to complex class action cases and the benefits to class settlements. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 424 F.

Supp. 3d 456, 492 (E.D. La. 2020) ("The objectors who are unhappy with the amount of their estimated allocation had the right to opt-out of the Settlement and pursue their claims against Taishan in court. In not opting out, these objectors apparently recognize the inherent difficulties and uncertainties associated with pursuing this option, and their actions suggest that final approval of the Settlement is warranted.").

Accordingly, Mr. Moore could have opted out and assumed the risk of proceeding individually to achieve what he believes would be a superior result, but he elected not to on the basis that doing so would present individual difficulties. *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 497 (N.D. Ill. 2015) (overruling twenty (20) objections that claimed the settlement was inadequate because "[a] class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.").

### IV. OBJECTION THAT CLASS COUNSEL FAILED TO VIGOROUSLY PURSUE CLASS INTERESTS BY NOT ACHIEVING HIGHER MONETARY RECOVERY IN LIGHT OF THE AMOUNT POTENTIALLY AVAILABLE IF PLAINTIFFS PREVAILED AT TRIAL

Mr. Moore's final argument essentially boils down to an argument that the relief afforded to the Class is insufficient to fully compensate them for statutory damages potentially available if they were to prevail at trial. However, the flaw in Mr. Moore's argument is he presupposes that Plaintiffs would prevail at class certification, summary judgment and trial on their statutory causes of action. The argument also ignores that settlements are necessarily a creature of compromise, and that the very nature of settlement means that "no one can be expected to receive 100% recovery" *United States v. Par. of Orleans Criminal Sheriff*, No. CIV.A. 90-4930, 1997 WL 35215, at *4 (E.D. La. Jan. 27, 1997). Indeed, nowhere does Mr. Moore consider the risks and expenses of continued litigation and instead assumes Plaintiffs would prevail on all statutory causes of action. "If this action were to proceed to trial, the class would be subjected to the risk of receiving nominal recovery or being denied any recovery in this action. Resolving the action at this time saves the parties the expense of conducting further litigation and confers substantial benefit to the

1   class without being subjected to the risks inherent with proceeding to trial of the matter." *Rodriguez*
2   *v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 388 (E.D. Cal. 2018).

3         Nor does Mr. Moore's argument address cases in which final approval was granted on less
4   favorable terms than those presented for final approval here. *See Cochran v. Kroger Co.*, No. 5:21-
5   CV-01887-EJD, 2022 WL 2126696, at *2 (N.D. Cal. Mar. 24, 2022) (overruling objection that
6   settlement value was too low in a case asserting CMIA and CCPA claims and granting final
7   approval of a $5 million settlement of a data breach action involving approximately 3.82 million
8   class members with an average value per class member of $1.31); *Sherwood v. Horizon Actuarial*
9   *Services, LLC*, Case No. 1:22-cv-01495 (N.D. Ga. March 12, 2024)) (approving data breach
10  settlement with a common fund of $8,733,446.36 for 4,386,969 individuals with a CCPA payment
11  of $50); *see also e.g.*, *In Re: Hanna Andersson and Salesforce.com Data Breach Litigation*, Master
12  File No. 3:20-cv-00812-EMC (N.D. Cal.) (Granting final approval of a data breach settlement for
13  200,000 settlement class members with a common settlement fund of $400,000, providing for a
14  recovery of $2.00 per class member); *Pygin v. Bombas, LLC, et al.*, Case No. 20-cv-04412-JSW
15  (N.D. Cal., Nov. 29, 2021) (final approval of a settlement fund of $225,000.00 for a class of
16  approximately 83,000 persons, providing for a recovery of approximately $2.71 per class
17  member); *Gaston v. FabFitFun, Inc.*, 2:20-cv-09534-RGK-E (C.D. Cal., Dec. 6, 2019) (approving
18  a fund of $625,000 for a class of approximately 441,160, or a recovery of $1.42 per class member).

19        Ultimately, of the 114,617 Class Members to whom notices were sent, only Mr. Moore
20  objected, and only a single Class Member excluded himself from the Settlement. "Such low rates
21  of objections and opt-outs are 'indicia of the approval of the class.'" *In re Anthem, Inc. Data*
22  *Breach Litig.*, 327 F.R.D. 299, 320–21 (N.D. Cal. 2018) (quoting *Hughes v. Microsoft Corp.*, No.
23  98-CV-01646, 2001 WL 34089697, at *1, *8 (W.D. Wash. Mar. 26, 2001) (collecting cases); see
24  also *Sugarman v. Ducati N. Am., Inc.*, No. 10-CV-05246-JF, 2012 WL 113361, at *3 (N.D. Cal.
25  Jan. 12, 2012) (noting that objections from 42 of 38,774 class members—more than 0.1 percent—
26  is a "positive response"). Moreover, the claims rate here is an impressive 7.6% which, in
27  conjunction with the single objection and single exclusion, demonstrates the settlement was
28  overwhelmingly well-received and merits final approval.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court overrule Mr. Moore's objection and determine that the Settlement is fair, reasonable, and adequate and merits final approval.

Dated: March 13, 2025

Respectfully submitted,

*/s/ Scott Edward Cole*
Scott Edward Cole, Esq. (S.B. # 160744)
Laura Van Note Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com

Gary M. Klinger, Esq. (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

John J. Nelson
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: March 13, 2025                    /s/ *Scott Edward Cole*
                                         Scott Edward Cole, Esq.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-8-
PLAINTIFFS' SUPPLEMENTAL BRIEF REPLYING TO A CLASS MEMBER OBJECTION TO PROPOSED SETTLEMENT
Case No. 3:23-cv-01131-RFL