Scott Edward Cole, Esq. (S.B. #160744)
Laura Van Note, Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:      sec@colevannote.com
Email:      lvn@colevannote.com

Gary M. Klinger, Esq. (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email:      gklinger@milberg.com

*Interim Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRUTSMAN, AMIRA MARTZ, SIMCHA RINGEL, NAIOMI MARDEN, ALANA BALAGOT, CORINNE WARREN, SUNNY LAI, AND DAVID KLEIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC., inclusive,<br><br>Defendant.<br><br>This Document Related To: All Actions | Case No. 3:23-cv-01131-RFL<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:   March 18, 2025<br>Time:   1:30 P.M.<br>Ctrm.:  15 – 18th Floor<br>Judge:  Hon. Rita F. Lin |

## I.     INTRODUCTION

On October 15, 2024, this Court preliminarily approved the Settlement between Plaintiffs John Prutsman, Amira Martz, Simcha Ringel, Naiomi Marden, Alana Balagot, Corinne Warren, Sunny Lai and David Klein ("Plaintiffs") and Defendant Nonstop Administration and Insurance

1  Services ("Nonstop" or "Defendant"), and ordered that notice be given to the Class. *See* ECF # 101. Pursuant to the terms of the preliminarily approved Settlement Agreement, on December 27, 2025, Plaintiffs requested an award of $533,333.33 in attorneys' fees (i.e. one third of the gross settlement amount). *See* ECF # 119.

As this award is reasonable in light of Class Counsel's extensive work in prosecuting this case and delivering a Settlement that provides a remarkable recovery to Settlement Class Members, and justified by Class Counsel's lodestar, Plaintiffs respectfully request the Court grant this request.

## II.     LEGAL STANDARD

District courts may award attorneys' fees and costs to a prevailing plaintiff where "the successful litigants have created a common fund for recovery or extended substantial benefit to the class." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 275 (1975). Where counsel for a class seek fees from a common fund, courts within the Ninth Circuit have discretion to employ either the percentage-of-fund or the lodestar-multiplier method to determine whether the fee request is reasonable. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-49 (9th Cir. 2002); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998), overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

Most courts have found the percentage approach superior in cases with a common-fund recovery because it (i) parallels the use of percentage-based contingency fee contracts; (ii) aligns the lawyers' interests with that of the class in achieving the maximum possible recovery; and (iii) reduces the burden on the court by eliminating the detailed and time-consuming lodestar analysis. *See In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1374–77 (N.D. Cal. 1989); *Vinh Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving

1   the highest award for the class members, and reducing the burden on the courts that a complex
2   lodestar calculation requires.").

3   Here, Plaintiffs request the court apply the "percentage of the fund" method, awarding
4   Proposed Class Counsel $533,333.33 (one third of the gross settlement amount). However,
5   whether applying the percentage method or the lodestar method, "the most critical factor is the
6   degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Bluetooth*,
7   654 F.3d at 942 ("Foremost among these considerations . . . is the benefit obtained for the class.").

9   **III.    ARGUMENT**
10      **A.    The Settlement Provides a Remarkable Recovery**
11  Class Counsel's efforts generated an exceptional Settlement, which includes a $1.6 million
12  non-reversionary Settlement Fund as well as business practice changes by Defendant. As further
13  described in Representative Plaintiffs' Motion for Preliminary Approval (ECF # 101), the $1.6
14  million non-reversionary Settlement Fund was used to provide Participating Class Members who
15  submitted valid claims with (1) out-of-pocket loss reimbursement of up to $5,000, (2) cash
16  payments to California Settlement Class Members of up to $100, and (3) Alternative Cash
17  Payments of approximately $50 made from any money remaining in the Settlement Fund after
18  paying all other expenses and costs, subject to increase or decrease *pro rata* to expend all funds
19  remaining in the Settlement Fund.

20  Additionally, Defendant has already and will continue to invest in remedial measures that
21  provide an enormous benefit to *all* Class Members (and any individuals for whom Defendant stores
22  PII and PHI), regardless of whether they submitted a claim for other benefits. ECF # 119, Exhibit
23  1 ¶ 41.

24      **B.    The Requested Attorneys' Fee is Reasonable**
25  Plaintiffs' request of $533,333.33 (one third of the gross settlement amount) is reasonable
26  in light of an excellent Settlement of a risky and complex matter that provides substantial relief for
27  Class Members. Further, an application of the lodestar method confirms the propriety of Class
28  Counsel's request.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Since submitting their Motion for Attorneys' Fees and Costs on December 27, 2024, the total number of hours Class Counsel devoted to this case has increased to 992.9 total hours and the collective lodestar increased to $530,349.50.[1]

The attorneys' fees and costs that Class Counsel submitted for the Court's consideration include time devoted to:

- Engaging in extensive efforts to develop strategic plans to litigate this matter;
- Vetting potential representative plaintiffs;
- Self-organizing and consolidating all cases before this Court;
- Extensively researching and filing the consolidated Complaint;
- Opposing Defendant's motion to dismiss;
- Serving substantial written and third-party discovery;
- Negotiating and drafting ESI and Protective Orders with Defendants;
- Meeting and conferring regarding discovery disputes with defense counsel and negotiating agreements regarding discovery;
- Reviewing Defendant's production of documents;
- Coordinating with Representative Plaintiffs, providing discovery responses, and collecting documents and preparing them for production;
- Undertaking substantial investigation of the Data Breach and the corporate structure of Defendant;
- Preparing an extensive mediation brief and attending a private mediation before neutral Mr. Bennet G. Picker, Esq.;
- Negotiating the details of the Settlement Agreement over multiple months and securing preliminary approval of the Settlement;
- Responding to inquiries from Class Members after Class Notice was disseminated;
- Preparing for and attending the Final Approval hearing, including the research and drafting of the reply papers and responses to objections;
- Continuing to respond to myriad inquiries from Class Members;
- Overseeing the Settlement through final approval of distribution of the common fund; and

---

[1] See **Exhibits 1-5** attached hereto.

- Overseeing the claims administration process, including addressing any claim review issues and ensuring the offered benefits reach Class Members;

*See* ECF # 119, Exhibit 1 ¶ 58-59.

Counsel maintained contemporaneous, detailed time records billed in 6-minute increments. A table of each firms' total hours and fees incurred are as follows:

| Firm | Lodestar | Hours |
|---|---|---|
| Cole & Van Note[2] | $237,752.00 | 520.4 |
| Milberg Coleman Bryson Phillips Grossman, PLLC[3] | $175,825.50 | 291 |
| The Arnold Law Firm[4] | $69,106.00 | 106 |
| Strauss Borelli PLLC[5] | $23,363.00 | 40.1 |
| Markovits, Stock & DeMarco, LLC[6] | $24,303.00 | 35.4 |
| **Total** | $530,349.50 | 992.9 |

As of March 13, 2025, Plaintiffs' Counsel collectively spent 992.9 hours litigating this matter, for a total lodestar of $530,349.50. The lodestar amount may be adjusted by a risk multiplier, and/or "a multiplier that reflects 'a host of "reasonableness" factors.'" *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). An application of the "percentage of the fund" and lodestar method confirms the reasonableness of Class Counsel's request.

## IV.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court award Class Counsel $533,333.33 in attorneys' fees.

---

[2] A detailed task breakdown for CVN's lodestar is attached hereto as **Exhibit 1**.
[3] A detailed task breakdown for Milberg's lodestar is attached hereto as **Exhibit 2.**
[4] A detailed task breakdown for the Arnold Law Firm's lodestar is attached hereto as **Exhibit 3.**
[5] A detailed task breakdown for Strauss Borelli's lodestar is attached hereto as **Exhibit 4.**
[6] A detailed task breakdown for Markovits, Stock & DeMarco's lodestar is attached hereto as **Exhibit 5.**

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Dated: March 13, 2025

Respectfully submitted,

*/s/ Scott Edward Cole*
Scott Edward Cole, Esq. (S.B. # 160744)
Laura Van Note Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com

Gary M. Klinger, Esq. (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone:   (866) 252-0878
Email: gklinger@milberg.com

John J. Nelson
*jnelson@milberg.com*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941

*Attorneys for Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: March 13, 2025                    /s/ *Scott Edward Cole*
                                          Scott Edward Cole, Esq.